**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

AUG 0 7 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| IRMA DELEON and, | § | |
| ROSEMARY LARA, | § | |
|      Plaintiffs, | § | |
| | § | Civil Action No. **B-03-138** |
| vs. | § | |
| | § | |
| | § | **(Removed from the** |
| PARKE-DAVIS, A DIVISION OF THE | § | **138th Judicial District Court** |
| WARNER-LAMBERT COMPANY; | § | **of Willacy County)** |
| WARNER-LAMBERTCOMPANY; | § | |
| PFIZER, INC.; SANKYO PHARMA, | § | |
| INC.; SANKYO PARKE-DAVIS; | § | **Jury Demanded** |
| ALBERT SMITH, M.D. and | § | |
| JOHN W. KRISTENSEN, M.D. | § | |
|      Defendants. | § | |

**DEFENDANTS WARNER LAMBERT COMPANY LLC
AND PFIZER INC.'S NOTICE OF REMOVAL**

Defendants Warner-Lambert Company LLC (incorrectly named as "Warner-Lambert Company"),

on its own behalf and on behalf of its unincorporated Parke-Davis division ("Warner-Lambert"), and Pfizer

Inc. (incorrectly referred to as Pfizer, Inc.) ("Pfizer") remove this action to the United States District Court

for the Southern District of Texas, Brownsville Division, pursuant to 28 U.S.C. §§1332, 1441 & 1446,

respectfully showing:

**BACKGROUND**

**The Lawsuit**

1.      This is a pharmaceutical product liability case. Plaintiffs Irma DeLeon and Rosemary Lara

("Plaintiffs") contend that they suffered physical and emotional injuries as a result of using Rezulin, a

prescription medication which was manufactured by Warner-Lambert for the treatment of adult onset (type

2) diabetes.  Plaintiff Irma DeLeon alleges that she was prescribed Rezulin to treat her diabetes by defendant Albert Smith, M.D.  *See* PLAINTIFFS' ORIG. PET. at p. 4.  Plaintiff Rosemary Lara alleges that she was prescribed Rezulin to treat her diabetes by defendant John W. Kristensen, M.D. *Id.*

2.    Plaintiffs allege claims for strict product liability, negligence, breach of implied warranty, negligent misrepresentations, and fraud and deceit against Warner-Lambert, Pfizer, Sankyo Pharma Inc., and Sankyo Parke-Davis (collectively referred to as the "Pharmaceutical Defendants").  *See generally* PLAINTIFFS' ORIG. PET. at pp. 5-15.  Plaintiffs also assert negligence and misrepresentation claims against Drs. Smith and Kristensen.  *Id.* at pp. 16-17.

3.    Plaintiffs claim to have suffered physical and emotional injuries as a result of their use of Rezulin and have prayed for actual and exemplary damages.  *Id.* at pp. 4, 18.

4.    This action was originally filed in the 138th Judicial District Court of Willacy County, Texas on or about May 29, 2003.  The case was numbered and styled by that court as Cause No. 03-159; *Irma DeLeon and Rosemary Lara v. Parke-Davis, a Division of the Warner-Lambert Company; Warner-Lambert Company; Pfizer, Inc.; Sankyo Pmarma, Inc.; Sankyo Parke-Davis; Albert Smith, M.D.; and John W. Kristensen, M.D.*  Sankyo Pharma Inc. was served with Plaintiffs' Original Petition through its registered agent for service of process in Texas, CT Corporation, on or after July 16, 2003.

## The Parties

5.    Plaintiff Irma DeLeon is and was at the time this lawsuit was commenced, a resident of Willacy County, Texas.  PLAINTIFFS' ORIG. PET. at p 1.  Upon information and belief, Irma DeLeon is also a citizen of the State of Texas.

6.    Plaintiff Rosemary Lara is and was at the time this lawsuit was commenced, a resident of Willacy County, Texas. PLAINTIFFS' ORIG. PET. at p 1. Upon information and belief, Rosemary Lara is also a citizen of the State of Texas.

7.    Defendant Warner-Lambert Company LLC is, and was at the time this action was commenced, a Delaware limited liability company with its primary member (shareholder) located in New York. Parke-Davis is an unincorporated division of Warner-Lambert Company LLC and is not an independent business entity.

8.    Defendant Pfizer Inc. is, and was at the time this action was commenced, a Delaware corporation with its principal place of business in New York.

9.    Defendant Sankyo Pharma Inc. is, and was at the time this action was commenced, a Delaware Corporation with its principal place of business in New Jersey.

10.    Defendant Sankyo Parke-Davis is, and was at the time this action was commenced, a partnership (organized under the laws of New York) in dissolution between Warner-Lambert and Sankyo Pharma, Inc. with its principal place of business in New Jersey.

11.    Defendant Albert Smith, M.D. ("Dr. Smith"), is, and was at the time this lawsuit was commenced, a resident and citizen of Texas.

12.    Defendant John W. Kristensen, M.D. ("Dr. Kristensen"), is, and was at the time this lawsuit was commenced, a resident and citizen of Texas.

## BASIS FOR REMOVAL

### Diversity Jurisdiction

13.    This action could have originally been brought in federal court on the basis of diversity of

citizenship among the parties because:

      (a)    The plaintiffs are and were at the time suit was filed a residents
and citizens of Texas (*See* PLAINTIFFS' ORIG. PET. at p. 1);

      (b)    all properly joined defendants are businesses organized under the
laws of states other than Texas which maintain their principal
offices in states other than Texas; and

      (c)    the amount in controversy in this case exceeds $75,000, exclusive
of interest and costs.

*See* 28 U.S.C. §1332(a).

14.    Removal is proper under federal law because this is a civil action brought in state court over

which the federal court has original jurisdiction based on diversity of citizenship. 28 U.S.C. §1441.

15.    Removal is timely because the case has been removed within 30 days of the date that any

defendant was first served with a copy of Plaintiffs' Original Petition. 28 U.S.C. §1446(a).

16.    The United States District Court for the Southern District of Texas embraces the county

in which the state court action is now pending and, thus, this Court is a proper venue for removal of this

action pursuant to 28 U.S.C. §124(b).

### Fraudulent Joinder of Drs. Smith and Kristensen

17.    In their petition, plaintiffs repeatedly allege that the Pharmaceutical Defendants failed to

warn or failed to properly and adequately notify, inform and warn that Rezulin was defective and

unreasonably dangerous. Among other things, the plaintiffs allege that the Pharmaceutical Defendants knew

that Rezulin would cause severe liver damage or even death to its users. PLAINTIFFS' ORIG. PET. at pp. 10-

11. Plaintiffs further allege that the Pharmaceutical Defendants consciously ignored and understated the

health risks associated Rezulin and failed to advise or warn the public, doctors, hospitals, or clinics that

there were special risks associated with Rezulin. *Id.* at p. 9, ¶27. Particularly, the Plaintiffs allege that the

Pharmaceutical Defendants are liable for the following:

> Distributing and selling [Rezulin] not accompanied by adequate warnings
> of the dangers that were known or knowable at the time of marketing. *Id.*
> at p. 6, ¶16.c.

> Negligently and carelessly failing to warn the consuming public of the
> unreasonably dangerous defects associated with said drug after said
> Defendants had knowledge of the same, thereby breaching the continuing
> duty to warn. *Id.* at p. 7, ¶18.d.

> [Engaging] in a strategy to promote and sell [Rezulin] although [they]
> knew, or should have known, that dangerous risks were associated with
> [its] use and [proceeding] with the manufacture and sale of [Rezulin]
> [permitting] it to be advertised, promoted and sold without adequate
> warnings as to the serious side effects and dangerous risks to the
> consuming public. *Id.* at p. 8, ¶25.

> Falsely and fraudulently [marketing] and [advertising] Rezulin as a safe
> once a day drug that could result in some people eventually being able to
> stop using insulin. *Id.* at p. 10, ¶37.a.

> [Preparing] or [causing] to be prepared warnings and instructions on the
> use of Rezulin which were false and misleading. *Id.* at p. 10, ¶37.b.

> ***Falsely and fraudulently [representing] to physicians, pharmacists
> and others authorized to dispense the Rezulin drug,*** Plaintiffs and
> members of the general public, that despite reports from various sources
> that the Rezulin drug was unreasonably dangerous to its users, the drug
> was in fact safe.... *Id.* at p. 11, ¶37.c.

---

Fraudulently [representing] to Plaintiffs and the public that Rezulin could be safely taken with regular monitoring of liver functions, while knowing from data and information they had obtained or generated... that the monitoring of liver function through monthly blood tests was insufficient to save them patients [sic] from injury and/or sudden death..... *Id.* at pp. 13-14, ¶37.n.

18.    Despite these allegations that the Pharmaceutical Defendants failed to warn or properly and adequately notify and inform prescribers and consumers of the alleged defective and unreasonably dangerous nature of Rezulin, Plaintiffs nevertheless allege, *inter alia,* that Drs. Smith and Kristensen were negligent in selecting Rezulin for use by the Plaintiffs, in prescribing Rezulin to the Plaintiffs, and in failing to properly inform and advise the Plaintiffs about the potential risks and hazards of Rezulin. *Id.* at p.17, ¶50.

19.    As can be seen from the allegations set forth above and as is apparent from reading Plaintiffs' petition, Plaintiffs do not allege a single case specific fact relevant to Plaintiffs, relevant to Drs. Smith or Kristensen, or relevant to Drs. Smith or Kristensen's care and treatment of the Plaintiffs. For example, the Plaintiffs do not allege basic information such as the dates that Drs. Smith or Kristensen allegedly treated Plaintiffs, when Plaintiffs allegedly took Rezulin or any case specific details regarding Plaintiffs' various medical conditions or the alleged actions of Drs. Smith or Kristensen.

20.    In light of the tenor of the Plaintiffs' allegations, Drs. Smith and Kristensen have been fraudulently joined because Plaintiffs' conclusory allegations against Dr. Smith and Kristensen fail to provide sufficient notice of the claims being asserted against them. *See In re: Rezulin Prods. Liab. Litig.* 2003 WL 43356 (S.D.N.Y. Jan. 6, 2003) ("PTO-122"); *In re: Rezulin Prod. Liab. Litig.* 2002 WL 31852826 (S.D.N.Y. Dec. 18, 2002) ("PTO-121"). ("the main tenor of plaintiffs' complaints [in the

Rezulin MDL proceeding] is that Rezulin was an unsafe drug and that the manufacturers concealed its risks from the public, physicians, and others...an entirely conclusory allegation that the physicians failed to warn is insufficient.") *See also In re: Baycol Prod. Liab. Litig.*, 2003 WL 21223842 (D. Minn May 27, 2003) ("... the main thrust of this action is that the Baycol Defendants misrepresented Baycol's risks and failed to adequately warn of such risks. Plaintiffs have not included any factual assertions in their Complaint to support the conclusory allegation that [the doctor] knew or should have known of Baycol's risks. Their conclusory allegations, however, will not defeat a finding of fraudulent joinder.") For these reasons, Drs. Smith and Kristensen were fraudulently joined.

21.    Moreover, Plaintiffs' assertions as to the alleged conduct of the Pharmaceutical Defendants on the one hand and the alleged conduct of Drs. Smith and Kristensen on the other, are fundamentally irreconcilable theories of liability that cannot co-exist. Specifically, it is impossible that Drs. Smith and Kristensen either "knew or should have known" of potential side effects of an FDA-approved drug if Plaintiffs' assertions that Pharmaceutical Defendants failed to warn or failed to properly and adequately notify, inform, or warn of the alleged dangers of Rezulin are taken as true.

22.    Federal courts have ruled, in the context of pharmaceutical product liability cases, that such inconsistent pleading practices are tantamount to fraudulent joinder. In *Louis v. Wyeth-Ayerst Pharmaceuticals*, No. 5:00CV102LN (W.D.Miss. Sept. 25, 2000), the court found that several non-diverse pharmacies had been fraudulently joined as defendants in light of the plaintiffs' "specific allegations of concerted, unabated fraud and concealment by the manufacturer defendants from virtually everyone":

> [T]he complaint, the major theme of which is the manufacturers'
> intentional concealment of the true risks of the drug(s), coupled with

dissemination through various media of false and misleading information of the safety of the drug(s) at issue, belies any suggestion of knowledge, or reason to know by these resident defendants. According to the lengthy and extremely detailed factual allegations of the complaint, the product manufacturers had knowledge from numerous sources that the drug(s) at issue was unsafe, yet they, in the face of this knowledge, not only concealed this information, but affirmatively misrepresented to the FDA, to the public, to consumers, to the plaintiffs, to pharmacists, to dispensing entities . . . that the product was safe. **In the face of plaintiffs' specific allegations of concerted, unabated fraud and concealment by the manufacturer defendants from virtually everyone, including pharmacists, no factual basis can be drawn from plaintiffs' complaint for their entirely general and conclusory charge that these "defendants knew or had reason to know of the risks." Even assuming, then, for the sake of argument, that under Mississippi law, there exists the possibility that a viable cause of action could be maintained against a pharmacist who had knowledge of risks associated with a particular drug or drugs which he failed to disclose to his customer, the plaintiffs herein have failed to properly plead such a claim.** Accordingly, the court concludes that the pharmacy defendants have indeed been fraudulently joined.

*Louis*, slip op. at pp. 5-9 (citing *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 392-93 (5th Cir. 2000))

(emphasis added). (A copy of the slip opinion in *Louis* is attached as Exhibit "A".)

  23. Judge Louis Kaplan, the presiding judge in the consolidated Rezulin Multi-District

proceedings, addressed this issue in *In re Rezulin Prods. Liab. Litig.*, 133 F.Supp.2d 272 (S.D.N.Y.

2001) ("*Rezulin I*"):

> Plaintiffs . . . allege that the defendant manufacturers and sales representatives "sought to minimize the growing awareness of the drug's harmful effects, by representing to the plaintiff, general public, physicians, and others authorized to dispense said drug, that Rezulin was safe . . ." and that the defendant manufacturers and sales representatives "falsely and fraudulently represented to . . . pharmacists . . . that despite reports from various sources that the Rezulin drug was unreasonably dangerous to its users, the drug was in fact safe . . . ." **Thus, the theory underlying the**

> **complaints is that the manufacturer defendants hid the dangers of Rezulin from plaintiffs, the public, physicians, distributors, and pharmacists – indeed, from everyone. Plaintiffs' allegations that pharmacists knew and failed to warn of the dangers therefore are purely tendentious.**

*Id.* at 290 (italics and footnotes omitted) (bold added). Based on the rationale applied by the courts in *Louis* and *Rezulin I*, a number of federal courts in Texas have either denied remand or have stayed similar cases pending transfer to the MDL. For example, The Hon. Lynn Hughes has refused to remand Rezulin actions that Warner-Lambert removed to the Southern District of Texas' Houston Division on similar grounds. *See, e.g., Gibson v. Jeffery Rochen, M.D. et al.*, C.A. No. 01-CV-4243 (S.D.Tex. Jan. 8, 2002) (denying remand); *Abrigo v. Warner-Lambert Company et al.*; C.A. No. 02-CV-790 (S.D.Tex. March 18, 2002) (staying case pending final transfer to the Rezulin MDL); *Martin v. Warner-Lambert Company et al.*; C.A. No. 02-CV-791 (S.D.Tex. March 18, 2002) (same); *Doker v. Warner-Lambert Company et al.* No. H-02--CV-791 (S.D.Tex. April 18, 2002) (same). Additionally, remand has been denied by other Texas federal court judges. *See, e.g.,* Judge Head (*Ramirez v. Warner-Lambert Company, et al.*, Case No. C-20-CV-75 (S.D.Tex. May 10, 2002) and Judge Hoyt (*Branford v. Warner-Lambert et al.*; Case No. 02CV1649 (S.D.Tex. June 7, 2002); *Calton v. Warner-Lambert Company et al.*, Case No. H-02-0788 (S.D.Tex. June 12, 2002). *See also* cases cited *infra.* The current case contains inconsistent pleading practices and fraudulent joinder issues virtually identical to the issues that were presented to these courts and that were addressed by the courts in the *Louis* and *Rezulin*

*I* opinions. For the reasons discussed in those opinions, Drs. Smith and Kristensen have been fraudulently joined.[1]

24.    In addition, the Plaintiffs' petition fails to provide dates for the alleged acts or omissions on the part of Drs. Smith and Kristensen about which they complain. To the extent that the Plaintiffs' claims against Drs. Smith and Kristensen are barred by the applicable limitations period, Drs. Smith and Kristensen are fraudulently joined.

### Amount in Controversy

25.    It is facially apparent that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs. *See De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)(if it is "facially apparent" from the state court petition that the amount in controversy exceeds the jurisdictional minimum requirement, then defendant need only point such fact out to successfully bear its burden); *see also Carahan v. Southern Pacific R.R. Transp. Co.*, 914 F.Supp. 1430, 1431 (E.D. Tex. 1995). In their petition, Plaintiffs allege that they sustained physical and emotional injury as a result of their use of Rezulin. *See* PLAINTIFFS' ORIG. PET. at pp. 4, 6-7. The preponderance of the evidence is that the amount in controversy exceeds $75,000. *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)

---

[1]    In *Barragan v. Warner-Lambert Company et al.*, 216 F. Supp. 2d 627 (W.D. Tex. 2002), Judge Briones granted remand in a similar Rezulin case finding that the plaintiff had stated a medical malpractice claim against the non-diverse physician defendant that prescribed Rezulin to the plaintiff. Removal is proper here because the MDL judge handling all of the federal Rezulin actions (and other Texas courts) have denied remand in other Rezulin actions presenting the same issue. *Rezulin I*, 133 F. Supp. 2d at 290, 295. *Accord, In re Rezulin Prods. Liab. Litig., Pretrial Order No. 89* (S.D.N.Y. July 25, 2002). Under the case law, emphasizing the need for consistency in MDL proceedings, Judge Kaplan's decisions and other Texas courts' decisions applying *Louis* should be applied consistently in all Rezulin actions. Also, Judge Briones' remand occurred before he had the benefit of the most recent MDL decisions pertaining to this issue and before he had the benefit of opinions form other courts applying this rationale. *See supra*.

($75,000 jurisdictional minimum was facially apparent from the allegations of the complaint where plaintiff alleged that after the defendant lost plaintiff's heart medication, plaintiff became ill, suffered pain and humiliation, experienced a temporary inability to do housework and incurred unspecified ambulance expenses, hospitalization expenses, property damage and travel expenses); *see also In re: Norplant Contraceptive Products Liability Litigation*, 918 F.Supp. 178, 180 (E.D.Tex. 1996) (jurisdictional minimum was facially apparent from the plaintiffs' allegations concerning the serious nature of their alleged injuries from the Norplant Contraceptives).

## OTHER MATTERS

### State Court Notification

26.    Pursuant to 28 U.S.C. §1446(d), a copy of this notice is being served on all counsel of record, and with the clerk of the Willacy County district court. (A copy of the state court notification of removal is attached as Exhibit "B".)

### Consent to Removal

27.    Sankyo Pharma Inc. and Sankyo Parke-Davis consent to this Removal. *See* Exhibits "C" and "D". The consent of the fraudulently joined defendants is not required for removal. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2 812, 815 (5th Cir. 1993) (stating that it is "nonsensical" to require consent from improperly joined parties).

### Local Rules

28.    Pursuant to Local Rule 81, the following documents are hereby being provided to the clerk for filing in connection with this notice of removal:

     (a)     all executed process in the case (Exhibit "E");

     (b)     all pleadings asserting causes of action, *e.g.* petitions, counterclaims, cross

actions, third-party actions, interventions, and all answers to such

pleadings (Exhibit "F");

     (c)     all orders signed by the state judge (Exhibit "G");

     (d)     the state court docket sheet (Exhibit "H");

     (e)     an index of matters being filed (Exhibit "I"); and

     (f)     a list of all counsel of record, including addresses, telephone numbers, and

parties represented (Exhibit "J").

### Notice of Pendency of MDL Proceedings

29.    On June 9, 2000, the Judicial Panel on Multidistrict Litigation ("Judicial Panel") issued its

order establishing the Multidistrict Litigation ("MDL") for all Rezulin lawsuits pending in the federal courts,

and transferring all such cases to the United States District Court for the Southern District of New York.

(A copy of the order is attached as Exhibit "K".)   The Defendants intend to notify the Judicial Panel,

pursuant to 28 U.S.C. §1407, that this action is a "tag-along" case that should be transferred to the Rezulin

MDL proceeding.

30.    Under the governing federal case law, the purpose of 28 U.S.C. §1407 is to avoid

inconsistency. *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990).  In the event of a motion to remand, the Court

should defer ruling to insure uniformity and efficiency in the multi-district litigation.  Deferral would be

consistent with prior decisions of federal courts in Texas, in this District, and throughout the country in other

Rezulin actions. *Marza v. Warner-Lambert Co.,* No. 02-492 (S.D. Tex. July 26, 2002); *Cynthia Hernandez v. Warner-Lambert Co.,* No. 02-208 (S.D. Tex. July 12, 2002); *Vela v. Warner-Lambert Co.,* No. 02-162 (S.D. Tex. July 12, 2002); *Allen v. Warner-Lambert Co.,* No. 02-291 (S.D. Tex. June 17, 2002); *Brown v. Warner-Lambert Co.,* No. 02-272 (S.D. Tex. June 14, 2002); *Benson v. Warner-Lambert Co.,* No. 02-149 (S.D. Tex. May 14, 2002); *Ramirez v. Warner- Lambert Co.,* No. 02-075 (S.D. Tex. May 10, 2002); *Doker v. Warner-Lambert Co.,* No. 02-1314 (S.D. Tex. Apr. 18, 2002); *Williams v. Warner-Lambert Co.,* No. 02-789 (S.D. Tex. Mar. 21, 2002); *Abrigo v. Warner-Lambert Co.,* No. 02-790 (S.D. Tex. Mar. 18, 2002); *Martin v. Warner-Lambert Co.,* No. 02-791 (S.D. Tex. Mar. 18, 2002).

## CONCLUSION AND PRAYER

Defendants Warner-Lambert Company LLC, on its own behalf and on behalf of its unincorporated Parke-Davis division, and Pfizer Inc. hereby remove this case to federal court. Warner-Lambert and Pfizer pray for any and all other relief to which they are entitled.

Respectfully submitted,

Jack E. Urquhart
Texas Bar No. 20415600
Federal I.D. 2082

*By permission*
*Mark Jack Austin*
*TX Bar No 00787798*

**ATTORNEY-IN-CHARGE FOR DEFENDANTS
WARNER-LAMBERT COMPANY LLC, ON ITS OWN
BEHALF AND ON BEHALF OF ITS UNINCORPORATED
PARKE-DAVIS DIVISION, AND PFIZER INC.**

**Of Counsel:**

BEIRNE, MAYNARD & PARSONS, L.L.P.
1300 Post Oak Blvd., Suite 2500
Houston, TX 77056-3000
Telephone: (713) 623-0887
Facsimile: (713) 960-1527

David C. Garza
Texas Bar No. 07731400
Federal I.D. 3778
GARZA & GARZA, L.L.P.
680 East St. Charles, Suite 300
Brownsville, TX 78522
Telephone: (956) 541-4914
Facsimile: (956) 542-7403

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Notice of Removal was served by certified mail, return receipt requested, on the following known counsel of record on August 6th, 2003.

Michael T. Gallagher, Esq.
John H. Kim, Esq.
GALLAGHER, LEWIS, DOWNEY & KIM
700 Louisiana Street, 40th floor
Houston, TX 77002

Darrell L. Barger, Esq.
Ann Hennis, Esq.
Kristina Fernandez, Esq.
HARTLINE, DACUS, BARGER, DREYER & KERN, L.L.P.
800 North Shoreline Boulevard, Suite 200--North Tower
Corpus Christi, TX 78401

Philipa M. Remington, Esq.
Russell G. Thornton, Esq.
Thomas P. Sullivan, Esq.
STINNETT THIEBAUD & REMINGTON, L.L.P.
4800 Fountain Place
1445 Ross Avenue
Dallas, Texas 75202

MARIA JORIK COURTOIS

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IRMA DELEON and, | § | |
| ROSEMARY LARA, | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | Civil Action No. **B-03-138** |
| | § | |
| | § | **(Removed from the** |
| PARKE-DAVIS, A DIVISION OF THE | § | **138th Judicial District Court** |
| WARNER-LAMBERT COMPANY; | § | **of Willacy County)** |
| WARNER-LAMBERTCOMPANY; | § | |
| PFIZER, INC.; SANKYO PHARMA, | § | |
| INC.; SANKYO PARKE-DAVIS; | § | **Jury Demanded** |
| ALBERT SMITH, M.D. and | § | |
| JOHN W. KRISTENSEN, M.D. | § | |
| Defendants. | § | |

## INDEX OF MATTERS BEING FILED

*Louis v. Wyeth-Ayerst Pharmaceuticals*, No. 5:00CV102LN
   (W.D.Miss. Sept. 25, 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit A

State Court Notification . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit B

Consent to Removal of Sankyo Pharma Inc. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit C

Consent to Removal of Sankyo Parke-Davis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit D

All Executed Process on File . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit E

All Pleadings Asserting Causes of Action and
   All Answers to Such Pleadings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit F

All Orders Signed by the State Judge . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit G

State Court Docket Sheet . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit H

Index of Matters Being Filed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit I

List of All Counsel of Record . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit J

Order Establishing the Judicial Panel on Multi-District Litigation (MDL 1348) . . . . . . Exhibit K

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

MARGIE LOUIS, PEARLIE COX, MARY
DOTTOREY, OTIS ABRON, GLORIA LOTT,
EARL PIGG, MARION WEATHERS AND KATHY
ROBERTS

                                                              PLAINTIFFS

VS.                                        CIVIL ACTION NO. 5:00CV102LN

WYETH-AYERST PHARMACEUTICALS. INC. F/K/A
WYETH-AYERST LABORATORIES, A DIVISION OF
AMERICAN HOME PRODUCTS, INC.; WYETH
LABORATORIES. INC., A.H. ROBBINS COMPANY.
INC., AMERICAN HOME PRODUCTS, INC.
POLK'S DISCOUNT DRUGS, INC.; ECONOMY DRUG
STORE, INC.; BRANDON DISCOUNT DRUGS, INC.;
KING'S DISCOUNT DRUGS, INC.; FORREST BRATLEY,
JR.; SUSAN BODNE; CHRIS L. LUCKETT; LESTER A.
LALA; CHARLES CARTER, JR.; GINA SABBATINI;
SCOTT M. BOONE; VICTOR E. RUSSELL; JIMMY ROBINSON,
JR.; JEWELL E. NORMAN; MCR PHARMACEUTICALS INC.,
A/K/A AMERICAN PHARMACEUTICALS, INC. A/K/A
MCR/AMERICAN PHARMACEUTICALS, INC.; JONES
MEDICAL INDUSTRIES, A/K/A ABANA PHARMACEUTICALS,
INC.; QUALITEST PRODUCTS, INC.; SEATRACE
PHARMACEUTICALS, INC.; EON LABS MANUFACTURING,
INC.; FISONS CORPORATION; GATE PHARMACEUTICALS;
INTERNEURON PHARMACEUTICALS, INC.; MEDEVA
PHARMACEUTICALS, INC.; RUGBY LABORATORIES,
INC.; SMITHKLINE BEECHAM CORPORATION;
AND ECKERD CORPORATION                                         DEFENDANTS

<u>ORDER</u>

    This cause is before the court on the motion of plaintiffs to
remand this case to the Circuit Court of Claiborne County,
Mississippi. Defendants have responded in opposition to the motion
and the court, having considered the memoranda of authorities
submitted by the parties in the light of plaintiffs' complaint in
this cause, concludes for reasons to follow that plaintiffs' motion
should be denied.

    Plaintiffs. like many others throughout this country, brought
this action to recover damages for injuries they claim to have

AO 72A
(Rev.8/82)

suffered as a result of their taking the diet drugs Pondimin, Redux (also known by fenfluramine and dexfenfluramine, respectively) and/or Phentermine.  The plaintiffs herein, Mississippi residents, filed their suit in Mississippi state court, and in addition to suing the manufacturers of these drugs, all of which are of diverse citizenship from plaintiffs, and another diverse company, Eckerd Corporation, which is alleged to have distributed, marketed and promoted these drugs, plaintiffs sued a number of Mississippi pharmacies (Polk's Discount Drugs, Inc., Economy Drugs of Greenwood, Inc., Liberty Drug Store, Brandon Discount Drugs, Inc. and King's Discount Drugs) and a multitude of other Mississippi residents (Forest Bratley, Jr., Susan Bodne, Chris L. Luckett, Lester A. Lala, Charles Charter, Jr., Gina Savatini, Scott M. Boone, Victor E. Russell, Jimmy L. Robinson, Jr. and Jewell E. Norman) who were employed as sales representatives for one or another of the defendant drug companies.  Defendants, contending that all of the Mississippi defendants were fraudulently joined, removed the case to this court on the basis of diversity of citizenship, following which plaintiffs filed their present motion to remand.

The standard for evaluating claims of fraudulent joinder is, of course, well known by all of the parties, as well as by the court; and the court, having given due consideration to that standard on the basis of the complaint filed by plaintiffs in this cause, concludes that plaintiffs have no possibility of recovery against any of the nondiverse defendants.

2

The complaint filed by plaintiffs in this cause includes, so far as the court can tell, ten counts, numbered and headed as follows:

    Count I:   Strict Product Liability
    Count II:  Failure to Warn
    Count IV:  Negligence
    Count I:   Strict Product Liability (Defective Design) Against
               the ABP Defendants
    Count II:  Strict Product Liability (Failure to Warn) Against
               All Defendants
    Count III: Negligence Against All Defendants
    Count IV:  Fraud and Misrepresentation Against All Defendants
    Count V:   Wantoness
    Count VI:  Fraud, Misrepresentation and Suppression
    Count VI:  Conspiracy[1]

A premise of each count that can reasonably be construed as having been asserted against the resident pharmacy defendants[2] is knowledge on the part of these defendants of the dangers posed by

---

[1]    It appears that plaintiffs may have taken two complaints from other cases and attempted to combine them into a single complaint, amending the content as needed for this case. That would explain why they have asserted their causes of action in this duplicate fashion, and why the complaint begins on page one, continues through page 19 (skipping page 18), and then picks up on a new and different page 2 and continues on through page 64, and contains two sections (each somewhat different) for each of the headings, "Parties", "Jurisdiction" and "General Allegations"/"Factual Allegations."

[2]    Plaintiffs' claims of wantoness and conspiracy, while nominally asserted against "defendants", is clearly not directed toward the pharmacy defendants, as the substance of these counts utterly belies any conclusion that these defendants are a target of these counts. See Badon v. RJR Nabisco Inc., No. 98-30942, 2000 WL 115424, at *7 (5th Cir. Aug. 16, 2000) (noting that "[w]hile the amended complaint does often use the word `defendants,' frequently it is evident that such usage could not be referring to the `Tobacco Wholesalers.'").

AO 72A
(Rev 8/82)

the subject drugs.[3]  Yet, and notwithstanding the fact that the

complaint in places may allege or allude generally to knowledge

possessed by the "defendants,"[4] it is plain that the complaint on

the whole cannot reasonably and legitimately be construed as

alleging any factual basis for the conclusion that any of the

---

[3]    Generally speaking, under Mississippi's Products
Liability Act, Miss. Code Ann. § 11-1-63, liability of a product
seller may be based on a theory of defective design or inadequacy
of warning/failure to warn.  Either theory requires proof of
knowledge on the part of the seller.  See Miss. Code Ann. § 11-1-
63(f) ("In any action alleging that a product is defective because
of its design . . . the manufacturer or product seller shall not be
liable if the claimant does not prove by the preponderance of the
evidence that at the time the product left the control of the
manufacturer or seller; (i) [t]he manufacturer or seller knew, or
in light of reasonably available knowledge or in the exercise of
reasonable care should have known, about the danger for which
recovery is sought. . . ."); Miss. Code Ann. § 11-1-63(c)(1) ("In
any action alleging that a product is defective because it failed
to contain adequate warnings or instructions . . . the manufacturer
or seller shall not be liable if the claimant does not prove by a
preponderance of the evidence that at the time the product left the
control of the manufacturer or seller, the manufacturer or seller
knew or in light of reasonably available knowledge should have
known about the danger that caused the damage for which recovery is
sought. . . .").  Thus, even if the "learned intermediary"
doctrine, which is incorporated into the statute, see Miss. Code
Ann. § 11-1-63(c)(ii), were not an impediment to recovery, the
absence of an allegation that a defendant knew, or had reason to
know, of the product defect dooms any claim for defective design or
lack of adequate warning.  Likewise, knowledge, or a reason to
know, is also a necessary requisite for any claim of failure to
warn or negligence that a plaintiff might undertake to assert
extraneous to a claim under the Products Liability Act itself
(assuming solely for the sake of argument that such a claim could
exist).  An essential element of a claim of fraud is knowledge of
the falsity of the representation; and regarding any claim of
omission of facts, a person obviously cannot disclose what he does
not and cannot know.

[4]    They allege, for example, that the drugs "were marketed
to be used in combination which was known to the Defendants to
cause harmful side effects which outweighed any potential utility."

4

AO 72A
(Rev.8/82)

pharmacy defendants had any knowledge or reason to know of any of
the dangers associated with the product(s) of which plaintiffs
contend they were unaware. Quite to the contrary, the complaint,
the major theme of which is the manufacturers' intentional
concealment of the true risks of the drug(s), coupled with
dissemination through various media of false and misleading
information of the safety of the drug(s) at issue, belies any
suggestion of knowledge, or reason to know by these resident .
defendants. According to the lengthy and extremely detailed
factual allegations of the complaint, the product manufacturers had
knowledge from numerous sources that the drug(s) at issue was
unsafe, yet they. in the face of this knowledge, not only concealed
this information, but affirmatively misrepresented to the FDA, to.
the public, to consumers, to the plaintiffs, to pharmacists, to
dispensing entities, and even to AHP's own business partner, that
the product(s) was safe.[3]  In the face of plaintiffs'

---

[3]      By way of example only, plaintiffs allege variously that:
"Plaintiffs and/or their prescribing physicians and other
dispensing entities justifiably relied on and/or were
induced by the misrepresentations and/or active
concealment of Defendants to her detriment."

"These defendants, having undertaken the manufacturing,
marketing, prescription dispensing, distributing and
promotion of the diet drugs described herein owe a duty
to provide the Plaintiffs, and physicians, regulators and
others upon whom it was known by Defendants that the
plaintiffs would rely, accurate and complete information
regarding its products."

"AHP was put on notice . . . that the . . . labeling was
probably inadequate and needed to be revised. . . .
[D]espite this warning. . . no changes were made to the
labeling between 1990 and mid-1996. . . . [AHP was

5

motivated] to conceal the safety hazards of [its products]. . . . [A]lthough an FDA official warned that there were too many adverse reaction reports . . . and that he wanted AHP DEFENDANTS to discourage combination use, the Defendants did not actively discourage the use of Fen-Phen.

[AHP knew as early as 1991 that the warning on the Pondimin labeling from 1987 through 1996] was false and misleading . . [y]et . . . AHP did nothing to strengthen the warning language about PPH. . . . AHP deliberately chose not to make any change to the labeling in the summer or Fall of 1994, but chose to provide false and misleading information in its product labeling for Pondmin.

By [February of 1995], APH was already concerned the FDA might require to have a black box warning about PPH in the Redux labeling and it had conducted market research which showed that with a black box warning, Redux sales could only be a fraction of what AHP hoped for. [AHP] was fully aware that its warning about PPH in the Pondimin labeling was inadequate.

AHP DEFENDANTS believed it was in their best interest to have consumers uninformed about the deadly risk of PPH. . . . The PHENTERMINE DEFENDANTS also sought to keep consumers and prescribing physicians uninformed about the true risk of PPH. . . . Although [the risks of PPH] were known to phentermine manufacturers around the world, these manufacturers actively concealed this fact from prescribing physicians and consumers, including the Plaintiffs and their prescribing physicians, and misrepresented the risk of PPH by failing to place any such warning in the package insert. . . . [B]y failing to disclose [the facts], the package insert for fenfluramine implicitly and falsely stated to the Plaintiffs' prescribing physicians that it could be prescribed in combination with phentermine.

[From 1993 through 1995] [the] AHP defendants received further information [about risks of valvular heart disease] - yet chose to ignore it. . . . [T]he PHENTERMINE DEFENDANTS [also] began to receive reports [of] VHD. Defendants failed to obtain any more information about these reports. . . . AHP DEFENDANTS did not even report many of these cases to FDA. AHP DEFENDANTS should have regarded the 1994-1995 reports of VHD as an early warning signal of what was likely to

6

happen in the U.S.   However, because of its desire to
conceal safety problems and not derail the exponential
growth of Pondimin or the pending approval of Redux . .
.AHP DEFENDANTS chose . . . not to report the VHD problem
[to FDA]. . . .   AHP DEFENDANTS mischaracterized many of
the reports as "non-serious" and did not report them to
FDA, to the Plaintiffs, or to the Plaintiffs' prescribing
physicians.
AHP DEFENDANTS did not change the Pondimin labeling
regarding PPH because to do so would have threatened its
diet drug business.

[AHP marketing programs] contained false and misleading
information and/or material omissions about the true
risks . . .and the supposed benefits. . . .   The text of
one AHP document . . . falsely states "Redux is a safe
and effective product." [AHP, through its sales force]
fed false and misleading information and/or material
omissions about the true risks . . . [to doctor
advocates, whose job it was to promote AHP's products to
other physicians].

The "best case" for the company's sales was if consumers
were unaware of the risk of PPH and physicians chose not
to enlighten them.

AHP DEFENDANTS [knew of problems] but decided to say
nothing of those problems to physicians, patients or the
FDA. . . .   AHP DEFENDANTS withheld critical information
from the FDA Advisory Committee, the Plaintiffs, and the
Plaintiffs' physicians, about the risks of VHD.

AHP DEFENDANTS, knowing that its market research
demonstrated that [a black box] warning would destroy
sales, adamantly resisted the black box warning requested
by FDA and any other restrictions on the use of Redux.

[An internal memo authored by an AHP executive stated]
"[E]very attempt will be made to ensure that no `Black
Box' warnings, restrictions of use or negative statements
find their way into the Redux labeling."
[After a leading researcher in the field of PPH appeared on
the Today show expressing concerns, he was threatened by
AHP's medical director and] never again spoke to the
media about his concerns about the safety of Redux.

AHP made matters worse by having its paid consultants
write an editorial minimizing the risk of PPH with diet
drugs which was published in the New England Journal of

7

Medicine without the authors disclosing that they were
paid consultants for the company. In addition, AHP
DEFENDANTS sent out a misleading press release regarding
the IPPES study, which also tended to downplay the risk
of PPH.

. . . AHP did everything in its power to obscure the true scope
of the problem from the Mayo Clinic, Interneuron, FDA and
the public as long as it could.
. . . [R]ather than coming clean about the knowledge in its
possession for about two years, AHP continued to withhold
that information and feigned total surprise [when a Mayo.
Clinic physician reported to AHP that she had discovered
VHD in a number of patients who had been using Fen-Phen].

Worried about a leak of information to the general public
and prescribing physicians, AHP DEFENDANTS tried to keep
IPI (its business partner) in the dark about the Mayo
Clinic findings. . . .AHP [attempted] to conceal
information about the VHD problem from even its own
business partner for as long as possible.

AHP DEFENDANTS continued their policy of hiding
information about the risk of VHD even up to the day that
FDA told the company that it should take Pondimin and
Redux off the market.

(Pursuant to a conspiracy between) AHP DEFENDANTS and
ECKERD, false and fraudulent information was provided to
pharmacists, consumers, and prescribing physicians about
the risks and supposed benefits of these drugs. Upon
information and belief, and in furtherance of the
conspiracy, AHP Defendants and Eckerd supplied false and .
misleading marketing and promotional material and
programs to unsuspecting pharmacists and prescribing
physicians. . . . Eckerd [agreed that it would] take "no
action, including but not limited to telephone calls or
written communication to physician providers or
Pharmacies regarding specific prescriptions, that [would]
adversely affect utilization" [of AHP's products].. . . .
Upon information and belief, [certain "patient education
programs" and "provider education programs" worked on by
Eckerd and Wyeth-Ayerst jointly] provided false and
misleading information about [the drugs].
Eon agreed and conspired with various pharmacies and/or AHP
Defendants to ensure that the off-label combination use
of these drugs could be timely provided to consumers,
pharmacists, and prescribing physicians who were
deliberately misled as to the safety and efficacy of these drugs

8

specific allegations of concerted, unabated fraud and concealment by the manufacturer defendants from virtually everyone, including pharmacists, no factual basis can be drawn from plaintiffs' complaint for their entirely general and conclusory charge that these "defendants" knew or had reason to know of the risks. Even assuming, then, for the sake of argument, that under Mississippi law, there exists the possibility that a viable cause of action could be maintained against a pharmacist who had knowledge of risks associated with a particular drug or drugs which he failed to disclose to his customer, the plaintiffs herein have failed to properly plead such a claim.[6] Accordingly, the court concludes that the pharmacy defendants have indeed been fraudulently joined.

The court also concludes, for the reasons assigned by Judge William H. Barbour in *Beatrice Johnson et al. v. Parke-Davis, A*

---

ion agreed and conspired with other manufacturers to ensure that an adequate supply of phentermine could be delivered to consumers, pharmacists, and prescribing physicians who were deliberately misled as to the safety and efficacy of these drugs, and to the dangers of prescribing phentermine in combination with fenfluramine. . . . In furtherance of this conspiracy, prescribing physicians, consumers, and pharmacists were fed false and misleading information about fen-phen and Redux. . . .


[6]    See *Badon v. RJR Nabisco Inc.*, 2000 WL 1159424, No. 98-30942, at *7 (5ᵗʰ Cir. Aug. 16, 2000) (noting that plaintiffs' conspiracy allegations were "entirely general" and did not allege "any particular or specific activity, agreement, or state of mind on the part of either the in-state distributor defendants. . . . while as to the other defendants the amended complaint is replete with innumerable specific allegations of particular, identified activities, . . . .").

9

AO 72A
(Rev.8/82)

Division of The Warner-Lambert Co., et al., No. 3:00CV315BN (S.D. Miss. July 21, 2000) (involving the drug Rezulin), that the sales representative defendants have also been fraudulently joined.

Accordingly, for the foregoing reasons, it is ordered that plaintiffs' motion to remand is denied.

SO ORDERED this 25th day of September, 2000.

_____
UNITED STATES DISTRICT JUDGE

10

CAUSE NO. 03-159

| | | |
|---|---|---|
| IRMA DELEON and | § | IN THE DISTRICT COURT OF |
| ROSEMARY LARA | § | |
| | § | |
| vs. | § | WILLACY COUNTY, TEXAS |
| | § | |
| PARKE-DAVIS, A DIVISION OF THE | § | |
| WARNER-LAMBERT COMPANY; | § | |
| WARNER-LAMBERT COMPANY; | § | |
| PFIZER, INC.; SANKYO PHARMA, | § | |
| INC.; SANKYO PARKE-DAVIS; | § | |
| ALBERT SMITH, M.D. and | § | |
| JOHN W. KRISTENSEN, M.D. | § | 138TH JUDICIAL DISTRICT |

## NOTIFICATION OF REMOVAL TO FEDERAL COURT

PLEASE TAKE NOTICE that Defendants Warner-Lambert Company LLC (incorrectly named as "Warner-Lambert Company"), on its own behalf and on behalf of its unincorporated Parke-Davis division ("Warner-Lambert"), and Pfizer Inc. (incorrectly referred to as Pfizer, Inc.) ("Pfizer") have removed this case to the United States District Court for the Southern District of Texas, Brownsville Division. A copy of Defendants Warner-Lambert Company LLC and Pfizer Inc.'s Notice of Removal (exclusive of attachments) is attached as Exhibit "A" to this notification.

Respectfully submitted,

BEIRNE, MAYNARD & PARSONS, L.L.P.

By: _____
JACK E. URQUHART
State Bar No.20415600

1300 Post Oak Blvd., Suite 2500
Houston, Texas 77056-3000
Telephone: (713) 623-0887
Facsimile: (713) 960-1527

**DAVID C. GARZA**

State Bar No. 07731400

GARZA & GARZA, L.L.P.

680 East St. Charles, Suite 300

Brownsville, TX 78522

Telephone: (956) 541-4914

Facsimile: (956) 542-7403

**ATTORNEYS FOR DEFENDANTS
WARNER-LAMBERT COMPANY LLC,
ON ITS OWN BEHALF AND ON BEHALF
OF ITS PARKE-DAVIS DIVISION,
AND   PFIZER INC.**

NOTIFICATION OF REMOVAL TO FEDERAL COURT                                          PAGE 2

*Irma Deleon, et al. vs. Park-Davis, et al.*

#453154.1 (030829)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record, via certified mail, return receipt requested, in accordance with the Texas Rules of Civil Procedure, on this ___ day of August, 2003.

Michael T. Gallagher, Esq.
John H. Kim, Esq.
GALLAGHER, LEWIS, DOWNEY & KIM
700 Louisiana Street, 40th floor
Houston, TX 77002

Darrell L. Barger, Esq.
Ann Hennis, Esq.
Kristina Fernandez, Esq.
HARTLINE, DACUS, BARGER, DREYER & KERN, L.L.P.
800 North Shoreline Boulevard, Suite 200--North Tower
Corpus Christi, TX 78401

Philipa M. Remington, Esq.
Russell G. Thornton, Esq.
Thomas P. Sullivan, Esq.
STINNETT THIEBAUD & REMINGTON, L.L.P.
4800 Fountain Place
1445 Ross Avenue
Dallas, Texas 75202

MARIA JORIK COURTOIS

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

IRMA DELEON and
ROSEMARY LARA,
        Plaintiffs,

vs.

PARKE-DAVIS, A DIVISION OF THE
WARNER LAMBERT COMPANY;
WARNER LAMBERT COMPANY;
PFIZER, INC.; SANKYO PHARMA,
INC.; SANKYO PARKE-DAVIS;
ALBERT SMITH, M.D.; and
JOHN W. KRISTENSEN, M.C.
        Defendants

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

C.A. No. __B-03-138.3__

(Removed from the 138th Judicial District
Court of Willacy County, Texas)

JURY DEMANDED

## CONSENT TO REMOVAL OF SANKYO PHARMA INC.

NOW COMES SANKYO PHARMA INC., one of the named defendants in the above-captioned action, and states as follows:

Defendant Sankyo Pharma Inc. was, and still is, a Delaware Corporation with its principal place of business in New Jersey. Sankyo Pharma Inc., by its undersigned counsel, hereby consents to the removal of the above-captioned action from the 138th Judicial District Court of Willacy County, Texas, to the United States District Court, Southern District of Texas, Brownsville Division, by Defendants, Pfizer, Inc., Warner-Lambert Company, L.L.C., including its unincorporated Parke-Davis Division, and Sankyo Parke-Davis.

Dated: July 31st, 2003

Respectfully submitted,

**HARTLINE, DACUS, BARGER, DREYER
  & KERN, L.L.P.**
One Shoreline Plaza
800 N. Shoreline Blvd., Suite 2000 - N. Tower
Corpus Christi, Texas  78401
Telephone: (361) 866-8000
Facsimile:  (361) 866-8039


By: _____
      Darrell L. Barger
      State Bar No. 01733800
      Federal ID No. 646

      Ann Hennis
      State Bar No. 09473550
      Federal ID No. 5911

**ATTORNEYS FOR DEFENDANT
SANKYO PHARMA INC.**

## CERTIFICATE OF SERVICE

I certify that on the _____ 6th _____ day of August, 2003, a true and correct copy of the foregoing document was forwarded to the following counsel of record via the method indicated below.

_____

Ann Hennis

**VIA CM, RRR**
Michael T. Gallagher
John H. Kim
**GALLAGHER, LEWIS, DOWNEY & KIM**
700 Louisiana, 40th Floor
Houston, Texas 77002
*Attorneys for Plaintiffs*

**VIA U.S. FIRST CLASS MAIL**
Mr. Jack E. Urquhart
Ms. Maria Jorik Courtois
BEIRNE, MAYNARD & PARSONS, L.L.P.
1300 Post Oak Blvd., Suite 2500
Houston, Texas 77056-3000
*Attorneys for Pfizer, Inc., Warner-Lambert Company, L.L.C.,*
*including its unincorporated Parke-Davis Division,*
*and Sankyo Parke-Davis.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | |
|---|---|
| IRMA DELEON and, <br> ROSEMARY LARA, <br>        Plaintiffs, <br><br> vs. <br><br><br> PARKE-DAVIS, A DIVISION OF THE <br> WARNER-LAMBERT COMPANY; <br> WARNER-LAMBERTCOMPANY; <br> PFIZER, INC.; SANKYO PHARMA, <br> INC.; SANKYO PARKE-DAVIS; <br> ALBERT SMITH, M.D. and <br> JOHN W. KRISTENSEN, M.D. <br>        Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § |

Civil Action No. **B-03-138**

**(Removed from the
138th Judicial District Court
of Willacy County)**

**Jury Demanded**

### CONSENT TO REMOVAL

My name is Jack E. Urquhart. I am a lawyer duly licensed to practice law in the State of Texas, and a partner in the law firm of Beirne, Maynard & Parsons, L.L.P. Beirne, Maynard & Parsons, L.L.P. represents defendant Sankyo Parke-Davis in this lawsuit. This defendants join in and consent to Warner-Lambert Company LLC and Pfizer Inc.'s removal of this case to federal court.

Dated: August 6th, 2003

_____
Jack E. Urquhart
Texas Bar No. 20415600
Federal I.D. 2082

**ATTORNEY-IN-CHARGE FOR DEFENDANT
SANKYO PARKE-DAVIS**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IRMA DELEON and, | § | |
| ROSEMARY LARA, | § | |
| Plaintiffs, | § | |
| | § | **B-03-138** |
| vs. | § | Civil Action No. _____ |
| | § | |
| | § | **(Removed from the** |
| PARKE-DAVIS, A DIVISION OF THE | § | **138th Judicial District Court** |
| WARNER-LAMBERT COMPANY; | § | **of Willacy County)** |
| WARNER-LAMBERTCOMPANY; | § | |
| PFIZER, INC.; SANKYO PHARMA, | § | |
| INC.; SANKYO PARKE-DAVIS; | § | **Jury Demanded** |
| ALBERT SMITH, M.D. and | § | |
| JOHN W. KRISTENSEN, M.D. | § | |
| Defendants. | § | |

## EXHIBIT E

### ALL CITATIONS ISSUED AND
### EXECUTED PROCESS ON FILE

Citation issued for Service upon Parke-Davis,
A Division of Warner-Lambert Company (issued 7/7/03) . . . . . . . . . . . . . . . . . . . . . Exhibit E(1)

Citation issued for Service upon Warner-Lambert
Company (issued 7/7/03) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit E(2)

Citation issued for Service upon Pfizer Inc.
(issued 7/7/03) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit E(3)

Citation issued for Service upon Sankyo Parke-Davis
(issued 7/7/03) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit E(4)

Citation issued for Service upon Sankyo Pharma Inc.
(issued 7/8/03). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit E(5)

Citation issued for Service upon Albert Smith, M.D.
(issued 7/7/03) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit E(6)

Citation issued for Service upon John Kristensen, M.D.
(Issued 7/7/03) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit E(7)

Return of Service upon Albert Smith, M.D. (filed 7/9/03) . . . . . . . . . . . . . . . . . . . . . Exhibit E(8)

Return of Service upon John Kristensen, M.D. (filed 7/9/03) . . . . . . . . . . . . . . . . . . . Exhibit E(9)

16-2108—CITATION—PERSONAL SERVICE—DISTRICT COUNTY COURT (Revised 8/90) © Class 3-3                                     Hart InterCivic

# CITATION

**THE STATE OF TEXAS**

To PAULE-DAVIS, A DIVISION OF THE WARFEL-LAWDELT CO.

CORPORATION TRUST CO., CORPORATION TRUST CENTER

1209 ORANGE ST. WILMINGTON DE 19801

Defendant_____ , in the hereinafter styled and numbered cause: 03-158

YOU ARE HEREBY COMMANDED to appear before the _____138TH_____ Court _____

of _____WILLACY_____ County, Texas, to be held at the courthouse of said county in the City of

_____RAYMONDVILLE_____ , WILLACY _____ County, Texas, by filing a written answer to the

petition of plaintiff ___ at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof,

a copy of which accompanies this citation, in cause number _____ , styled

_____IDA DELEON, ET AL_____ , Plaintiff____ ,

vs. _____PAULE-DAVIS, ET AL_____ , Defendant____ ,

filed in said court on the __29__ day of __JUNE__ , 20_03_ .

Plaintiff is represented by _____GALLAGHER, LEWIS, DOWNEY & KIM_____ , whose

address is __800 LOUISIANA 40TH FLOOR__            __HOUSTON__     __TEXAS__     __77002__

      street                                city             state           zip code

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, this the _____7TH_____ day of

_____JULY_____ , 20_03_ .

                              GILBERT LOZANO

                DISTRICT Clerk of ____WILLACY____ County, Texas

                546 W HIDALGO 2ND FLOOR

                **Clerk's address**

                RAYMONDVILLE TEXAS         78580

                By _____Deputy.

## NOTICE

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

7-7-03
Mail'd to Gallagher

Reproduction of this form by any person or party is prohibited.

16-2108—CITATION—PERSONAL SERVICE—DISTRICT ⸱⸱⸱ NTY COURT (Revised 8/90) © Class 3-3                                Hart InterCivic

# CITATION

THE STATE OF TEXAS

To ___WARNER-LAMBERT COMPANY_____

___CORPORATION TRUST CO., CORPORATION TRUST CENTER_____

___1209 ORANGE ST. WILMINGTON DE  19801_____

Defendant_____, in the hereinafter styled and numbered cause: 03-159

  YOU ARE HEREBY COMMANDED to appear before the _____138TH_____ Court _____

of ___WILLACY_____ County, Texas, to be held at the courthouse of said county in the City of

___RAYMONDVILLE_____, ___WILLACY_____ County, Texas, by filing a written answer to the

petition of plaintiff ___ at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof,

a copy of which accompanies this citation, in cause number _____, styled

_____

___IRMA DELEON, ET AL_____, Plaintiff____,

vs. ___PARKE-DAVIS, ET AL_____, Defendant____,

filed in said court on the ___29___ day of ___JUNE_____, 20_03_.

  Plaintiff is represented by ___GALLAGHER, LEWIS, DOWNEY & KIM_____, whose

address is ___700 LOUISIANA 40TH FLOOR_____HOUSTON_____TEXAS_____77002_____
              street                                          city                    state              zip code

  ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, this the ____7TH____ day of

____JULY_____, 20_03_.

                                      ___GILBERT LOZANO_____

                        DISTRICT Clerk of ___WILLACY_____ County, Texas

                        ___546 W HIDALGO 2ND FLOOR_____
                             Clerk's address

                        ___RAYMONDVILLE____TEXAS  78580_____

                        By _____ Deputy.

## NOTICE

  You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

7-7-03
mailed to Gallagher,
Lewis, Downey, Kim Law
Fi—

Reproduction of this form by any person or party is prohibited.

16-2108—CITATION—PERSONAL SERVICE—DISTRIC    ~~'NTY COURT (Revised 8/90) © Class 3-3    Hart InterCivic

# CITATION

THE STATE OF TEXAS

To ___PFIZER, INC_____

___CORPORTATION TRUST CO., CORPORATION TRUST CENTER_____

___1209 ORANGE ST. WILMINGTON DE  19801_____

Defendant_____, in the hereinafter styled and numbered cause: 03-159

YOU ARE HEREBY COMMANDED to appear before the _____138TH_____ Court _____

of ___WILLACY_____ County, Texas, to be held at the courthouse of said county in the City of

___RAYMONDVILLE_____, ___WILLACY_____ County, Texas, by filing a written answer to the

petition of plaintiff ___ at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof,

a copy of which accompanies this citation, in cause number _____ , styled

___IRMA DELEON, ET AL_____ , Plaintiff____ ,

vs. ___PARKE-DAVIS, ET AL_____ , Defendant____ ,

filed in said court on the __29__ day of __JUNE_____ , 20 03 .

Plaintiff is represented by _GALLAGHER, LEWIS, DOWNEY & KIM_____ , whose

address is _700 LOUISIANA 40th FLOOR_____     HOUSTON      TEXAS      77002____
       street                        city           state          zip code

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, this the ___7TH_____ day of

___JULY_____ , 20 03 .

                          GILBERT LOZANO

          DISTRICT__ Clerk of _WILLACY_____ , County, Texas

          546 W HIDALGO 2ND FLOOR
          Clerk's address
          RAYMONDVILLE      TEXAS        78580_____

          By_____ Deputy.

## NOTICE

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

*7-7-03*
*mailed to Gallaster,*
*Lewis, Dawney & Kim Law*
*Office*

Reproduction of this form by any person or party is prohibited.

16-2108—CITATION—PERSONAL SERVICE—DISTRIC͟—᷉᷉NTY COURT (Revised 8/90) © Class 3-3                                                                                      Hart InterCivic

# CITATION

THE STATE OF TEXAS

To ___SANKYO PARKE-DAVIS_____

    ___2 HILTON COURT_____

    ___PARSIPPANY N.J.  07054_____

Defendant_____, in the hereinafter styled and numbered cause: 03-159

    YOU ARE HEREBY COMMANDED to appear before the ___138TH_____ Court _____

of ___WILLACY_____ County, Texas, to be held at the courthouse of said county in the City of

___RAYMONDVILLE_____, ___WILLACY_____County, Texas, by filing a written answer to the

petition of plaintiff ___ at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof,

a copy of which accompanies this citation, in cause number _____, styled

_____

    ___IRMA DELEON, ET AL_____, Plaintiff____,

vs. ___PARKE-DAVIS, ET AL_____, Defendant____,

filed in said court on the ___24___ day of ___JUNE_____, 20_03_.

    Plaintiff is represented by ___GALLAGHER, LEWIS, DOWNEY & KIM_____, whose

address is ___700 LOUISIANA 49TH FLOOR_____   ___HOUSTON___   ___TEXAS___   ___77002___.
              street                              city           state       zip code

    ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, this the _____7TH_____ day of

_____JULY_____, 20_03_.

                              GILBERT LOZANO

                              DISTRICT Clerk of ___WILLACY_____·_____County, Texas

                              546 W HIDALGO 2ND FLOOR
                              Clerk's address
                              RAYMONDVILLE   TEXAS   78580

                              By _____Deputy.


## NOTICE

    You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued
this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition,
a default judgment may be taken against you.

*7-7-03*
*Mail'd to Gallagher, Lewis,*
*Downey & Kim*

Reproduction of this form by any person or party is prohibited.

16-2108—CITATION—PERSONAL SERVICE—DISTRIC  ᵀ ᵀNTY COURT (Revised 8/90) © Class 3-3                    Hart InterCivic

# CITATION

THE STATE OF TEXAS

To   SANKYO PHARMA, INC

    C.T. CORPORATION SYSTEM, 350 N ST. PAUL

    DALLAS TEXAS

Defendant_____, in the hereinafter styled and numbered cause: 03-159

    YOU ARE HEREBY COMMANDED to appear before the _____138TH_____ Court _____

of _____WILLACY_____ County, Texas, to be held at the courthouse of said county in the City of

_____RAYMONDVILLE_____ , _____WILLACY_____County, Texas, by filing a written answer to the

petition of plaintiff ___ at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof,

a copy of which accompanies this citation, in cause number _____ , styled

_____

    IRMA DELEON, ET AL _____ , Plaintiff____,

vs.   PARKE-DAVIS, ET AL _____ , Defendant____,

filed in said court on the __29__ day of __JUNE_____ , 20_03_ .

    Plaintiff is represented by _____GALLAGHER, LEWIS, DOWNEY & KIM_____ , whose

address is _700 LOUISIANA 40TH FLOOR_____ HOUSTON_____ TEXAS_____ 77002_____
                street                             city           state          zip code

    ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, this the _____7TH_____ day of

_____JULY_____ , 20__03_

                        GILBERT LOZANO _____

                        DISTRICTClerk of _WILLACY_____ County, Texas

                        546 W HIDALGO 2ND FLOOR_____
                        Clerk's address

                        RAYMONDVILLE_____ TEXAS_____ 78580_____

                        By _____Deputy.

## NOTICE

    You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

7-7-03
Mailed to Gallagher,
Lewis, Downey & Kim law
office

Reproduction of this form by any person or party is prohibited.

16-2108—CITATION—PERSONAL SERVICE—DISTRI~ ~~ 'NTY COURT (Revised 8/90) © Class 3-3                                        Hart InterCivic

# CITATION

THE STATE OF TEXAS

To  ALBERT SMITH, M.D.

    165 South 6th Street

    Raymondville Texas  78580

Defendant_____, in the hereinafter styled and numbered cause: 03-159

    YOU ARE HEREBY COMMANDED to appear before the _____138TH_____ Court _____

of  Willacy _____ County, Texas, to be held at the courthouse of said county in the City of

_Raymondville_____, _____Willacy_____County, Texas, by filing a written answer to the

petition of plaintiff ___ at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof,

a copy of which accompanies this citation, in cause number _____, styled

_____Irma DeLeon, et al_____

_____, Plaintiff____,

vs.  Parke-Davis, et al _____, Defendant____,

filed in said court on the  29____ day of  May_____, 20 03 .

    Plaintiff is represented by  Gallagher, Lewis, Downey & Kim_____, whose

address is  700 Louisiana 40TH Floor_____Houston_____Texas_____77002_____

        street                city            state        zip code

    ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, this the ____7TH_____ day of

_July_____, 20 03

                          GILBERT LOZANO

                DISTRICT Clerk of  WILLACY_____ County, Texas

                546 W HIDALGO 2ND Floor

                Clerk's address

                Raymondville Texas  78580

                By _____, Deputy.

## NOTICE

    You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued
this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition,
a default judgment may be taken against you.

*7-7-03*
*prepared for Rick*
*to serve*

Reproduction of this form by any person or party is prohibited.

16-2108—CITATION—PERSONAL SERVICE—DISTRICT ⋯ COUNTY COURT (Revised 8/90) © Class 3-3                                                      Hart InterCivic

# CITATION

THE STATE OF TEXAS

To  JOHN KRISTENSEN, M.D.

163 South 6TH Street

Raymondville Texas  78580

Defendant_____, in the hereinafter styled and numbered cause: 03-159

YOU ARE HEREBY COMMANDED to appear before the _____138TH_____ Court _____

of  Willacy _____ County, Texas, to be held at the courthouse of said county in the City of

__Raymondville_____, __Willacy_____County, Texas, by filing a written answer to the

petition of plaintiff ___ at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof,

a copy of which accompanies this citation, in cause number _____, styled

_____

__Irma DeLeon, et al_____, Plaintiff____,

vs. _Parke-Davis, et al_____, Defendant____ ,

filed in said court on the 29TH day of May_____, 20 03 .

Plaintiff is represented by _Gallagher, Lewis, Downey & Kim_____, whose

address is _700 Louisiana 40TH Floor_____ Houston_____ Texas_____ 77002____ ,
          street                              city              state              zip code

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, this the _____7TH_____ day of

_July_____, 20 03

GILBERT LOZANO_____

DISTRICT Clerk of WILLACY_____ County, Texas

546 W HIDALGO 2ND Floor_____
Clerk's address

RAYMONDVILLE  TEXAS  78580_____

By_____Deputy.

NOTICE

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

7-7-03
prepared for Rick to
serv.

Reproduction of this form by any person or party is prohibited.

FILE COPY

16-2108—CITATION—PERSONAL SERVICE—DISTRIC       NTY COURT (Revised 8/90) © Class 3-3                    Hart InterCivic

# CITATION

THE STATE OF TEXAS

To  ALBERT SMITH, M.D. _____

_____ 165 South 6th Street _____

_____ Raymondville Texas   78580 _____

Defendant_____, in the hereinafter styled and numbered cause: 03-159

YOU ARE HEREBY COMMANDED to appear before the _____138TH_____ Court _____

of _Willacy_____ County, Texas, to be held at the courthouse of said county in the City of

_Raymondville_____, _Willacy_____ County, Texas, by filing a written answer to the

petition of plaintiff ___ at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof,

a copy of which accompanies this citation, in cause number _____, styled

_____ Irma DeLeon, et. al _____

_____, Plaintiff____,

vs. _Parke-Davis, et al_____, Defendant____,

filed in said court on the _29_ day of _May_____, 20_03_.

Plaintiff is represented by _Gallagher, Lewis, Downey & Kim_____, whose

address is _700 Louisiana 40TH Floor____    _Houston____    _Texas____    _77002_
                    street                          city            state          zip code

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, this the ____7TH_____ day of

_July_____, 20_03_

GILBERT LOZANO
_____

DISTRICT Clerk of _WILLACY_____ County, Texas

546 W HIDALGO 2ND Floor
Clerk's address
Raymondville Texas   78580

By_Isabel Adame_____Deputy.

## NOTICE

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.



FILED
JUL 9 2003
Gilbert Lozano, Dist. Clerk, Willacy Co.
By_____Deputy

Reproduction of this form by any person or party is prohibited.

RETURN TO COURT COPY

United States District Court
Southern District of Texas
FILED

AUG 0 7 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

IRMA DELEON and, §
ROSEMARY LARA, §
      Plaintiffs, §
 §
vs. §
 §
 §
PARKE-DAVIS, A DIVISION OF THE §
WARNER-LAMBERT COMPANY; §
WARNER-LAMBERTCOMPANY; §
PFIZER, INC.; SANKYO PHARMA, §
INC.; SANKYO PARKE-DAVIS; §
ALBERT SMITH, M.D. and §
JOHN W. KRISTENSEN, M.D. §
      Defendants. §

Civil Action No. **B-03-138**

(Removed from the
138th Judicial District Court
of Willacy County)

Jury Demanded

## DEFENDANTS WARNER LAMBERT COMPANY LLC
## AND PFIZER INC.'S NOTICE OF REMOVAL

Defendants Warner-Lambert Company LLC (incorrectly named as "Warner-Lambert Company"),

on its own behalf and on behalf of its unincorporated Parke-Davis division ("Warner-Lambert"), and Pfizer

Inc. (incorrectly referred to as Pfizer, Inc.) ("Pfizer") remove this action to the United States District Court

for the Southern District of Texas, Brownsville Division, pursuant to 28 U.S.C. §§1332, 1441 & 1446,

respectfully showing:

### BACKGROUND

### The Lawsuit

1.     This is a pharmaceutical product liability case. Plaintiffs Irma DeLeon and Rosemary Lara

("Plaintiffs") contend that they suffered physical and emotional injuries as a result of using Rezulin, a

prescription medication which was manufactured by Warner-Lambert for the treatment of adult onset (type

2) diabetes. Plaintiff Irma DeLeon alleges that she was prescribed Rezulin to treat her diabetes by defendant Albert Smith, M.D. *See* PLAINTIFFS' ORIG. PET. at p. 4. Plaintiff Rosemary Lara alleges that she was prescribed Rezulin to treat her diabetes by defendant John W. Kristensen, M.D. *Id.*

2.     Plaintiffs allege claims for strict product liability, negligence, breach of implied warranty, negligent misrepresentations, and fraud and deceit against Warner-Lambert, Pfizer, Sankyo Pharma Inc., and Sankyo Parke-Davis (collectively referred to as the "Pharmaceutical Defendants"). *See generally* PLAINTIFFS' ORIG. PET. at pp. 5-15. Plaintiffs also assert negligence and misrepresentation claims against Drs. Smith and Kristensen. *Id.* at pp. 16-17.

3.     Plaintiffs claim to have suffered physical and emotional injuries as a result of their use of Rezulin and have prayed for actual and exemplary damages. *Id.* at pp. 4,18.

4.     This action was originally filed in the 138th Judicial District Court of Willacy County, Texas on or about May 29, 2003. The case was numbered and styled by that court as Cause No. 03-159; *Irma DeLeon and Rosemary Lara v. Parke-Davis, a Division of the Warner-Lambert Company; Warner-Lambert Company; Pfizer, Inc.; Sankyo Pmarma, Inc.; Sankyo Parke-Davis; Albert Smith, M.D.; and John W. Kristensen, M.D.* Sankyo Pharma Inc. was served with Plaintiffs' Original Petition through its registered agent for service of process in Texas, CT Corporation, on or after July 16, 2003.

## The Parties

5.     Plaintiff Irma DeLeon is and was at the time this lawsuit was commenced, a resident of Willacy County, Texas. PLAINTIFFS' ORIG. PET. at p 1. Upon information and belief, Irma DeLeon is also a citizen of the State of Texas.

6.     Plaintiff Rosemary Lara is and was at the time this lawsuit was commenced, a resident of Willacy County, Texas. PLAINTIFFS' ORIG. PET. at p 1. Upon information and belief, Rosemary Lara is also a citizen of the State of Texas.

7.     Defendant Warner-Lambert Company LLC is, and was at the time this action was commenced, a Delaware limited liability company with its primary member (shareholder) located in New York. Parke-Davis is an unincorporated division of Warner-Lambert Company LLC and is not an independent business entity.

8.     Defendant Pfizer Inc. is, and was at the time this action was commenced, a Delaware corporation with its principal place of business in New York.

9.     Defendant Sankyo Pharma Inc. is, and was at the time this action was commenced, a Delaware Corporation with its principal place of business in New Jersey.

10.     Defendant Sankyo Parke-Davis is, and was at the time this action was commenced, a partnership (organized under the laws of New York) in dissolution between Warner-Lambert and Sankyo Pharma, Inc. with its principal place of business in New Jersey.

11.     Defendant Albert Smith, M.D. ("Dr. Smith"), is, and was at the time this lawsuit was commenced, a resident and citizen of Texas.

12.     Defendant John W. Kristensen, M.D. ("Dr. Kristensen"), is, and was at the time this lawsuit was commenced, a resident and citizen of Texas.

## BASIS FOR REMOVAL

### Diversity Jurisdiction

13.     This action could have originally been brought in federal court on the basis of diversity of citizenship among the parties because:

> (a)     The plaintiffs are and were at the time suit was filed a residents and citizens of Texas (*See* PLAINTIFFS' ORIG. PET. at p. 1);

> (b)     all properly joined defendants are businesses organized under the laws of states other than Texas which maintain their principal offices in states other than Texas; and

> (c)     the amount in controversy in this case exceeds $75,000, exclusive of interest and costs.

*See* 28 U.S.C. §1332(a).

14.     Removal is proper under federal law because this is a civil action brought in state court over which the federal court has original jurisdiction based on diversity of citizenship. 28 U.S.C. §1441.

15.     Removal is timely because the case has been removed within 30 days of the date that any defendant was first served with a copy of Plaintiffs' Original Petition. 28 U.S.C. §1446(a).

16.     The United States District Court for the Southern District of Texas embraces the county in which the state court action is now pending and, thus, this Court is a proper venue for removal of this action pursuant to 28 U.S.C. §124(b).

### Fraudulent Joinder of Drs. Smith and Kristensen

17.     In their petition, plaintiffs repeatedly allege that the Pharmaceutical Defendants failed to warn or failed to properly and adequately notify, inform and warn that Rezulin was defective and

unreasonably dangerous. Among other things, the plaintiffs allege that the Pharmaceutical Defendants knew that Rezulin would cause severe liver damage or even death to its users. PLAINTIFFS' ORIG. PET. at pp. 10-11. Plaintiffs further allege that the Pharmaceutical Defendants consciously ignored and understated the health risks associated Rezulin and failed to advise or warn the public, doctors, hospitals, or clinics that there were special risks associated with Rezulin. *Id.* at p. 9, ¶27. Particularly, the Plaintiffs allege that the Pharmaceutical Defendants are liable for the following:

> Distributing and selling [Rezulin] not accompanied by adequate warnings of the dangers that were known or knowable at the time of marketing. *Id.* at p. 6, ¶16.c.

> Negligently and carelessly failing to warn the consuming public of the unreasonably dangerous defects associated with said drug after said Defendants had knowledge of the same, thereby breaching the continuing duty to warn. *Id.* at p. 7, ¶18.d.

> [Engaging] in a strategy to promote and sell [Rezulin] although [they] knew, or should have known, that dangerous risks were associated with [its] use and [proceeding] with the manufacture and sale of [Rezulin] [permitting] it to be advertised, promoted and sold without adequate warnings as to the serious side effects and dangerous risks to the consuming public. *Id.* at p. 8, ¶25.

> Falsely and fraudulently [marketing] and [advertising] Rezulin as a safe once a day drug that could result in some people eventually being able to stop using insulin. *Id.* at p. 10, ¶37.a.

> [Preparing] or [causing] to be prepared warnings and instructions on the use of Rezulin which were false and misleading.    *Id.* at p. 10, ¶37.b.

> ***Falsely and fraudulently [representing] to physicians, pharmacists and others authorized to dispense the Rezulin drug,*** Plaintiffs and members of the general public, that despite reports from various sources that the Rezulin drug was unreasonably dangerous to its users, the drug was in fact safe.... *Id.* at p. 11, ¶37.c.

Fraudulently [representing] to Plaintiffs and the public that Rezulin could be safely taken with regular monitoring of liver functions, while knowing from data and information they had obtained or generated... that the monitoring of liver function through monthly blood tests was insufficient to save them patients [sic] from injury and/or sudden death..... *Id*. at pp. 13-14, ¶37.n.

18.    Despite these allegations that the Pharmaceutical Defendants failed to warn or properly and adequately notify and inform prescribers and consumers of the alleged defective and unreasonably dangerous nature of Rezulin, Plaintiffs nevertheless allege, *inter alia*, that Drs. Smith and Kristensen were negligent in selecting Rezulin for use by the Plaintiffs, in prescribing Rezulin to the Plaintiffs, and in failing to properly inform and advise the Plaintiffs about the potential risks and hazards of Rezulin. *Id*. at p.17, ¶50.

19.    As can be seen from the allegations set forth above and as is apparent from reading Plaintiffs' petition, Plaintiffs do not allege a single case specific fact relevant to Plaintiffs, relevant to Drs. Smith or Kristensen, or relevant to Drs. Smith or Kristensen's care and treatment of the Plaintiffs. For example, the Plaintiffs do not allege basic information such as the dates that Drs. Smith or Kristensen allegedly treated Plaintiffs, when Plaintiffs allegedly took Rezulin or any case specific details regarding Plaintiffs' various medical conditions or the alleged actions of Drs. Smith or Kristensen.

20.    In light of the tenor of the Plaintiffs' allegations, Drs. Smith and Kristensen have been fraudulently joined because Plaintiffs' conclusory allegations against Dr. Smith and Kristensen fail to provide sufficient notice of the claims being asserted against them. *See In re: Rezulin Prods. Liab. Litig.* 2003 WL 43356 (S.D.N.Y. Jan. 6, 2003) ("PTO-122"); *In re: Rezulin Prod. Liab. Litig.* 2002 WL 31852826 (S.D.N.Y. Dec. 18, 2002) ("PTO-121"). ("the main tenor of plaintiffs' complaints [in the

Rezulin MDL proceeding] is that Rezulin was an unsafe drug and that the manufacturers concealed its risks from the public, physicians, and others...an entirely conclusory allegation that the physicians failed to warn is insufficient.") *See also In re: Baycol Prod. Liab. Litig.*, 2003 WL 21223842 (D. Minn May 27, 2003) ("... the main thrust of this action is that the Baycol Defendants misrepresented Baycol's risks and failed to adequately warn of such risks. Plaintiffs have not included any factual assertions in their Complaint to support the conclusory allegation that [the doctor] knew or should have known of Baycol's risks. Their conclusory allegations, however, will not defeat a finding of fraudulent joinder.") For these reasons, Drs. Smith and Kristensen were fraudulently joined.

21.      Moreover, Plaintiffs' assertions as to the alleged conduct of the Pharmaceutical Defendants on the one hand and the alleged conduct of Drs. Smith and Kristensen on the other, are fundamentally irreconcilable theories of liability that cannot co-exist. Specifically, it is impossible that Drs. Smith and Kristensen either "knew or should have known" of potential side effects of an FDA-approved drug if Plaintiffs' assertions that Pharmaceutical Defendants failed to warn or failed to properly and adequately notify, inform, or warn of the alleged dangers of Rezulin are taken as true.

22.      Federal courts have ruled, in the context of pharmaceutical product liability cases, that such inconsistent pleading practices are tantamount to fraudulent joinder. In *Louis v. Wyeth-Ayerst Pharmaceuticals*, No. 5:00CV102LN (W.D.Miss. Sept. 25, 2000), the court found that several non-diverse pharmacies had been fraudulently joined as defendants in light of the plaintiffs' "specific allegations of concerted, unabated fraud and concealment by the manufacturer defendants from virtually everyone":

> [T]he complaint, the major theme of which is the manufacturers'
> intentional concealment of the true risks of the drug(s), coupled with

dissemination through various media of false and misleading information of the safety of the drug(s) at issue, belies any suggestion of knowledge, or reason to know by these resident defendants. According to the lengthy and extremely detailed factual allegations of the complaint, the product manufacturers had knowledge from numerous sources that the drug(s) at issue was unsafe, yet they, in the face of this knowledge, not only concealed this information, but affirmatively misrepresented to the FDA, to the public, to consumers, to the plaintiffs, to pharmacists, to dispensing entities . . . that the product was safe. **In the face of plaintiffs' specific allegations of concerted, unabated fraud and concealment by the manufacturer defendants from virtually everyone, including pharmacists, no factual basis can be drawn from plaintiffs' complaint for their entirely general and conclusory charge that these "defendants knew or had reason to know of the risks." Even assuming, then, for the sake of argument, that under Mississippi law, there exists the possibility that a viable cause of action could be maintained against a pharmacist who had knowledge of risks associated with a particular drug or drugs which he failed to disclose to his customer, the plaintiffs herein have failed to properly plead such a claim.** Accordingly, the court concludes that the pharmacy defendants have indeed been fraudulently joined.

*Louis*, slip op. at pp. 5-9 (citing *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 392-93 (5th Cir. 2000))

(emphasis added). (A copy of the slip opinion in *Louis* is attached as Exhibit "A".)

23.    Judge Louis Kaplan, the presiding judge in the consolidated Rezulin Multi-District

proceedings, addressed this issue in *In re Rezulin Prods. Liab. Litig.*, 133 F.Supp.2d 272 (S.D.N.Y.

2001) ("*Rezulin I*"):

Plaintiffs . . . allege that the defendant manufacturers and sales representatives "sought to minimize the growing awareness of the drug's harmful effects, by representing to the plaintiff, general public, physicians, and others authorized to dispense said drug, that Rezulin was safe . . ." and that the defendant manufacturers and sales representatives "falsely and fraudulently represented to . . . pharmacists . . . that despite reports from various sources that the Rezulin drug was unreasonably dangerous to its users, the drug was in fact safe . . . ." **Thus, the theory underlying the**

> **complaints is that the manufacturer defendants hid the dangers of Rezulin from plaintiffs, the public, physicians, distributors, and pharmacists – indeed, from everyone. Plaintiffs' allegations that pharmacists knew and failed to warn of the dangers therefore are purely tendentious.**

*Id.* at 290 (italics and footnotes omitted) (bold added). Based on the rationale applied by the courts in *Louis* and *Rezulin I*, a number of federal courts in Texas have either denied remand or have stayed similar cases pending transfer to the MDL. For example, The Hon. Lynn Hughes has refused to remand Rezulin actions that Warner-Lambert removed to the Southern District of Texas' Houston Division on similar grounds. *See, e.g., Gibson v. Jeffery Rochen, M.D. et al.*, C.A. No. 01-CV-4243 (S.D.Tex. Jan. 8, 2002) (denying remand); *Abrigo v. Warner-Lambert Company et al.*; C.A. No. 02-CV-790 (S.D.Tex. March 18, 2002) (staying case pending final transfer to the Rezulin MDL); *Martin v. Warner-Lambert Company et al.*; C.A. No. 02-CV-791 (S.D.Tex. March 18, 2002) (same); *Doker v. Warner-Lambert Company et al.* No. H-02--CV-791 (S.D.Tex. April 18, 2002) (same). Additionally, remand has been denied by other Texas federal court judges. *See, e.g.,* Judge Head (*Ramirez v. Warner-Lambert Company, et al.*, Case No. C-20-CV-75 (S.D.Tex. May 10, 2002) and Judge Hoyt (*Branford v. Warner-Lambert et al.*; Case No. 02CV1649 (S.D.Tex. June 7, 2002); *Calton v. Warner-Lambert Company et al.*, Case No. H-02-0788 (S.D.Tex. June 12, 2002). *See also* cases cited *infra*. The current case contains inconsistent pleading practices and fraudulent joinder issues virtually identical to the issues that were presented to these courts and that were addressed by the courts in the *Louis* and *Rezulin*

*I* opinions. For the reasons discussed in those opinions, Drs. Smith and Kristensen have been fraudulently joined.[1]

24.    In addition, the Plaintiffs' petition fails to provide dates for the alleged acts or omissions on the part of Drs. Smith and Kristensen about which they complain. To the extent that the Plaintiffs' claims against Drs. Smith and Kristensen are barred by the applicable limitations period, Drs. Smith and Kristensen are fraudulently joined.

## Amount in Controversy

25.    It is facially apparent that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs. *See De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)(if it is "facially apparent" from the state court petition that the amount in controversy exceeds the jurisdictional minimum requirement, then defendant need only point such fact out to successfully bear its burden); *see also Carahan v. Southern Pacific R.R. Transp. Co.*, 914 F.Supp. 1430, 1431 (E.D. Tex. 1995). In their petition, Plaintiffs allege that they sustained physical and emotional injury as a result of their use of Rezulin. *See* PLAINTIFFS' ORIG. PET. at pp. 4, 6-7. The preponderance of the evidence is that the amount in controversy exceeds $75,000. *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)

---

[1]    In *Barragan v. Warner-Lambert Company et al.*, 216 F. Supp. 2d 627 (W.D. Tex. 2002), Judge Briones granted remand in a similar Rezulin case finding that the plaintiff had stated a medical malpractice claim against the non-diverse physician defendant that prescribed Rezulin to the plaintiff. Removal is proper here because the MDL judge handling all of the federal Rezulin actions (and other Texas courts) have denied remand in other Rezulin actions presenting the same issue. *Rezulin I*, 133 F. Supp. 2d at 290, 295. *Accord, In re Rezulin Prods. Liab. Litig., Pretrial Order No. 89* (S.D.N.Y. July 25, 2002). Under the case law, emphasizing the need for consistency in MDL proceedings, Judge Kaplan's decisions and other Texas courts' decisions applying *Louis* should be applied consistently in all Rezulin actions. Also, Judge Briones' remand occurred before he had the benefit of the most recent MDL decisions pertaining to this issue and before he had the benefit of opinions form other courts applying this rationale. *See supra.*

---

($75,000 jurisdictional minimum was facially apparent from the allegations of the complaint where plaintiff alleged that after the defendant lost plaintiff's heart medication, plaintiff became ill, suffered pain and humiliation, experienced a temporary inability to do housework and incurred unspecified ambulance expenses, hospitalization expenses, property damage and travel expenses); *see also In re: Norplant Contraceptive Products Liability Litigation*, 918 F.Supp. 178, 180 (E.D.Tex. 1996) (jurisdictional minimum was facially apparent from the plaintiffs' allegations concerning the serious nature of their alleged injuries from the Norplant Contraceptives).

**OTHER MATTERS**

**State Court Notification**

26.     Pursuant to 28 U.S.C. §1446(d), a copy of this notice is being served on all counsel of record, and with the clerk of the Willacy County district court. (A copy of the state court notification of removal is attached as Exhibit "B".)

**Consent to Removal**

27.     Sankyo Pharma Inc. and Sankyo Parke-Davis consent to this Removal. *See* Exhibits "C" and "D". The consent of the fraudulently joined defendants is not required for removal. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2 812, 815 (5th Cir. 1993) (stating that it is "nonsensical" to require consent from improperly joined parties).

**Local Rules**

28.     Pursuant to Local Rule 81, the following documents are hereby being provided to the clerk for filing in connection with this notice of removal:

(a)    all executed process in the case (Exhibit "E");

(b)    all pleadings asserting causes of action, *e.g.* petitions, counterclaims, cross

        actions, third-party actions, interventions, and all answers to such

        pleadings (Exhibit "F");

(c)    all orders signed by the state judge (Exhibit "G");

(d)    the state court docket sheet (Exhibit "H");

(e)    an index of matters being filed (Exhibit "I"); and

(f)    a list of all counsel of record, including addresses, telephone numbers, and

        parties represented (Exhibit "J").

### Notice of Pendency of MDL Proceedings

29.    On June 9, 2000, the Judicial Panel on Multidistrict Litigation ("Judicial Panel") issued its

order establishing the Multidistrict Litigation ("MDL") for all Rezulin lawsuits pending in the federal courts,

and transferring all such cases to the United States District Court for the Southern District of New York.

(A copy of the order is attached as Exhibit "K".)   The Defendants intend to notify the Judicial Panel,

pursuant to 28 U.S.C. §1407, that this action is a "tag-along" case that should be transferred to the Rezulin

MDL proceeding.

30.    Under the governing federal case law, the purpose of 28 U.S.C. §1407 is to avoid

inconsistency. *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990).  In the event of a motion to remand, the Court

should defer ruling to insure uniformity and efficiency in the multi-district litigation. Deferral would be

consistent with prior decisions of federal courts in Texas, in this District, and throughout the country in other

Rezulin actions. *Marza v. Warner-Lambert Co.*, No. 02-492 (S.D. Tex. July 26, 2002); *Cynthia Hernandez v. Warner-Lambert Co.*, No. 02-208 (S.D. Tex. July 12, 2002); *Vela v. Warner-Lambert Co.*, No. 02-162 (S.D. Tex. July 12, 2002); *Allen v. Warner-Lambert Co.*, No. 02-291 (S.D. Tex. June 17, 2002); *Brown v. Warner-Lambert Co.*, No. 02-272 (S.D. Tex. June 14, 2002); *Benson v. Warner-Lambert Co.*, No. 02-149 (S.D. Tex. May 14, 2002); *Ramirez v. Warner- Lambert Co.*, No. 02-075 (S.D. Tex. May 10, 2002); *Doker v. Warner-Lambert Co.*, No. 02-1314 (S.D. Tex. Apr. 18, 2002); *Williams v. Warner-Lambert Co.*, No. 02-789 (S.D. Tex. Mar. 21, 2002); *Abrigo v. Warner-Lambert Co.*, No. 02-790 (S.D. Tex. Mar. 18, 2002); *Martin v. Warner-Lambert Co.,* No. 02-791 (S.D. Tex. Mar. 18, 2002).

## CONCLUSION AND PRAYER

Defendants Warner-Lambert Company LLC, on its own behalf and on behalf of its unincorporated Parke-Davis division, and Pfizer Inc. hereby remove this case to federal court. Warner-Lambert and Pfizer pray for any and all other relief to which they are entitled.

Respectfully submitted,

Jack E. Urquhart
Texas Bar No. 20415600
Federal I.D. 2082

By permission
Marie Sont Curtis
TX Bar No 00787798

**ATTORNEY-IN-CHARGE FOR DEFENDANTS
WARNER-LAMBERT COMPANY LLC, ON ITS OWN
BEHALF AND ON BEHALF OF ITS UNINCORPORATED
PARKE-DAVIS DIVISION, AND PFIZER INC.**

**Of Counsel:**

BEIRNE, MAYNARD & PARSONS, L.L.P.
1300 Post Oak Blvd., Suite 2500
Houston, TX 77056-3000
Telephone: (713) 623-0887
Facsimile: (713) 960-1527

David C. Garza
Texas Bar No. 07731400
Federal I.D. 3778
GARZA & GARZA, L.L.P.
680 East St. Charles, Suite 300
Brownsville, TX 78522
Telephone: (956) 541-4914
Facsimile: (956) 542-7403

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Notice of Removal was served by certified mail, return receipt requested, on the following known counsel of record on August 6th, 2003.

Michael T. Gallagher, Esq.
John H. Kim, Esq.
GALLAGHER, LEWIS, DOWNEY & KIM
700 Louisiana Street, 40th floor
Houston, TX 77002

Darrell L. Barger, Esq.
Ann Hennis, Esq.
Kristina Fernandez, Esq.
HARTLINE, DACUS, BARGER, DREYER & KERN, L.L.P.
800 North Shoreline Boulevard, Suite 200--North Tower
Corpus Christi, TX 78401

Philipa M. Remington, Esq.
Russell G. Thornton, Esq.
Thomas P. Sullivan, Esq.
STINNETT THIEBAUD & REMINGTON, L.L.P.
4800 Fountain Place
1445 Ross Avenue
Dallas, Texas 75202

MARIA JORIK COURTOIS

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IRMA DELEON and, | § | |
| ROSEMARY LARA, | § | |
| **Plaintiffs,** | § | |
| | § | |
| vs. | § | Civil Action No. **B-03-138** |
| | § | |
| | § | **(Removed from the** |
| PARKE-DAVIS, A DIVISION OF THE | § | 138th **Judicial District Court** |
| WARNER-LAMBERT COMPANY; | § | **of Willacy County)** |
| WARNER-LAMBERTCOMPANY; | § | |
| PFIZER, INC.; SANKYO PHARMA, | § | |
| INC.; SANKYO PARKE-DAVIS; | § | **Jury Demanded** |
| ALBERT SMITH, M.D. and | § | |
| JOHN W. KRISTENSEN, M.D. | § | |
| **Defendants.** | § | |

## INDEX OF MATTERS BEING FILED

*Louis v. Wyeth-Ayerst Pharmaceuticals*, No. 5:00CV102LN
    (W.D.Miss. Sept. 25, 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit A

State Court Notification . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit B

Consent to Removal of Sankyo Pharma Inc. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit C

Consent to Removal of Sankyo Parke-Davis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit D

All Executed Process on File . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit E

All Pleadings Asserting Causes of Action and
    All Answers to Such Pleadings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit F

All Orders Signed by the State Judge . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit G

State Court Docket Sheet . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit H

Index of Matters Being Filed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit I

List of All Counsel of Record . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit J

Order Establishing the Judicial Panel on Multi-District Litigation (MDL 1348) . . . . . . Exhibit K

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

MARGIE LOUIS, PEARLIE COX, MARY
DOTTOREY, OTIS ABRON, GLORIA LOTT,
EARL PIGG, MARION WEATHERS AND KATHY
ROBERTS                                                      PLAINTIFFS

VS.                                   CIVIL ACTION NO. 5:00CV102LN

WYETH-AYERST PHARMACEUTICALS. INC. F/K/A
WYETH-AYERST LABORATORIES, A DIVISION OF
AMERICAN HOME PRODUCTS, INC.; WYETH
LABORATORIES. INC.. A.H. ROBBINS COMPANY,
INC., AMERICAN HOME PRODUCTS. INC.
POLK'S DISCOUNT DRUGS, INC.; ECONOMY DRUG
STORE, INC.; BRANDON DISCOUNT DRUGS, INC.;
KING'S DISCOUNT DRUGS, INC.; FORREST BRATLEY,
JR.; SUSAN BODNE; CHRIS L. LUCKETT; LESTER A.
LALA; CHARLES CARTER, JR.; GINA SABBATINI;
SCOTT M. BOONE; VICTOR E. RUSSELL; JIMMY ROBINSON,
JR.; JEWELL E. NORMAN; MCR PHARMACEUTICALS INC.,
A/K/A AMERICAN PHARMACEUTICALS, INC. A/K/A
MCR/AMERICAN PHARMACEUTICALS, INC.; JONES
MEDICAL INDUSTRIES, A/K/A ABANA PHARMACEUTICALS,
INC.; QUALITEST PRODUCTS, INC.; SEATRACE
PHARMACEUTICALS, INC.; EON LABS MANUFACTURING,
INC.; FISONS CORPORATION; GATE PHARMACEUTICALS;
INTERNEURON PHARMACEUTICALS, INC.; MEDEVA
PHARMACEUTICALS. INC.; RUGBY LABORATORIES,
INC.; SMITHKLINE BEECHAM CORPORATION;
AND ECKERD CORPORATION                                       DEFENDANTS

                               ORDER

     This cause is before the court on the motion of plaintiffs to

remand this case to the Circuit Court of Claiborne County,

Mississippi.  Defendants have responded in opposition to the motion

and the court, having considered the memoranda of authorities

submitted by the parties in the light of plaintiffs' complaint in

this cause, concludes for reasons to follow that plaintiffs' motion

should be denied.

     Plaintiffs, like many others throughout this country, brought

this action to recover damages for injuries they claim to have

AO 72A
(Rev.8/82)

suffered as a result of their taking the diet drugs Pondimin, Redux (also known by fenfluramine and dexfenfluramine, respectively) and/or Phentermine.  The plaintiffs herein, Mississippi residents, filed their suit in Mississippi state court, and in addition to suing the manufacturers of these drugs, all of which are of diverse citizenship from plaintiffs, and another diverse company, Eckerd Corporation, which is alleged to have distributed, marketed and promoted these drugs, plaintiffs sued a number of Mississippi pharmacies (Polk's Discount Drugs, Inc., Economy Drugs of Greenwood, Inc., Liberty Drug Store, Brandon Discount Drugs, Inc. and King's Discount Drugs) and a multitude of other Mississippi residents (Forest Bratley, Jr., Susan Bodne, Chris L. Luckett, Lester A. Lala, Charles Charter, Jr., Gina Savatini, Scott M. Boone, Victor E. Russell, Jimmy L. Robinson, Jr. and Jewell E. Norman) who were employed as sales representatives for one or another of the defendant drug companies.  Defendants, contending that all of the Mississippi defendants were fraudulently joined, removed the case to this court on the basis of diversity of citizenship, following which plaintiffs filed their present motion to remand.

The standard for evaluating claims of fraudulent joinder is, of course, well known by all of the parties, as well as by the court; and the court, having given due consideration to that standard on the basis of the complaint filed by plaintiffs in this cause, concludes that plaintiffs have no possibility of recovery against any of the nondiverse defendants.

2

The complaint filed by plaintiffs in this cause includes, so far as the court can tell, ten counts, numbered and headed as follows:

Count I: Strict Product Liability
Count II: Failure to Warn
Count IV: Negligence
Count I: Strict Product Liability (Defective Design) Against the AHP Defendants
Count II: Strict Product Liability (Failure to Warn) Against All Defendants
Count III: Negligence Against All Defendants
Count IV: Fraud and Misrepresentation Against All Defendants
Count V: Wantoness
Count VI: Fraud, Misrepresentation and Suppression
Count VI: Conspiracy[1]

A premise of each count that can reasonably be construed as having been asserted against the resident pharmacy defendants[2] is knowledge on the part of these defendants of the dangers posed by

_____

[1]    It appears that plaintiffs may have taken two complaints from other cases and attempted to combine them into a single complaint, amending the content as needed for this case. That would explain why they have asserted their causes of action in this duplicate fashion, and why the complaint begins on page one, continues through page 19 (skipping page 18), and then picks up on a new and different page 2 and continues on through page 64, and contains two sections (each somewhat different) for each of the headings, "Parties", "Jurisdiction" and "General Allegations"/"Factual Allegations."

[2]    Plaintiffs' claims of wantoness and conspiracy, while nominally asserted against "defendants", is clearly not directed toward the pharmacy defendants, as the substance of these counts utterly belies any conclusion that these defendants are a target of these counts. See Badon v. RJR Nabisco Inc., No. 98-30942, 2000 WL 115424, at *7 (5th Cir. Aug. 16, 2000) (noting that "[w]hile the amended complaint does often use the word 'defendants,' frequently it is evident that such usage could not be referring to the 'Tobacco Wholesalers.'").

3

AO 72A
(Rev 8/82)

the subject drugs.[3] Yet, and notwithstanding the fact that the complaint in places may allege or allude generally to knowledge possessed by the "defendants,"[4] it is plain that the complaint on the whole cannot reasonably and legitimately be construed as alleging any factual basis for the conclusion that any of the

---

[3]    Generally speaking, under Mississippi's Products Liability Act, Miss. Code Ann. § 11-1-63, liability of a product seller may be based on a theory of defective design or inadequacy of warning/failure to warn. Either theory requires proof of knowledge on the part of the seller. See Miss. Code Ann. § 11-1-63(f) ("In any action alleging that a product is defective because of its design . . . the manufacturer or product seller shall not be liable if the claimant does not prove by the preponderance of the evidence that at the time the product left the control of the manufacturer or seller; (i) [t]he manufacturer or seller knew, or in light of reasonably available knowledge or in the exercise of reasonable care should have known, about the danger for which recovery is sought. . . ."); Miss. Code Ann. § 11-1-63(c)(i) ("In any action alleging that a product is defective because it failed to contain adequate warnings or instructions . . . the manufacturer or seller shall not be liable if the claimant does not prove by a preponderance of the evidence that at the time the product left the control of the manufacturer or seller, the manufacturer or seller knew or in light of reasonably available knowledge should have known about the danger that caused the damage for which recovery is sought. . . ."). Thus, even if the "learned intermediary" doctrine, which is incorporated into the statute, see Miss. Code Ann. § 11-1-63(c)(ii), were not an impediment to recovery, the absence of an allegation that a defendant knew, or had reason to know, of the product defect dooms any claim for defective design or lack of adequate warning. Likewise, knowledge, or a reason to know, is also a necessary requisite for any claim of failure to warn or negligence that a plaintiff might undertake to assert extraneous to a claim under the Products Liability Act itself (assuming solely for the sake of argument that such a claim could exist). An essential element of a claim of fraud is knowledge of the falsity of the representation; and regarding any claim of omission of facts, a person obviously cannot disclose what he does not and cannot know.

[4]    They allege, for example, that the drugs "were marketed to be used in combination which was known to the Defendants to cause harmful side effects which outweighed any potential utility."

4

pharmacy defendants had any knowledge or reason to know of any of
the dangers associated with the product(s) of which plaintiffs
contend they were unaware.  Quite to the contrary, the complaint,
the major theme of which is the manufacturers' intentional
concealment of the true risks of the drug(s), coupled with
dissemination through various media of false and misleading
information of the safety of the drug(s) at issue, belies any
suggestion of knowledge, or reason to know by these resident .
defendants.  According to the lengthy and extremely detailed
factual allegations of the complaint, the product manufacturers had
knowledge from numerous sources that the drug(s) at issue was
unsafe, yet they, in the face of this knowledge, not only concealed
this information, but affirmatively misrepresented to the FDA, to
the public, to consumers, to the plaintiffs, to pharmacists, to
dispensing entities, and even to AHP's own business partner, that
the product(s) was safe.[3]  In the face of plaintiffs'

---

[3]      By way of example only, plaintiffs allege variously that:
"Plaintiffs and/or their prescribing physicians and other
dispensing entities justifiably relied on and/or were
induced by the misrepresentations and/or active
concealment of Defendants to her detriment."

"These defendants, having undertaken the manufacturing,
marketing, prescription dispensing, distributing and
promotion of the diet drugs described herein owe a duty
to provide the Plaintiffs, and physicians, regulators and
others upon whom it was known by Defendants that the
plaintiffs would rely, accurate and complete information
regarding its products."

"AHP was put on notice . . . that the . . . labeling was
probably inadequate and needed to be revised. . . .
[D]espite this warning. . . .no changes were made to the
labeling between 1990 and mid-1996. . . . [AHP was

AO 73A
(Rev 8/82)

motivated] to conceal the safety hazards of [its products]. . . . [A]lthough an FDA official warned that there were too many adverse reaction reports . . . and that he wanted AHP DEFENDANTS to discourage combination use, the Defendants did not actively discourage the use of Fen-Phen.

[AHP knew as early as 1991 that the warning on the Pondimin labeling from 1987 through 1996] was false and misleading . . . [y]et . . . AHP did nothing to strengthen the warning language about PPH. . . . AHP deliberately chose not to make any change to the labeling in the summer or Fall of 1994, but chose to provide false and misleading information in its product labeling for Pondmin.

By [February of 1995], AHP was already concerned the FDA might require to have a black box warning about PPH in the Redux labeling and it had conducted market research which showed that with a black box warning, Redux sales could only be a fraction of what AHP hoped for. [AHP] was fully aware that its warning about PPH in the Pondimin labeling was inadequate.

AHP DEFENDANTS believed it was in their best interest to have consumers uninformed about the deadly risk of PPH. . . . The PHENTERMINE DEFENDANTS also sought to keep consumers and prescribing physicians uninformed about the true risk of PPH. . . . Although [the risks of PPH] were known to phentermine manufacturers around the world, these manufacturers actively concealed this fact from prescribing physicians and consumers, including the Plaintiffs and their prescribing physicians, and misrepresented the risk of PPH by failing to place any such warning in the package insert. . . . [B]y failing to disclose [the facts], the package insert for fenfluramine implicitly and falsely stated to the Plaintiffs' prescribing physicians that it could be prescribed in combination with phentermine.

[From 1993 through 1995] [the] AHP defendants received further information [about risks of valvular heart disease] - yet chose to ignore it. . . . [T]he PHENTERMINE DEFENDANTS [also] began to receive reports [of] VHD. Defendants failed to obtain any more information about these reports. . . . AHP DEFENDANTS did not even report many of these cases to FDA. AHP DEFENDANTS should have regarded the 1994-1995 reports of VHD as an early warning signal of what was likely to

6

.O 73A
Rev 8/83

happen in the U.S.  However, because of its desire to conceal safety problems and not derail the exponential growth of Pondimin or the pending approval of Redux . .APH DEFENDANTS chose . . . not to report the VHD problem [to FDA]. . . .  AHP DEFENDANTS mischaracterized many of the reports as "non-serious" and did not report them to FDA, to the Plaintiffs, or to the Plaintiffs' prescribing physicians.

AHP DEFENDANTS did not change the Pondimin labeling regarding PPH because to do so would have threatened its diet drug business.

[AHP marketing programs] contained false and misleading information and/or material ommisions about the true risks . . .and the supposed benefits. . . .  The text of one AHP document . . . falsely states "Redux is a safe and effective product." [AHP, through its sales force] fed false and misleading information and/or material omissions about the true risks . . . [to doctor advocates, whose job it was to promote AHP's products to other physicians].

The "best case" for the company's sales was if consumers were unaware of the risk of PPH and physicians chose not to enlighten them.

AHP DEFENDANTS [knew of problems] but decided to say nothing of those problems to physicians, patients or the FDA. . . .  AHP DEFENDANTS withheld critical information from the FDA Advisory Committee, the Plaintiffs, and the Plaintiffs' physicians, about the risks of VHD.

AHP DEFENDANTS, knowing that its market research demonstrated that [a black box] warning would destroy sales, adamantly resisted the black box warning requested by FDA and any other restrictions on the use of Redux.

[An internal memo authored by an AHP executive stated] "[E]very attempt will be made to ensure that no "Black Box' warnings, restrictions of use or negative statements find their way into the Redux labeling."
[After a leading researcher in the field of PPH appeared on the Today Show expressing concerns, he was threatened by AHP's medical director and] never again spoke to the media about his concerns about the safety of Redux.

AHP made matters worse by having its paid consultants write an editorial minimizing the risk of PPH with diet drugs which was published in the New England Journal of

7

Medicine without the authors disclosing that they were
paid consultants for the company. In addition, AHP
DEFENDANTS sent out a misleading press release regarding
the IPPES study, which also tended to downplay the risk
of PPH.

AHP did everything in its power to obscure the true scope
of the problem from the Mayo Clinic, Interneuron, FDA and
the public as long as it could.
. . . [R]ather than coming clean about the knowledge in its
possession for about two years, AHP continued to withhold
that information and feigned total surprise [when a Mayo
Clinic physician reported to AHP that she had discovered
VHD in a number of patients who had been using Fen-Phen].

Worried about a leak of information to the general public
and prescribing physicians, AHP DEFENDANTS tried to keep
IPI (its business partner) in the dark about the Mayo
Clinic findings. . . .AHP [attempted] to conceal
information about the VHD problem from even its own
business partner for as long as possible.

AHP DEFENDANTS continued their policy of hiding
information about the risk of VHD even up to the day that
FDA told the company that it should take Pondimin and
Redux off the market.

[Pursuant to a conspiracy between] AHP DEFENDANTS and
ECKERD, false and fraudulent information was provided to
pharmacists, consumers, and prescribing physicians about
the risks and supposed benefits of these drugs. Upon
information and belief, and in furtherance of the
conspiracy, AHP Defendants and Eckerd supplied false and
misleading marketing and promotional material and
programs to unsuspecting pharmacists and prescribing
physicians. . . . Eckerd [agreed that it would] take "no
action, including but not limited to telephone calls or
written communication to physician providers or
Pharmacies regarding specific prescriptions, that [would]
adversely affect utilization" [of AHP's products].. . . .
Upon information and belief, [certain "patient education
programs" and "provider education programs" worked on by
Eckerd and Wyeth-Ayerst jointly] provided false and
misleading information about [the drugs].
Eon agreed and conspired with various pharmacies and/or AHP
Defendants to ensure that the off-label combination use
of these drugs could be timely provided to consumers,
pharmacists, and prescribing physicians who were
deliberately misled as to the safety and efficacy of these drugs.

8

specific allegations of concerted, unabated fraud and concealment by the manufacturer defendants from virtually everyone, including pharmacists, no factual basis can be drawn from plaintiffs' complaint for their entirely general and conclusory charge that these "defendants" knew or had reason to know of the risks. Even assuming, then, for the sake of argument, that under Mississippi law, there exists the possibility that a viable cause of action could be maintained against a pharmacist who had knowledge of risks associated with a particular drug or drugs which he failed to disclose to his customer, the plaintiffs herein have failed to properly plead such a claim.[4] Accordingly, the court concludes that the pharmacy defendants have indeed been fraudulently joined.

The court also concludes, for the reasons assigned by Judge William H. Barbour in <u>Beatrice Johnson et al. v. Parke-Davis, A</u>

---

fen agreed and conspired with other manufacturers to ensure that an adequate supply of phentermine could be delivered to consumers, pharmacists, and prescribing physicians who were deliberately misled as to the safety and efficacy of these drugs, and to the dangers of prescribing phentermine in combination with fenfluramine. . . . In furtherance of this conspiracy, prescribing physicians, consumers, and pharmacists were fed false and misleading information about fen-phen and Redux. . . .


[4] See <u>Badon v. R.JR Nabisco Inc.</u>, 2000 WL 1159424, No. 98-30942, at *7 (5th Cir. Aug. 16, 2000) (noting that plaintiffs' conspiracy allegations were "entirely general" and did not allege "any particular or specific activity, agreement, or state of mind on the part of either the in-state distributor defendants. . . . while as to the other defendants the amended complaint is replete with innumerable specific allegations of particular, identified activities, . . . .").

9

Division of The Warner-Lambert Co., et al., No. 3:00CV315BN (S.D. Miss. July 21, 2000) (involving the drug Rezulin), that the sales representative defendants have also been fraudulently joined.

Accordingly, for the foregoing reasons, it is ordered that plaintiffs' motion to remand is denied.

SO ORDERED this 25th day of September, 2000.

_____
UNITED STATES DISTRICT JUDGE

10

CAUSE NO. 03-159

| | | |
|---|---|---|
| IRMA DELEON and | § | IN THE DISTRICT COURT OF |
| ROSEMARY LARA | § | |
| | § | |
| vs. | § | WILLACY COUNTY, TEXAS |
| | § | |
| PARKE-DAVIS, A DIVISION OF THE | § | |
| WARNER-LAMBERT COMPANY; | § | |
| WARNER-LAMBERT COMPANY; | § | |
| PFIZER, INC.; SANKYO PHARMA, | § | |
| INC.; SANKYO PARKE-DAVIS; | § | |
| ALBERT SMITH, M.D. and | § | |
| JOHN W. KRISTENSEN, M.D. | § | 138TH JUDICIAL DISTRICT |

## NOTIFICATION OF REMOVAL TO FEDERAL COURT

PLEASE TAKE NOTICE that Defendants Warner-Lambert Company LLC (incorrectly named as "Warner-Lambert Company"), on its own behalf and on behalf of its unincorporated Parke-Davis division ("Warner-Lambert"), and Pfizer Inc. (incorrectly referred to as Pfizer, Inc.) ("Pfizer") have removed this case to the United States District Court for the Southern District of Texas, Brownsville Division. A copy of Defendants Warner-Lambert Company LLC and Pfizer Inc.'s Notice of Removal (exclusive of attachments) is attached as Exhibit "A" to this notification.

Respectfully submitted,

BEIRNE, MAYNARD & PARSONS, L.L.P.

By: _____
JACK E. URQUHART
State Bar No.20415600

1300 Post Oak Blvd., Suite 2500
Houston, Texas 77056-3000
Telephone: (713) 623-0887
Facsimile: (713) 960-1527

DAVID C. GARZA
State Bar No. 07731400
GARZA & GARZA, L.L.P.
680 East St. Charles, Suite 300
Brownsville, TX 78522
Telephone: (956) 541-4914
Facsimile: (956) 542-7403

**ATTORNEYS FOR DEFENDANTS**
**WARNER-LAMBERT COMPANY LLC,**
**ON ITS OWN BEHALF AND ON BEHALF**
**OF ITS PARKE-DAVIS DIVISION,**
**AND PFIZER INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record, via certified mail, return receipt requested, in accordance with the Texas Rules of Civil Procedure, on this ___ day of August, 2003.

Michael T. Gallagher, Esq.
John H. Kim, Esq.
GALLAGHER, LEWIS, DOWNEY & KIM
700 Louisiana Street, 40th floor
Houston, TX 77002

Darrell L. Barger, Esq.
Ann Hennis, Esq.
Kristina Fernandez, Esq.
HARTLINE, DACUS, BARGER, DREYER & KERN, L.L.P.
800 North Shoreline Boulevard, Suite 200--North Tower
Corpus Christi, TX 78401

Philipa M. Remington, Esq.
Russell G. Thornton, Esq.
Thomas P. Sullivan, Esq.
STINNETT THIEBAUD & REMINGTON, L.L.P.
4800 Fountain Place
1445 Ross Avenue
Dallas, Texas 75202

MARIA JORIK COURTOIS

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

IRMA DELEON and
ROSEMARY LARA,
    Plaintiffs,      §

§

§

vs.      §

§

§

§

§

PARKE-DAVIS, A DIVISION OF THE   §
WARNER LAMBERT COMPANY;   §
WARNER LAMBERT COMPANY;   §
PFIZER, INC.; SANKYO PHARMA,   §
INC.; SANKYO PARKE-DAVIS;   §
ALBERT SMITH, M.D.; and   §
JOHN W. KRISTENSEN, M.C.   §
    Defendants   §

C.A. No. **B-03-138.1**

(Removed from the 138th Judicial District
Court of Willacy County, Texas)

**JURY DEMANDED**

## CONSENT TO REMOVAL OF SANKYO PHARMA INC.

NOW COMES SANKYO PHARMA INC., one of the named defendants in the above-captioned action, and states as follows:

Defendant Sankyo Pharma Inc. was, and still is, a Delaware Corporation with its principal place of business in New Jersey. Sankyo Pharma Inc., by its undersigned counsel, hereby consents to the removal of the above-captioned action from the 138th Judicial District Court of Willacy County, Texas, to the United States District Court, Southern District of Texas, Brownsville Division, by Defendants, Pfizer, Inc., Warner-Lambert Company, L.L.C., including its unincorporated Parke-Davis Division, and Sankyo Parke-Davis.

Dated: July 31st, 2003

Respectfully submitted,

**HARTLINE, DACUS, BARGER, DREYER**
**& KERN, L.L.P.**
One Shoreline Plaza
800 N. Shoreline Blvd., Suite 2000 - N. Tower
Corpus Christi, Texas  78401
Telephone: (361) 866-8000
Facsimile:  (361) 866-8039


By: _____
      Darrell L. Barger
      State Bar No. 01733800
      Federal ID No. 646

      Ann Hennis
      State Bar No. 09473550
      Federal ID No. 5911

**ATTORNEYS FOR DEFENDANT**
**SANKYO PHARMA INC.**

## CERTIFICATE OF SERVICE

I certify that on the ___6th___ day of August, 2003, a true and correct copy of the foregoing document was forwarded to the following counsel of record via the method indicated below.

_____
Ann Hennis

**VIA CM, RRR**
Michael T. Gallagher
John H. Kim
**GALLAGHER, LEWIS, DOWNEY & KIM**
700 Louisiana, 40th Floor
Houston, Texas 77002
*Attorneys for Plaintiffs*

**VIA U.S. FIRST CLASS MAIL**
Mr. Jack E. Urquhart
Ms. Maria Jorik Courtois
**BEIRNE, MAYNARD & PARSONS, L.L.P.**
1300 Post Oak Blvd., Suite 2500
Houston, Texas 77056-3000
*Attorneys for Pfizer, Inc., Warner-Lambert Company, L.L.C.,*
*including its unincorporated Parke-Davis Division,*
*and Sankyo Parke-Davis.*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

|  |  |  |
|---|---|---|
| IRMA DELEON and, | § | |
| ROSEMARY LARA, | § | |
|      Plaintiffs, | § | |
| | § | Civil Action No. **B-03-138** |
| vs. | § | |
| | § | |
| | § | **(Removed from the** |
| PARKE-DAVIS, A DIVISION OF THE | § | **138th Judicial District Court** |
| WARNER-LAMBERT COMPANY; | § | **of Willacy County)** |
| WARNER-LAMBERTCOMPANY; | § | |
| PFIZER, INC.; SANKYO PHARMA, | § | |
| INC.; SANKYO PARKE-DAVIS; | § | |
| ALBERT SMITH, M.D. and | § | **Jury Demanded** |
| JOHN W. KRISTENSEN, M.D. | § | |
|      Defendants. | § | |

## CONSENT TO REMOVAL

My name is Jack E. Urquhart. I am a lawyer duly licensed to practice law in the State of Texas, and a partner in the law firm of Beirne, Maynard & Parsons, L.L.P. Beirne, Maynard & Parsons, L.L.P. represents defendant Sankyo Parke-Davis in this lawsuit. This defendants join in and consent to Warner-Lambert Company LLC and Pfizer Inc.'s removal of this case to federal court.

Dated: August 6th, 2003

_____

Jack E. Urquhart
Texas Bar No. 20415600    by permission M. Cawley
Federal I.D. 2082

**ATTORNEY-IN-CHARGE FOR DEFENDANT**
**SANKYO PARKE-DAVIS**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

IRMA DELEON and,         §
ROSEMARY LARA,         §
           **Plaintiffs,**       §
                       §       **B-03-138**
**vs.**                       §    **Civil Action No.** _____
                       §
                       §     **(Removed from the**
**PARKE-DAVIS, A DIVISION OF THE**   §    **138th Judicial District Court**
**WARNER-LAMBERT COMPANY;**     §       **of Willacy County)**
**WARNER-LAMBERTCOMPANY;**      §
**PFIZER, INC.; SANKYO PHARMA,**    §
**INC.; SANKYO PARKE-DAVIS;**      §        **Jury Demanded**
**ALBERT SMITH, M.D. and**        §
**JOHN W. KRISTENSEN, M.D.**      §
           **Defendants.**      §

## EXHIBIT E

## ALL CITATIONS ISSUED AND
## EXECUTED PROCESS ON FILE

Citation issued for Service upon Parke-Davis,
A Division of Warner-Lambert Company (issued 7/7/03) ..................... Exhibit E(1)

Citation issued for Service upon Warner-Lambert
Company (issued 7/7/03) ............................................. Exhibit E(2)

Citation issued for Service upon Pfizer Inc.
(issued 7/7/03) ..................................................... Exhibit E(3)

Citation issued for Service upon Sankyo Parke-Davis
(issued 7/7/03) ..................................................... Exhibit E(4)

Citation issued for Service upon Sankyo Pharma Inc.
(issued 7/8/03). .................................................... Exhibit E(5)

Citation issued for Service upon Albert Smith, M.D.
(issued 7/7/03) ..................................................... Exhibit E(6)

Citation issued for Service upon John Kristensen, M.D.
(Issued 7/7/03) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit E(7)

Return of Service upon Albert Smith, M.D. (filed 7/9/03) . . . . . . . . . . . . . . . . . . . . . Exhibit E(8)

Return of Service upon John Kristensen, M.D. (filed 7/9/03) . . . . . . . . . . . . . . . . . . Exhibit E(9)

16-2108—CITATION—PERSONAL SERVICE—DISTRIC  ...  NTY COURT (Revised 8/90) © Class 3-3                                     Hart InterCivic

# CITATION

**THE STATE OF TEXAS**

To ___PAYLE-DAVIS, A DIVISION OF THE NARTH-LAVELT CO.___

___CORPORATION TRUST CO., CORPORATION TRUST CENTER___

___1OC ORANGE ST. WILMINGTON DE 19901___

Defendant_____, in the hereinafter styled and numbered cause: __03-159__

   YOU ARE HEREBY COMMANDED to appear before the _____138TH_____ Court _____

of _____WILLACY_____ County, Texas, to be held at the courthouse of said county in the City of

_____RAYMONDVILLE_____, __WILLACY_____ County, Texas, by filing a written answer to the

petition of plaintiff ___ at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof,

a copy of which accompanies this citation, in cause number _____, styled

_____

_____ILDA DELEON, ET AL_____, Plaintiff____,

vs. _____PAYLE-DAVIS, ET AL_____, Defendant____,

filed in said court on the __29__ day of ___JUNE_____, 20 _03_.

   Plaintiff is represented by __GALLAGHER, LEWIS, ROONEY & HIN_____, whose

address is __800 LOUISIANA 40TH FLOOR_____        __HOUSTON__        __TEXAS__        __77001__
                    street                                              city               state               zip code

   ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, this the _____7TH_____ day of

_____JULY_____, 20 _03_

                              GILBERT LOZANO_____

                         **DISTRICT** Clerk of __WILLACY_____, County, Texas

                         546 W HIDALGO 2ND FLOOR_____
                         Clerk's address
                         RAYMONDVILLE TEXAS        78580_____

                         By _____Deputy.


## NOTICE

   You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Reproduction of this form by any person or party is prohibited.

7-7-03
mail'd to Gallagher
rm 16...

16-2108—CITATION—PERSONAL SERVICE—DISTRIC̄ ᵃ̄̄NTY COURT (Revised 8/90) © Class 3-3　　　　　　　　　　　　　　　　　　　　　　Hart InterCivic

# CITATION

THE STATE OF TEXAS

To　WARNER-LAMBERT COMPANY

CORPORATION TRUST CO., CORPORATION TRUST CENTER

1209 ORANGE ST. WILMINGTON DE 19801

Defendant_____, in the hereinafter styled and numbered cause: 03-159

YOU ARE HEREBY COMMANDED to appear before the _____ 138TH _____ Court _____

of _____WILLACY_____County, Texas, to be held at the courthouse of said county in the City of

_RAYMONDVILLE_____, _____WILLACY_____County, Texas, by filing a written answer to the

petition of plaintiff ___ at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof,

a copy of which accompanies this citation, in cause number _____, styled

_____IRMA DELEON, ET AL_____, Plaintiff___,

vs. _PARKE-DAVIS, ET AL_____, Defendant____ ,

filed in said court on the _29____ day of _JUNE_____, 20 03 .

Plaintiff is represented by _GALLAGHER, LEWIS, DOWNEY & KIM_____, whose

address is _700 LOUISIANA 40TH FLOOR_____　HOUSTON　　TEXAS　　77002 ,
　　　　　　　　street　　　　　　　　　　　city　　　　　　state　　　　　zip code

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, this the _____7TH_____ day of

_____JULY_____, 20 03

_____GILBERT LOZANO_____

DISTRICT Clerk of _WILLACY_____County, Texas

546 W HIDALGO 2ND FLOOR_____
Clerk's address
RAYMONDVILLE　　TEXAS　78580_____ .

By _____ Deputy.

## NOTICE

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

7-7-03
mailed to Gallagher,
Lewis, Downey, Kim Law
Office

Reproduction of this form by any person or party is prohibited.

16-2108—CITATION—PERSONAL SERVICE—DISTRICT COUNTY COURT (Revised 8/90) © Class 3-3       Hart InterCivic

# CITATION

THE STATE OF TEXAS

To   PFIZER, INC

    CORPORTATION TRUST CO., CORPORATION TRUST CENTER

    1209 ORANGE ST. WILMINGTON DE 19801

Defendant_____ , in the hereinafter styled and numbered cause: 03-159

      YOU ARE HEREBY COMMANDED to appear before the _____138TH_____ Court _____

of _____WILLACY_____ County, Texas, to be held at the courthouse of said county in the City of

_____RAYMONDVILLE_____ , _____WILLACY_____ County, Texas, by filing a written answer to the

petition of plaintiff ___ at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof,

a copy of which accompanies this citation, in cause number _____ , styled

_____

_____IRMA DELEON, ET AL_____ , Plaintiff____ ,

vs.   _____PARKE-DAVIS, ET AL_____ , Defendant____ ,

filed in said court on the _29_ day of __JUNE__ , 20_03_ .

      Plaintiff is represented by _____GALLAGHER, LEWIS, DOWNEY & KIM_____ , whose

address is _700 LOUISIANA 40th FLOOR_     HOUSTON     TEXAS     77002 .
       street                         city           state           zip code

      ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, this the ____7TH____ day of

__JULY__ , 20_03_

                                 GILBERT LOZANO

                       DISTRICT Clerk of _WILLACY_ County, Texas

                       546 W HIDALGO 2ND FLOOR
                       Clerk's address
                       RAYMONDVILLE    TEXAS     78580

                       By_____ .Deputy.

## NOTICE

      You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

*7-7-03 mailed to Gallacher, Lewis, Downey & Kim Law office*

Reproduction of this form by any person or party is prohibited.

FILE COPY

16-2108—CITATION—PERSONAL SERVICE—DISTRIC⁻ ⁻ ⁻NTY COURT (Revised 8/90) © Class 3-3                    Hart InterCivic

# CITATION

THE STATE OF TEXAS

To    SANKYO PARKE-DAVIS

    2 HILTON COURT

    PARSIPPANY N.J. 07054

Defendant_____, in the hereinafter styled and numbered cause: 03-159

    YOU ARE HEREBY COMMANDED to appear before the _____138TH_____ Court _____

of _____WILLACY_____ County, Texas, to be held at the courthouse of said county in the City of

_____RAYMONDVILLE_____ , _____WILLACY_____ County, Texas, by filing a written answer to the

petition of plaintiff ___ at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof,

a copy of which accompanies this citation, in cause number _____ , styled

_____IRMA DELEON, ET AL_____ , Plaintiff____,

vs. _____PARKE-DAVIS, ET AL_____ , Defendant____ ,

filed in said court on the __24__ day of __JUNE__ , 20__03__.

    Plaintiff is represented by __GALLAGHER, LEWIS, ROWNEY & KIM__ , whose

address is __700 LOUISIANA 49TH FLOOR__      __HOUSTON__      __TEXAS__      __77002__ .

        street                  city          state          zip code

    ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, this the _____7TH_____ day of

_____JULY_____ , 20__03__

                            GILBERT LOZANO

                          DISTRICT Clerk of _____WILLACY_____ County, Texas

                          546 W HIDALGO 2ND FLOOR

                          Clerk's address

                          RAYMONDVILLE      TEXAS      78580

                          By _____ Deputy.

## NOTICE

    You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

7-7-03
Mail'd to Gallagher, Lewis,
Rowney & Kim

Reproduction of this form by any person or party is prohibited.

FILE COPY

16-2108—CITATION—PERSONAL SERVICE—DISTRIC   ···NTY COURT (Revised 8/90) © Class 3-3                                        Hart InterCivic

# CITATION

THE STATE OF TEXAS

To  SANKYO PHARMA, INC

   C.T. CORPORATION SYSTEM, 350 N ST. PAUL

   DALLAS TEXAS

Defendant_____, in the hereinafter styled and numbered cause: 03-159

   YOU ARE HEREBY COMMANDED to appear before the ___138TH___ Court ___

of ___WILLACY___ County, Texas, to be held at the courthouse of said county in the City of

___RAYMONDVILLE___, ___WILLACY___ County, Texas, by filing a written answer to the

petition of plaintiff ___ at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof,

a copy of which accompanies this citation, in cause number ___, styled

___

___IRMA DELEON, ET AL___, Plaintiff___,

vs. ___PARKE-DAVIS, ET AL___, Defendant___,

filed in said court on the ___29___ day of ___JUNE___, 20_03_.

   Plaintiff is represented by ___GALLAGHER, LEWIS, ROWNEY & KIM___, whose

address is ___700 LOUISIANA 40TH FLOOR___   ___HOUSTON___   ___TEXAS___   ___77002___,
          street                           city               state               zip code

   ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, this the ___7TH___ day of

___JULY___, 20_03_.

                                      GILBERT LOZANO

                                      **DISTRICT**Clerk of ___WILLACY___ County, Texas

                                      546 W HIDALGO 2ND FLOOR
                                        Clerk's address
                                        RAYMONDVILLE   TEXAS   78580

                                        By ___Deputy.

## NOTICE

   You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

7-7-03
mailed to Gallagher,
Lewis, Downey & Kim Law
office

Reproduction of this form by any person or party is prohibited.

FILE COPY

16-2108—CITATION—PERSONAL SERVICE—DISTRICT ... COUNTY COURT (Revised 8/90) © Class 3-3                    Hart InterCivic

# CITATION

**THE STATE OF TEXAS**

To   ALBERT SMITH, M.D.

    165 South 6th Street

    Raymondville Texas 78580

Defendant_____ , in the hereinafter styled and numbered cause: 03-159

    YOU ARE HEREBY COMMANDED to appear before the _____138TH_____ Court _____

of __Willacy_____County, Texas, to be held at the courthouse of said county in the City of

__Raymondville_____ , __Willacy_____County, Texas, by filing a written answer to the

petition of plaintiff ___ at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof,

a copy of which accompanies this citation, in cause number _____ , styled

_____Irma DeLeon, et al_____

_____ , Plaintiff____ ,

vs. __Parke-Davis, et al_____ , Defendant___ ,

filed in said court on the __29__ day of May_____ , 20 03 .

    Plaintiff is represented by _Gallagher, Lewis, Downey & Kim_____ , whose

address is __700 Louisiana 40TH Floor_____ Houston_____ Texas_____ 77002_____

               street                           city                 state              zip code

    ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, this the ____7TH_____ day of

__July_____ , 20 03

                                     GILBERT LOZANO

                            DISTRICT Clerk of _WILLACY_____ . _____County, Texas

                            546 W HIDALGO 2ND Floor

                            Clerk's address

                            Raymondville Texas 78580

                            By _____ .  Deputy.

## NOTICE

    You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

*7-7-03*
*prepared for Rick*
*to serve*

Reproduction of this form by any person or party is prohibited.

FILE COPY

16-2108—CITATION—PERSONAL SERVICE—DISTRICT ~~COUNTY~~ COURT (Revised 8/90) © Class 3-3                    Hart InterCivic

# CITATION

THE STATE OF TEXAS

To ~~JOHN KRISTENSEN, M.D.~~
~~163 South 6TH Street~~
Raymondville Texas  78580

Defendant_____ , in the hereinafter styled and numbered cause: 03-159

    YOU ARE HEREBY COMMANDED to appear before the _____138TH_____ Court _____

of ~~Willacy~~_____ County, Texas, to be held at the courthouse of said county in the City of

__Raymondville_____ , ____Willacy_____ County, Texas, by filing a written answer to the

petition of plaintiff ___ at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof,

a copy of which accompanies this citation, in cause number _____ , styled

_____

____Irma DeLeon, et al_____ , Plaintiff____,

vs. _Parke-Davis, et al_____ , Defendant____ ,

filed in said court on the __29TH__ day of _May_____ , 20 _03_ .

    Plaintiff is represented by _Gallagher, Lewis, Downey & Kim_____ , whose

address is _700 Louisiana 40TH Floor_____ Houston_____ Texas_____ 77002_____ ,
           street                      city               state             zip code

    ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, this the _____7TH_____ day of

_July_____ , 20 _03_

                           GILBERT LOZANO_____

              ~~DISTRICT~~ Clerk of __WILLACY_____ County, Texas

              ~~546 W HIDALGO 2ND Floor~~
              Clerk's address
              __RAYMONDVILLE  TEXAS  78580_____
              By _____ Deputy.

## NOTICE

    You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

7-7-03
prepared for Rick to
serv.

Reproduction of this form by any person or party is prohibited.

FILE COPY

16-2108—CITATION—PERSONAL SERVICE—DISTRIC       'NTY COURT (Revised 8/90) © Class 3-3                                    Hart InterCivic

# CITATION

THE STATE OF TEXAS

To  __ALBERT SMITH, M.D.__ _____

  __165 South 6th Street__ _____

  __Raymondville Texas   78580__ _____

Defendant_____, in the hereinafter styled and numbered cause: __03-159__

  YOU ARE HEREBY COMMANDED to appear before the _____138TH_____ Court _____

of __Willacy_____County, Texas, to be held at the courthouse of said county in the City of

__Raymondville_____, __Willacy_____County, Texas, by filing a written answer to the

petition of plaintiff ___ at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof,

a copy of which accompanies this citation, in cause number _____, styled

_____Irma DeLeon, et. al_____

_____, Plaintiff____,

vs. __Parke-Davis, et al_____, Defendant____,

filed in said court on the __29__ day of __May_____, 20__03__.

  Plaintiff is represented by __Gallagher, Lewis, Downey & Kim_____, whose

address is __700 Louisiana 40TH Floor_____    __Houston__    __Texas__    __77002__
                        street                                    city                    state            zip code

  ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, this the ____7TH_____ day of

__July_____, 20__03__

                              GILBERT LOZANO
_____

__DISTRICT__ Clerk of __WILLACY_____County, Texas

__546 W HIDALGO 2ND Floor__
Clerk's address
__Raymondville Texas   78580__

By _____Deputy.

### NOTICE

  You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued
this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition,
a default judgment may be taken against you.



Reproduction of this form by any person or party is prohibited.
RETURN TO COURT COPY

16-2100—CITATION—PERSONAL SERVICE—DISTRICT   NTY COURT (Revised 8/90) © Class 3-3                                    Hart InterCivic

# CITATION

THE STATE OF TEXAS

To ___JOHN KRISTENSEN, M.D._____

___165 South 6TH Street_____

___Raymondville Texas  78580_____

Defendant_____, in the hereinafter styled and numbered cause: 03-159

    YOU ARE HEREBY COMMANDED to appear before the _____138TH_____ Court _____

of __Willacy_____County, Texas, to be held at the courthouse of said county in the City of

__Raymondville_____, __Willacy_____County, Texas, by filing a written answer to the

petition of plaintiff ___ at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof,

a copy of which accompanies this citation, in cause number _____, styled

___Irma DeLeon, et al_____, Plaintiff____,

vs. __Parke-Davis, et al_____, Defendant____,

filed in said court on the __29TH__ day of __May_____, 20_03_.

    Plaintiff is represented by __Gallagher, Lewis, Downey & Kim_____, whose

address is __700 Louisiana 40TH Floor_____ __Houston_____ __Texas_____ __77002_____,
                  street                        city           state          zip code

    ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, this the _____7TH_____ day of

__July_____, 20_03_

                            GILBERT LOZANO

               DISTRICT Clerk of __WILLACY_____, County, Texas

               546 W HIDALGO 2ND Floor_____
               Clerk's address

               RAYMONDVILLE   TEXAS   78580_____

               By _Isabel Adame_____, Deputy.

# NOTICE

    You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.



FILED
JUL 9 2003
Gilbert Lozano, Dist. Clerk, Willacy Co.
By _____ Deputy

Reproduction of this form by any person or party is prohibited.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

IRMA DELEON and,  §
ROSEMARY LARA,  §
        Plaintiffs,  §
  §
  §    Civil Action No.  **B-03-138ᴅ**
vs.  §
  §    **(Removed from the**
  §    **138ᵗʰ Judicial District Court**
PARKE-DAVIS, A DIVISION OF THE  §    **of Willacy County)**
WARNER-LAMBERT COMPANY;  §
WARNER-LAMBERTCOMPANY;  §
PFIZER, INC.; SANKYO PHARMA,  §
INC.; SANKYO PARKE-DAVIS;  §    **Jury Demanded**
ALBERT SMITH, M.D. and  §
JOHN W. KRISTENSEN, M.D.  §
        Defendants.  §

## EXHIBIT F

### ALL PLEADINGS ASSERTING CAUSES OF ACTION AND
### ALL ANSWERS TO SUCH PLEADINGS

1.    Plaintiff's Original Petition (filed 05/29/03) . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit F(1)

2.    Defendant John W. Kristensen, M.D.'s
    Special Exceptions and Original Answer (filed 7/16/03) . . . . . . . . . . . . . . . . Exhibit F(2)

3.    Defendant Albert Smith, M.D.'s
    Special Exceptions and Original Answer (filed 7/16/03) . . . . . . . . . . . . . . . . Exhibit F(3)

4.    Defendant Sankyo Pharma Inc.'s
    Original Answer (filed 08/04/03) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit F(4)

5.    Defendant Warner-Lambert Company LLC's
    Original Answer (filed 08/04/03) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit F(5)

6.    Defendant Pfizer Inc.'s
    Original Answer (filed 08/04/03) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit F(6)

7.    Defendant Sankyo Parke-Davis'
    Original Answer (filed 08/04/03) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit F(7)

03-159

CAUSE NO. _____

| | | |
|---|---|---|
| IRMA DELEON and<br>ROSEMARY LARA | §<br>§<br>§ | IN THE DISTRICT COURT |
| VS. | §<br>§ | OF **138**  - ‾ ‾ |
| | § | |
| PARKE-DAVIS, A DIVISION OF THE | § | |
| WARNER-LAMBERT COMPANY; | § | |
| WARNER-LAMBERT COMPANY; | § | |
| PFIZER, INC.; SANKYO PHARMA, | § | |
| INC.; SANKYO PARKE-DAVIS; | § | |
| ALBERT SMITH, M.D. and | § | |
| JOHN W. KRISTENSEN, M.D. | § | WILLACY COUNTY, T E X A S |

## PLAINTIFFS' ORIGINAL PETITION

COME NOW PlaintiffS in the above-styled and numbered cause, by and through their attorneys of record, and file this their Original Petition against the Defendants and in support thereof would show unto the Court the following:

1.      Plaintiffs are as follows:

a.      Plaintiff, IRMA DELEON currently is a resident of Willacy County, Texas.

b.      Plaintiff, ROSEMARY LARA currently is a resident of Willacy County, Texas.

2.      The Defendants and their addresses are:

a.      ALBERT SMITH, M.D. is a doctor practicing medicine in Raymondville, Willacy County, Texas.

b.      JOHN W. KRISTENSEN is a doctor practicing medicine in Raymondville, Willacy County, Texas.



MAY 2 9 2003
177306

Gilberto Lozano, Dist. Clerk, Willacy Co.
By_____Deputy

-1-

b.   Defendant, PARKE-DAVIS, A division of the Warner-Lambert Company, (hereafter referred to as "Parke-Davis"), may be served with process by Certified Mail, Return Receipt Requested, Delivery Restricted to addressee, at its principal offices at 201 Tabor Road, Morris Plains, New Jersey 07950, or by serving its registered agent, Corporation Trust Company at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

c.   WARNER-LAMBERT COMPANY (hereinafter referred to as Warner-Lambert) is a Delaware Corporation that is doing business in Texas. Defendant's principal offices are at 201 Tabor Road, Morris Plains, New Jersey 07950. Alternatively, Defendant may be served with process herein by serving its registered agent by Certified Mail, Return Receipt Requested, Delivery Restricted to addressee at Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

d.   PFIZER, INC. is a Delaware corporation that is doing business in Texas. Defendant's principal offices are at 235 E. 42nd Street, New York, NY 10017. Defendant may be served with process herein by serving its registered agent by Certified Mail, Return Receipt Requested, Delivery Restricted to addressee, at Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801. Pfizer completed its merger with Warner-Lambert on June 19, 2000. Following the merger, Warner-Lambert became Pfizer's wholly owned subsidiary. Under the

plan of merger, all debts, liabilities and duties of Warner-Lambert"
became the "debts, liabilities, and duties" of Pfizer.

e.  SANKYO PHARMA, INC. a U.S. Subsidiary of Tokyo-Based Sankyo
Co., Ltd., is a Business Corporation doing business in Texas. This
Defendant may be served by serving its registered agent by Certified Mail,
Return Receipt Requested, Delivery Restricted to addressee at C.T.
Corporation System, 350 N. St. Paul, Dallas, Texas.

f.  SANKYO PARKE-DAVIS is a Joint Venture between Sankyo Pharma
and Parke-Davis is a Business Corporation doing business in the State of
Texas. This defendant may be served by serving a representative of
Defendant by Certified Mail, Return Receipt Requested, Delivery
Restricted to addressee, at its principal place of business which its located
offices are at 2 Hilton Court, Parsippany, N.J. 07054.

3.  These defendants will be referred to herein collectively as Defendants.

## JURISDICTION

4.  Plaintiffs' claims are brought solely under Texas law, and Plaintiffs state that they
do not bring any claims and disclaims any and all claims under any federal laws,
statutes, or regulations.

5.  The damages suffered and sought to be recovered herein are in excess of the
minimum jurisdictional limits of this Court.

6.  Defendants are subject to the *in personam* jurisdiction of the Court by virtue of
the fact that they did and are doing business within the State of Texas and
committed a tort in whole or in part in this state against the Plaintiffs, as more

fully set forth herein.  Further, no diversity jurisdiction exists, in that at least one Plaintiff and at least one Defendant are residents of Texas.

## VENUE

7.      The Plaintiffs' cause of action occurred in Willacy County, Texas.  The Plaintiff, IRMA DELEON, and ROSEMARY LARA were prescribed the diabetes medication, Rezulin, in Willacy County, Texas, took the prescribed diabetes medications in Willacy County, Texas, sustained injury as a result thereof in Willacy County, Texas.  Accordingly, venue (and jurisdiction) are properly in this, a statutory probate court, pursuant to the provisions Tex. Civ. Prac. & Rem. Code, Chap.15§ 15.002(a)(1).

## VIII.

8.      Plaintiffs would show that all conditions precedent to the filing of this action have been satisfied.  Plaintiffs have complied fully and completely with the requirements of Article 4590(i) et seq. of the Revised Civil Statutes of Texas.

## FACTS

9.      The Plaintiff, IRMA DELEON was initially prescribed and provided Rezulin by her physician, ALBERT SMITH, M.D., Willacy County, Texas.  The Plaintiff ROSEMARY LARA was initialy prescribed and provided Rezulin by her physician, JOHN W. KRISTENSEN.  Rezulin was manufactured by Parke-Davis, Warner-Lambert, Pfizer, Inc., Sankyo Pharma, Inc., and Sankyo Parke-Davis.

10.     Prior to taking Rezulin, the Plaintiffs were diagnosed as diabetic, but were otherwise in reasonably stable health, given the nature of their then-existing

illness. Since the Plaintiffs took the Defendants' Rezulin drug, they have suffered physical and emotional injuries.

11. Defendants, Parke-Davis, Warner-Lambert, Pfizer, Inc., Sankyo Pharma, Inc., and Sankyo Parke-Davis, the manufacturers of Rezulin, are in the business of distributing and selling pharmaceuticals, including Rezulin, in the State of Texas.

12. Parke-Davis, Warner-Lambert, Pfizer, Inc., Sankyo Pharma, Inc., and Sankyo Parke-Davis are pharmaceutical companies that manufacture and market prescription medications and over-the-counter medications.

13. Rezulin carries the risk of serious side effects including: (a) hepatic dysfunction; (b) liver failure; ©) jaundice; (d) hepatitis; (e) heart disease, and/or (f) death.

14. There were insufficient studies regarding the safety and efficacy of the drug Rezulin and serious doubts existed as to its safety and its efficacy.

## COUNT ONE
## STRICT LIABILITY TORT

15. Plaintiffs adopt by reference the allegations contained and set forth above.

16. Defendants, at all times relevant hereto, were engaged in the marketing, distribution and sale of Rezulin. Said Defendants are strictly liable in tort to the Plaintiffs for the following reasons:

a. The Rezulin drug was defective, unsafe and unreasonably dangerous for its intended and/or foreseeable uses.

b. In designing, manufacturing, distributing and prescribing a pharmaceutical product in such an unreasonably dangerous condition that it was likely to cause harm to users thereof when being used for its intended use.

c.    In distributing and selling said product not accompanied by adequate warnings of the dangers that were known or knowable at the time of marketing.

d.    Defendants knew that Rezulin would be used by the consumer without inspection for defects therein.

e.    Defendants expected and knew that their drug would reach the users and was in fact received by the Plaintiffs without change in the condition in which the drug was first manufactured and sold.

f.    Plaintiffs herein were a foreseeable user of the product and used the product in its intended manner and suffered serious harm because of said use.

g.    As a direct and proximate result of the defects of the product herein sold by these Defendants, Plaintiffs have incurred damages.

## COUNT TWO
## NEGLIGENCE

17.    Plaintiffs adopt by reference the allegations contained and set forth above.

18.    Defendants are liable to the Plaintiffs for negligence in one or more of the following particulars, which negligence was a proximate or contributing cause of the harm and injuries suffered by the Plaintiffs as follows:

a.    In negligently and carelessly examining, marketing or preparing said drug in such a manner that it was likely to injure the user of said product.

b.      By so carelessly and negligently packaging or distributing said product that the drug was unsafe when it reached the hands of the consuming public, including the Plaintiffs herein.

c.      In negligently and carelessly failing to warn the Plaintiffs of all of the risks associated with the use of said drug.

d.      In negligently and carelessly failing to warn the consuming public of the unreasonably dangerous defects associated with said drug after said Defendants had knowledge of the same, thereby breaching the continuing duty to warn.

e.      In negligently and carelessly failing to adequately test and evaluate said drug prior to placing the same into the general stream of commerce.

19.     As a direct and proximate result of the negligence of the Defendants, as set forth herein above, Plaintiffs sustained injuries and damages, as aforesaid.

## COUNT THREE
## BREACH OF IMPLIED WARRANTY

20.     Plaintiffs adopt by reference the allegations contained and set forth above.

21.     At all times material herein, the Defendants sold and distributed Rezulin and knew the use for which the aforesaid drug was being used by Plaintiffs and impliedly warranted to Plaintiffs that the drug was of merchantable quality and safe for its intended use.

22.     Plaintiffs relied upon these Defendants and their judgment in using the aforesaid drug.

23. The Rezulin drug supplied by these Defendants was neither safe for its intended use nor of merchantable quality, as warranted by these Defendants, in that the drug had dangerous side effects.

## COUNT FOUR
## NEGLIGENT MISREPRESENTATION

24. Plaintiffs adopt by reference the allegations contained and set forth above.

25. The Defendants at all times material hereto engaged in a strategy to promote and sell this product. Although these Defendants knew, or should have known, that dangerous risks were associated with the use of the drug, the Defendants proceeded with the manufacture and sale of this drug and permitted it to be advertised, promoted and sold without adequate warnings as to the serious side effects and dangerous risks to the consuming public.

26. Defendants created, financed, supported and participated in advertising campaigns throughout the United States that glamorized the success and safety of Rezulin as, among other things, a "once-a-day" pill that would allow some individuals diagnosed with adult-onset "Type II diabetes to halt injections". They knew about, financed, assisted, supported and traded upon the use of the name Rezulin in order to create consumer demand for the drug. They created, financed and participated in the publication and distribution of pamphlets, brochures, advertisements and promotional material promoting the medication for use, in the offices of doctors, hospitals and clinics and other health care providers, and to the public through direct consumer marketing. These advertisements and marketing programs contained misrepresentations and omissions of facts that were intended

to create in the minds of the consuming public the false sense and feeling that said medication was safe for the control of diabetes with minimum side effects.

27.   As part of said strategy, Defendants consciously ignored and understated the health risks associated with Rezulin, including the use of testimonials and the manipulation of statistics to suggest acceptability in the medical and lay community while serious side effects and risks were not identified or publicized in said advertisements. They failed to advise or warn the public, doctors, hospitals, or clinics that there were special risks associated with said medication.

28.   Defendants marketing strategy occurred before and continued after the release of critical information by the FDA, the British Medicines Control Agency and reliable reporting agencies, such as the Los Angeles Times. Reports from said agencies strongly linked the Rezulin drug to liver failure and death to a statistically significant number of patients.

29.   Defendants continued to market and sell the Rezulin drug even after it was pulled from the market in Great Britain because of its unreasonable risk to users.

30.   Defendants negligently failed to warn the public of high risks associated with the use of Rezulin.

31.   Each of the Defendants were, therefore, guilty of misrepresentation and omissions of material facts to the Plaintiffs concerning the dangers inherent in said drug.

32.   The representations and omissions made by Defendants were material and significant to the Plaintiffs.

33.    Defendants failed to exercise reasonable care in marketing said drugs and Plaintiffs reasonably relied on the misrepresentations and omissions of said Defendants and suffered damages as a direct result of their reasonable reliance.

## COUNT FIVE
## FRAUD AND DECEIT

34.    Plaintiffs adopt by reference the allegations contained and set forth above.

35.    Defendants conspired together to defraud and deceive Plaintiffs and members of the general public in Texas for the purpose of inducing the purchase and consumption of the Rezulin drug.

36.    The Defendants knew or should have known that their Rezulin drug was defective and unreasonably dangerous. Notwithstanding this knowledge, Defendants, acting individually and in concert, engaged in a fraudulent advertising, marketing and distribution scheme for their Rezulin drug for the sole purpose of furthering their financial gain.

37.    The aforesaid plan or scheme was carried out in substantially the following manner:

a.    Rezulin was falsely and fraudulently marketed and advertised as a safe once a day drug that could result in some people eventually being able to stop using insulin.

b.    The Defendants prepared or caused to be prepared warnings and instructions on the use of Rezulin which were false and misleading. Said warnings and instructions falsely misrepresented the results of clinical trial tests on the Rezulin drug. For instance, the Defendants did not

disclose the fact that there was evidence of significant liver damage and heart disease among the clinical trial participants. The Defendants further failed to disclose the substantial risk of other injuries and death associated with the use of their drug.

c.  Defendants falsely and fraudulently represented to physicians, pharmacists and others authorized to dispense the Rezulin drug, Plaintiffs and members of the general public, that despite reports from various sources that the Rezulin drug was unreasonably dangerous to its users, the drug was in fact safe and that the Defendants had ongoing clinical tests which proved that the drug was safe to continue to be used, and that any reports to the contrary were false.

d.  Defendants, with the intent to deceive and defraud, failed to inform and advise Plaintiffs and members of the general public that shortly after the Rezulin drug was marketed in Great Britain, in 1997, its sale was suspended and subsequently banned from sale in Great Britain because of the drug's unreasonable danger to the British public.

e.  Defendants, with the intent to deceive and defraud, failed to inform and advise Plaintiffs and members of the general public that there were scientists involved as principle investigators in Rezulin diabetes-prevention studies conducted by the National Health Institute, who were acting at the same time as consultants for Warner-Lambert, and whose efforts were financed by the Defendant Warner-Lambert. Some of the scientists were also issued grants by the Defendant Warner-Lambert while

acting as "principle investigators" for the Rezulin drug and/or consultants for Parke-Davis and/or Warner-Lambert. None of these important facts were disclosed by the Defendants when the Rezulin drug was promoted and marketed to Plaintiffs and other members of the general public.

f.    Defendants, with the intent to deceive and defraud Plaintiffs, failed to inform and advise Plaintiffs and members of the general public that the longer Rezulin is taken by a patient, the higher the chance of liver failure.

g.    The Defendants, with the intent to deceive and defraud Plaintiffs, failed to inform and advise Plaintiffs and members of the general public that the defendants presented no evidence, at the time they sought fast-tract review from the FDA , from the clinical trials showing that Rezulin prolonged lives.

h.    Defendants, with the intent to deceive and defraud Plaintiffs, fraudulently originally marketed, and represented that the Rezulin drug had side effects "comparable to placebo."

i.    Defendants, with the intent to deceive and defraud Plaintiffs, fraudulently over the past two and a half years, repeatedly assured that the risk of liver failure to patients was very rare and declining.

j.    Defendants, with the intent to deceive and defraud Plaintiffs, fraudulently represented in June of 1998, that Rezulin did not cause the liver failure and death of a participant in a nationwide clinical trial and further falsely stated that "recent changes in Rezulin labeling which induced new liver monitoring guidelines, have proven effective". At said time, the

Defendants knew that the reported liver failures and deaths were steadily increasing.

k. Defendants, with the intent to deceive and defraud Plaintiffs, fraudulently represented in a "fiction vs. facts" statement in March of 1999, that "most Rezulin-related liver deaths were before the last label change in July, 1998. . . the risk for Jaundice and death due to liver failure and transplant substantially decline after six to eight months of therapy." The Defendants knew that each of said statements were false at the time they were made and that they would be relied on by the Plaintiffs and the general public.

l. Defendants, with the intent to deceive and defraud Plaintiffs, fraudulently failed to inform Plaintiffs and members of the general pubic that their own clinical trials showed substantial adverse health effects to clinical trial patients which were not being disclosed, including liver damage, liver failure, and heart disease. Instead of stating the truth regarding these factors, Defendants continuously misled the Plaintiffs by stating that ongoing "clinical tests" proved that Rezulin was a safe drug.

m. Defendants in furtherance of their scheme to deceive and defraud the Plaintiffs and other members of the general public failed to disclose that in October, 1996, FDA medical officer John L Gueriguian cited Rezulin's potential to harm the liver in his recommendation not to approve the drug for public consumption.

n. Defendants, in an effort to cover up and conceal their defective product and the truth about its harm to the health of patients, fraudulently

represented to Plaintiffs and the public that Rezulin could be safely taken with regular monitoring of liver functions, while knowing from data and information they had obtained or generated through their own efforts, and information which had been obtained, gathered or produced by the FDA and its medical officer David J. Graham, that the monitoring of liver function through monthly blood tests was insufficient to save them patients from injury and/or sudden death.

o.   Defendants, with the intent to deceive, defraud and further their efforts to sell their defective product to Plaintiffs and the general public, falsely promoted Rezulin as a drug whose safety was backed up with clinical tests. Defendants in said promotional efforts withheld information necessary for Plaintiffs to make informed decisions on whether to consume Rezulin. Defendants further fraudulently failed to inform Plaintiffs and the general public that during the two-year period after March 1997, 53 fatalities were linked to the use of Rezulin and of that number, 21 of the deaths were associated with liver failure.

p.   Defendant fraudulently withheld from Plaintiffs and the general public the fact that four health insurance carriers as of December, 1999, were denying or restricting coverage for Rezulin because of safety concerns.

q.   Defendants fraudulently failed to inform Plaintiffs and the general public that deaths associated with the use of Rezulin persisted despite four FDA sanctioned labeling changes in the recommended use of said drug.

r.    Defendants fraudulently failed to inform Plaintiffs and the general public that Rezulin patients are 1,200 times more likely to suffer liver failure than those who take other medications.

s.    Defendants fraudulently failed to inform Plaintiffs and the general public that diabetes specialists at the Mayo Clinic had recommended removal of Rezulin for patients because of the Aextra risks associated with the use of Rezulin.

t.    Defendants fraudulently failed to inform Plaintiffs and the general public the National Health Institute study of the Rezulin drug was funded in part by Defendant Warner-Lambert with a pledge of $20.3 million dollars in exchange for rights to market "any invention arising" from the project, and that Defendant Warner-Lambert in 1998 withdrew the $20.3 million dollar commitment after the National Health Institute dropped Rezulin from its study.

u.    Defendants fraudulently failed to inform Plaintiffs and the general public that a person listed as the sole inventor or co-inventor of Rezulin advocated Rezulin's selection for the National Health Institute's study, while his company accepted a diabetes research grant from Warner-Lambert which could total in excess of $50 million. This association, which went undisclosed by Defendants, was important for Plaintiffs and others using Rezulin to know in order to make informed decisions on whether to use Rezulin.

v.    Defendants fraudulently failed to inform Plaintiffs and the general public that data from their own clinical trials showed that 2.2% of Rezulin users showed liver damage.

38.    As a direct result of the aforesaid scheme devised and agreed upon and participated by Defendants, the Plaintiffs and others in reliance thereon continued to take the Rezulin drug at great risk and damage to their health.

39.    At the time each of the false representations were made by Defendants as stated herein, they were known to be false by the Defendants, and were made for the sole purpose of deceiving and defrauding the Plaintiffs.

40.    As a direct and proximate result of the fraud and deceit by Defendants, Plaintiffs sustained injuries and damages as aforesaid.

## NEGLIGENCE

43.    Plaintiffs adopts by reference the allegations contained and set forth.

44.    Defendants knew or should have known that the Rezulin drug they assisted in dispensing and selling to Plaintiffs, citizens of the State of Texas, and, in particular, the citizens of Willacy County, Texas, was defective and unreasonably dangerous.

45.    Said Defendants had a duty to truthfully report and use reasonable means and efforts to ascertain the truth of the representations they were making to Plaintiffs.

46.    Defendants negligently failed in their duty to Plaintiffs and, as a proximate and/or contributory result thereof Plaintiffs suffered the injuries complained of herein.

## AGENT MISREPRESENTATION

47.    Plaintiffs adopts by reference the allegations contained and set forth above.

48.     The Defendant doctors and/or health care providers, committed the following acts of intentional misrepresentation to the Plaintiffs.

(1)     Representation about Rezulin and its effects and side effects.

(2)     The information they were providing the Plaintiffs was false and inaccurate;

(3)     The false information provided was material in nature;

(4)     They knew that the representations and statements they were making to the Plaintiffs were false;

(5)     They intended for the Plaintiffs to rely on and act upon the misrepresentations they made;

(6)     They knew that the Plaintiffs was not well educated with regard to medical and pharmaceutical matters.

(7)     The Plaintiffs relied on the representation made by Defendants; and

(8)     The Plaintiffs had a right to rely on the representations.

## COUNT EIGHT

49.     Plaintiffs adopt by reference the allegations contained and set forth above.

50.     Each of the Defendant doctors and/or health care providers were negligent in prescribing, causing or enabling the prescription and delivery of Rezulin to the Plaintiffs, such negligence includes, but is not limited to, the improper prescription and delivery of Rezulin and failure to properly inform and advise the deceased about the potential risks and hazards of such prescription.

177306                                          -17-

WHEREFORE, Plaintiffs now bring this action against Defendants herein above named and demand judgment of and against said Defendants, jointly and severally, in an amount sufficient to reasonably fully compensate the Plaintiffs and within the minimal jurisdictional amount of the court and for exemplary damages, pre and post judgment interest and all costs of court.

Respectfully submitted,

GALLAGHER, LEWIS, DOWNEY & KIM

By:_____

Michael T. Gallagher
TBA #07586000
John H. Kim
TBA #00784393
700 Louisiana, 40th Floor
Houston, Texas 77002
(713) 222-8080
(713) 222-0066 FAX

ATTORNEYS FOR Plaintiffs

177306                            -18-

# GALLAGHER, LEWIS, DOWNEY & KIM

**Attorneys At Law**
Bank of America Bldg.
700 Louisiana, 40th floor
Houston, Texas 77002-5000
(713) 222-8080 Fax (713) 238-7852

Michael T. Gallagher
Board Certified
Personal Injury Trial Law

May 28, 2003

Mr. Gilbert Lozano
Willacy County District Clerk
546 W. Hidalgo Avenue, 2nd Floor
Raymondville, TX 78580

Re:    Cause No. 0 3 - 1 5 9 _____; Irma Deleon, et al vs. Warner Lambert, et al; Willacy
       County, Texas

Dear Mr. Lozano:

Enclosed for filing please find the original and one copy of Plaintiff's Original Petition.
Please file stamp the additional copy and return to us in the self-addressed stamped envelope
provided. We have enclosed our firm check in the amount of $138.00 to pay the filing fee in this
matter.

**WE ARE NOT REQUESTING ANY CITATIONS OR SERVICE ON ANY
DEFENDANT AT THIS TIME.**

As always, we thank you for your courtesy in this matter

Sincerely,

Gallagher, Lewis, Downey & Kim



Michael T. Gallagher

MTG/jk
Enclosure



THE GALLAGHER LAW FIRM / OPERATING ACCOUNT

Willacy County Dist. Clerk

| Date | Type | Reference | | Original Amt. | | 5/28/2003 | | |
|------|------|-----------|--|---------------|--|-----------|--|--|
| 05/28/2003 | Bill | | | 138.00 | Balance Due 138.00 | Discount | Check Amount | Payment 138.00 |

22111

Frost Bank - Operating          Irma DeLeon 01-446770

03-159

**THE GALLAGHER LAW FIRM / OPERATING ACCOUNT**

Willacy County Dist. Clerk

| Date | Type | Reference | | Original Amt. | Balance Due | 5/28/2003 Discount | Payment |
|------|------|-----------|--|---------------|-------------|--------------------|---------| 
| 05/28/2003 | Bill | | | 138.00 | 138.00 | Check Amount | 138.00 |

PAYMENT RECORD
03-159

Frost Bank - Operating          Irma DeLeon 01-446770          138.00

177872 (6/02)

# GALLAGHER, LEWIS, DOWNEY & KIM

Attorneys at Law
Bank of America Center
700 Louisiana, 40th Floor
Houston, Texas 77002
(713) 222-8080 Facsimile (713) 222-0066

**Michael T. Gallagher**
Board Certified
Personal Injury Trial Law

July 1, 2003

Mr. Gilbert Lozano
District Clerk for Willacy County
546 W. Hidalgo Avenue
Raymondville, TX 78580

      Re:    Cause No. 03-159; Irma DeLeon, et al *vs. Parke-Davis, et al*; In the Judicial District
             Court of Willacy County, Texas.

Dear Mr. Lozano:

      We have enclosed our firm's check in the amount of $172.00 to cover the issuance of seven
(7) citations and service of two (2) citations by the Sheriff. We have also enclosed 7 copies of the
petition to be served for attachment to each citation.

      Please prepare the citations listed below and forward them to the Sheriff for service:

1.      Albert Smith, M.D. may be served with process at 165 South 6th Street,
         Raymondville, TX 78580;

2.      John Kristensen, M.D. may be served with process at Family Physicians 165 South
         6th Street, Raymondville, TX 78580;

Please prepare citations for the defendants listed below and return them to this office:

3.      PARKE-DAVIS, A division of the Warner-Lambert Company, (hereafter referred to
         as "Parke-Davis"), may be served with process by Certified Mail, Return Receipt
         Requested, Delivery Restricted to addressee, at its principal offices at 201 Tabor
         Road, Morris Plains, New Jersey 07950, or by serving its registered agent,
         Corporation Trust Company at Corporation Trust Center, 1209 Orange Street,
         Wilmington, DE 19801;

4.      WARNER-LAMBERT COMPANY (hereinafter referred to as Warner-Lambert) is
         a Delaware Corporation that is doing business in Texas. Defendant's principal offices

are at 201 Tabor Road, Morris Plains, New Jersey 07950. Alternatively, Defendant may be served with process herein by serving its registered agent by Certified Mail, Return Receipt Requested, Delivery Restricted to addressee at Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801;

5.    PFIZER, INC. is a Delaware corporation that is doing business in Texas. Defendant's principal offices are at 235 E. 42nd Street, New York, NY 10017. Defendant may be served with process herein by serving its registered agent by Certified Mail, Return Receipt Requested, Delivery Restricted to addressee, at Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801;

6.    SANKYO PHARMA, INC. a U.S. Subsidiary of Tokyo-Based Sankyo Co., Ltd., is a Business Corporation doing business in Texas. This Defendant may be served by serving its registered agent by Certified Mail, Return Receipt Requested, Delivery Restricted to addressee at C.T. Corporation System, 350 N. St. Paul, Dallas, Texas; and

7.    SANKYO PARKE-DAVIS is a Joint Venture between Sankyo Pharma and Parke-Davis is a Business Corporation doing business in the State of Texas. This defendant may be served by serving a representative of Defendant by Certified Mail, Return Receipt Requested, Delivery Restricted to addressee, at its principal place of business which its located offices are at 2 Hilton Court, Parsippany, N.J. 07054.

I have enclosed a self addressed stamped envelope for returning the issued citations to this office. Should you have any questions or concerns, please contact my assistant, Joe Kingston.

Thank you for your assistance in this matter.

Sincerely,

*Michael Gallagher*
*by permission*
Michael T. Gallagher

MTG/jk
enclosures



3-7 citations mailed
back to Gallagher, Lewis,
Downey + Kim on 7-7-03

CAUSE NO. 03-159

| | | |
|---|---|---|
| IMRA DeLEON and ROSEMARY LARA, | § § § | IN THE DISTRICT COURT |
| v. | § § | OF WILLACY COUNTY, TEXAS |
| PARK DAVIS, A DIVISION OF THE WARNER-LAMBERT COMPANY; WARNER-LAMBERT COMPANY; PFIZER, INC.; SANKO PHARMA, INC.; SANKYO PARKE-DAVIS; ALBERT SMITH, M.D. AND JOHN W. KRISTENSEN, M.D. | § § § § § § § § | 138th JUDICIAL DISTRICT |

## DEFENDANT JOHN W. KRISTENSEN, M.D.'S
## SPECIAL EXCEPTIONS AND ORIGINAL ANSWER

**TO THE HONORABALE JUDGE OF SAID COURT:**

COMES NOW John W. Kristensen, M.D., a Defendant in the above-entitled cause, and makes and files his Special Exceptions and Original Answer as follows:

### I.

Defendant specially excepts to Plaintiffs' Original Petition in its entirety for the reason that said Petition fails to set forth the maximum amount in controversy pursuant to Texas Revised Civil Statutes Article 4590i. Defendant prays that this Court enter an order requiring Plaintiffs to notify Defendant by correspondence not to be filed with the Court of the maximum amount in controversy sought herein.



FILED

JUL 1 6 2003

Gilbert Lozano, Dist. Clerk, Willacy Co.
By _____ Deputy

DEFENDANT JOHN W. KRISTENSEN, M.D.'S SPECIAL EXCEPTIONS AND ORIGINAL ANSWER

Document # 71814

**II.**

Defendant denies each and every, all and singular, the material allegations set forth herein, and demands strict proof thereof, by a preponderance of the evidence, pursuant to Texas Rule of Civil Procedure 92.

**III.**

Defendant affirmatively pleads that he is a "health care provider" and that Plaintiffs' claims against this Defendant constitute "health care liability claims", as those terms are defined by Texas Revised Civil Statutes Article 4590i. Accordingly, Defendant is entitled to all of the protections under Article 4590i, including, but not limited to, the two-year statute of limitations provided therein.

**IV.**

Pleading affirmatively, if same be necessary, Defendant would pray that in the event a verdict is returned against him, that the damages award be limited as mandated by Section 11.02 of Texas Revised Civil Statutes article 4590i and Section 11.03 of said act, if applicable. In the alternative, Defendant would assert that any recovery by Plaintiffs be limited in accordance with Section 11.03 of said act.

**V.**

Pleading affirmatively, if same be necessary, Defendant affirmatively pleads the limitation of damages provisions contained in Texas Revised Civil Statutes article 4590i, Sections 16.01 and 16.02, or Chapter 304 of the Texas Finance Code, as superseded by Section 311.031(c) of the Texas Government Code, whichever is less. Specifically, Defendant asserts that pre-judgment interest shall not accrue until the earlier of 180 days after the date this

Defendant received notice of the claim or the date suit was filed, and that same be calculated as simple interest compounded annually.

## VI.

Defendant denies any and all liability on his part to Plaintiffs. In the unlikely event, however, that the Court or jury finds this Defendant, along with any other defendant, liable to Plaintiffs for damages in this matter, Defendant respectfully requests that the Court enter a judgment for contribution among Defendants pursuant to Section 33.001 *et seq.* of the Texas Civil Practice and Remedies Code, or any other applicable statute or common law rule.

## VII.

Defendant further pleads that if one or more of the defendants enters into an agreement with any or all Plaintiffs, then this Defendant is entitled to a full credit, offset, pro rata reduction or percentage reduction based upon the percentage of fault or causation attributable to the settling Defendant(s) herein, and makes known to the other parties and to the Court that he will avail himself of his rights under Section 33.001 *et seq.* of the Texas Civil Practice and Remedies Code. In this regard Defendant specifically reserves the right to submit issues against parties who may be present in this case or absent from this case at the time this matter is submitted to the jury for fact determination. Notwithstanding, Defendant is not making any such election at this time.

## VIII.

Pleading affirmatively, Defendant asserts that Plaintiff's claims against this Defendant are barred by the two-year statute of limitations in Texas Revised Civil Statutes Article 4590i.

WHEREFORE, PREMISES CONSIDERED, Defendant John W. Kristensen, M.D. prays that the special exceptions herein be sustained and that upon trial hereof, Plaintiff take nothing,

Defendant goes hence without day and recovers his costs and the Court award such other and further relief to which he may be justly entitled.

Respectfully Submitted,

**Stinnett Thiebaud & Remington L.L.P.**

By: _Philipa M. Remington /rt_
**PHILIPA M. REMINGTON**
State Bar No. 16766100
**RUSSELL G. THORNTON**
State Bar No. 19982850
**THOMAS P. SULLIVAN**
State Bar No. 19497500

4800 Fountain Place
1445 Ross Avenue
Dallas, TX 75202
(214) 954-2200
(214) 754-0999 (Fax)

**ATTORNEYS FOR DEFENDANT**
**JOHN W. KRISTENSEN, M.D.**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the ___ day of _July_ , 2003, a true and correct copy of the foregoing document was delivered as follows:

*Via Certified Mail – Return Receipt Requested*

Mr. Michael T. Gallagher
Mr. John H. Kim
Gallagher, Lewis, Downey & Kim
700 Louisiana Street, 40th Floor
Houston, Texas  77002

*Via regular mail:*

Martin L. Kerns, II
Beirne, Maynard & Parsons, L.L.P.
1300 Post Oak Blvd., Suite 2500
Houston, Texas  77056

THOMAS P. SULLIVAN

# STINNETT THIEBAUD & REMINGTON L.L.P.

A Limited Liability Partnership

ATTORNEYS AND COUNSELORS

Thomas P. Sullivan
214.954.2246

tsullivan@strlaw.net

July 15, 2003

**Via Federal Express**

Mr. Gilbert Lozano, District Clerk
Willacy County District Court
Second Floor
Raymondville, Texas  78580-3530

Re:     Cause No. 03-159
        **Irma DeLeon (Rosemary Lara) vs. Parke-Davis (John W. Kristensen, M.D.), et al.;**
        In the 138th Judicial District Court of Willacy County, Texas
        Our File No: 1022/10952

Dear Mr. Lozano:

    Enclosed for filing with the court in the above-referenced cause is one original and one copy of Defendant, John W. Kristensen, M.D.'s Special Exceptions and Original Answer.

    As proof of filing, please place your file-stamp on the enclosed copies and return same in the enclosed, self-addressed, stamped envelope for my files.

    By copy of this letter, all counsel have been provided with a true and correct copy of the enclosed.

    Thank you for your assistance in this regard.

                                            Very truly yours,

                                            Thomas P. Sullivan

TPS:kk
Enclosures



FILED

JUL 1 6 2003

Gilbert Lozano, Dist. Clerk, Willacy Co.
By _____ Deputy

4800 FOUNTAIN PLACE
1445 ROSS AVENUE
DALLAS, TEXAS 75202-2702
TEL 214.954.2200   FAX 214.754.0999

Document # 71840

3040 POST OAK BLVD.
SUITE 1215
HOUSTON, TEXAS 77056-6520
TEL 713.572.3040   FAX 713.572.3050

July 14, 2003
Page 2

cc:
      Mr. Michael T. Gallagher
      Mr. John H. Kim
      Gallagher, Lewis, Downey & Kim
      700 Louisiana Street, 40th Floor
      Houston, Texas  77002

      Martin L. Kerns, II
      Beirne, Maynard & Parsons, L.L.P.
      1300 Post Oak Blvd., Suite 2500
      Houston, Texas  77056

CAUSE NO. 03-159

| | | |
|---|---|---|
| IMRA DeLEON and ROSEMARY LARA, | § § § | IN THE DISTRICT COURT |
| v. | § § | OF WILLACY COUNTY, TEXAS |
| PARK DAVIS, A DIVISION OF THE WARNER-LAMBERT COMPANY; WARNER-LAMBERT COMPANY; PFIZER, INC.; SANKO PHARMA, INC.; SANKYO PARKE-DAVIS; ALBERT SMITH, M.D. AND ALBERT SMITH, M.D. | § § § § § § § § § | 138ᵗʰ JUDICIAL DISTRICT |

## DEFENDANT ALBERT SMITH, M.D.'S
## SPECIAL EXCEPTIONS AND ORIGINAL ANSWER

**TO THE HONORABALE JUDGE OF SAID COURT:**

COMES NOW Albert Smith, M.D., a Defendant in the above-entitled cause, and makes and files his Special Exceptions and Original Answer as follows:

**I.**

Defendant specially excepts to Plaintiffs' Original Petition in its entirety for the reason said Petition fails to set forth the maximum amount in controversy pursuant to Texas Revised Civil Statutes Article 4590i. Defendant prays that this Court enter an order requiring Plaintiffs to notify Defendant by correspondence not to be filed with the Court of the maximum amount in controversy sought herein.



## II.

Defendant denies each and every, all and singular, the material allegations set forth herein, and demands strict proof thereof, by a preponderance of the evidence, pursuant to Texas Rule of Civil Procedure 92.

## III.

Defendant affirmatively pleads that he is a "health care provider" and that Plaintiff's claims against this Defendant constitute "health care liability claims", as those terms are defined by Texas Revised Civil Statutes Article 4590i. Accordingly, Defendant is entitled to all of the protections under Article 4590i, including, but not limited to, the two-year statute of limitations provided therein.

## IV.

Pleading affirmatively, if same be necessary, Defendant would pray that in the event a verdict is returned against him, that the damages award be limited as mandated by Section 11.02 of Texas Revised Civil Statutes article 4590i and Section 11.03 of said act, if applicable. In the alternative, Defendant would assert that any recovery by Plaintiffs be limited in accordance with Section 11.03 of said act.

## V.

Pleading affirmatively, if same be necessary, Defendant affirmatively pleads the limitation of damages provisions contained in Texas Revised Civil Statutes article 4590i, Sections 16.01 and 16.02, or Chapter 304 of the Texas Finance Code, as superseded by Section 311.031(c) of the Texas Government Code, whichever is less. Specifically, Defendant asserts that pre-judgment interest shall not accrue until the earlier of 180 days after the date this

Defendant received notice of the claim or the date suit was filed, and that same be calculated as simple interest compounded annually.

## VI.

Defendant denies any and all liability on his part to Plaintiffs. In the unlikely event, however, that the Court or jury finds this Defendant, along with any other defendant, liable to Plaintiffs for damages in this matter, Defendant respectfully requests that the Court enter a judgment for contribution among Defendants pursuant to Section 33.001 *et seq.* of the Texas Civil Practice and Remedies Code, or any other applicable statute or common law rule.

## VII.

Defendant further pleads that if one or more of the defendants enters into an agreement with any or all Plaintiffs, then this Defendant is entitled to a full credit, offset, pro rata reduction or percentage reduction based upon the percentage of fault or causation attributable to the settling Defendant(s) herein, and makes known to the other parties and to the Court that he will avail himself of his rights under Section 33.001 *et seq.* of the Texas Civil Practice and Remedies Code. In this regard Defendant specifically reserves the right to submit issues against parties who may be present in this case or absent from this case at the time this matter is submitted to the jury for fact determination. Notwithstanding, Defendant is not making any such election at this time.

## VIII.

Pleading affirmatively, Defendant asserts that Plaintiffs' claims against this Defendant are barred by the two-year statute of limitations in Texas Revised Civil Statutes Article 4590i.

WHEREFORE, PREMISES CONSIDERED, Defendant Albert Smith, M.D. prays that these special exceptions herein be sustained and that upon trial hereof, Plaintiffs take nothing,

Defendant goes hence without day and recovers his costs and the Court award such other and further relief to which he may be justly entitled.

Respectfully Submitted,

**Stinnett Thiebaud & Remington L.L.P.**

By: _Philipa M. Remington/m_
**PHILIPA M. REMINGTON**
State Bar No. 16766100
**RUSSELL G. THORNTON**
State Bar No. 19982850
**THOMAS P. SULLIVAN**
State Bar No. 19497500

4800 Fountain Place
1445 Ross Avenue
Dallas, TX 75202
(214) 954-2200
(214) 754-0999 (Fax)

**ATTORNEYS FOR DEFENDANT
ALBERT SMITH, M.D.**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the ___ day of ___ July ___, 2003, a true and correct copy of the foregoing document was delivered as follows:

*Via Certified Mail – Return Receipt Requested*

Mr. Michael T. Gallagher
Mr. John H. Kim
Gallagher, Lewis, Downey & Kim
700 Louisiana Street, 40th Floor
Houston, Texas  77002

*Via regular mail:*

Martin L. Kerns, II
Beirne, Maynard & Parsons, L.L.P.
1300 Post Oak Blvd., Suite 2500
Houston, Texas  77056


THOMAS P. SULLIVAN

# STINNETT THIEBAUD & REMINGTON L.L.P.

### A Limited Liability Partnership

### ATTORNEYS AND COUNSELORS

Thomas P. Sullivan
214.954.2246

tsullivan@strlaw.net

July 15, 2003

***Via Federal Express***

Mr. Gilbert Lozano, District Clerk
Willacy County District Court
Second Floor
Raymondville, Texas  78580-3530

RE:    Cause No. 03-159
       ***Irma DeLeon, et al. vs. Parke-Davis (Albert Smith), et al.***;
       In the 138th Judicial District Court of Willacy County, Texas
       Our File No: 1022/10955

Dear Mr. Lozano:

Enclosed for filing with the court in the above-referenced cause is one original and one copy of Defendant, Albert Smith, M.D.'s Special Exceptions and Original Answer.

As proof of filing, please place your file-stamp on the enclosed copies and return same in the enclosed, self-addressed, stamped envelope for my files.

By copy of this letter, all counsel have been provided with a true and correct copy of the enclosed.

Thank you for your assistance in this regard.

Very truly yours,

Thomas P. Sullivan

TPS:kk
Enclosures



4800 FOUNTAIN PLACE
1445 ROSS AVENUE
DALLAS, TEXAS 75202-2702
TEL 214.954.2200    FAX 214.754.0999
Document #: 71840

3040 POST OAK BLVD.
SUITE 1215
HOUSTON, TEXAS 77056-6520
TEL 713.572.3040    FAX 713.572.3050

July 14, 2003
Page 2


cc:
      Mr. Michael T. Gallagher
      Mr. John H. Kim
      Gallagher, Lewis, Downey & Kim
      700 Louisiana Street, 40th Floor
      Houston, Texas  77002

      Martin L. Kerns, II
      Beirne, Maynard & Parsons, L.L.P.
      1300 Post Oak Blvd., Suite 2500
      Houston, Texas  77056



NO. 03-159

| | | |
|---|---|---|
| IRMA DELEON and | § | IN THE DISTRICT COURT |
| ROSEMARY LARA | § | |
| | § | |
| VS. | § | |
| | § | |
| PARKE-DAVIS, A DIVISION OF THE | § | 138TH JUDICIAL DISTRICT |
| WARNER-LAMBERT COMPANY; | § | |
| WARNER-LAMERT COMPANY; | § | |
| PFIZER, INC.; SANKYO PHARMA, INC.; | § | |
| SANKYO-PARKE-DAVIS; AND | § | |
| ALBERT SMITH, M.D. AND | § | |
| JOHN W. KRISTENSEN, M.D. | § | WILLACY COUNTY, TEXAS |

## DEFENDANT SANKYO PHARMA INC.'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, SANKYO PHARMA INC., Defendant in the above-styled and numbered cause, and files this its Original Answer to Plaintiff's Original Petition on file herein, and for such Answer would respectfully show the Court as follows:

### I.  General Denial

Subject to such stipulations as may hereafter be made, Sankyo Pharma Inc. asserts a general denial to Plaintiff's petition as is authorized by Rule 92 of the Texas Rules of Civil Procedure and respectfully requests that the Plaintiff be required to prove her charges and allegations against Sankyo Pharma Inc. by a preponderance of the evidence as required by the Constitution and the laws of the State of Texas.

### II.  Affirmative Defenses and Defensive Pleadings

In addition to the foregoing and without waiving the same, Sankyo Pharma Inc. asserts the following affirmative defenses and defensive pleadings to the allegations made in the Plaintiff's petition:

1.     Plaintiff's petition fails to state a claim upon which relief may be granted.

2.    Plaintiff's alleged injuries were proximately caused by the negligence and/or fault of Plaintiff and/or entities other than Defendant and this comparatively reduces or bars the negligence and/or fault alleged to be attributable to Defendant.

3.    Plaintiff's alleged injuries were proximately caused by the misuse of Rezulin® tablets (hereinafter "Rezulin®").

4.    Plaintiff had full knowledge of, accepted and assumed any and all risks and possible adverse effects related to the use of Rezulin®. Accordingly, Plaintiff's claims are barred or should be reduced under the principles of assumption of the risk and/or informed consent.

5.    Plaintiff's claims are barred by the doctrines of waiver, estoppel, unclean hands, ratification or laches.

6.    Defendant's liability, if any, must be offset by the amount of remuneration and/or compensation the Plaintiff may receive from any collateral source such as insurance, social security, worker's compensation or employee benefit programs.

7.    Plaintiff's claims are barred, reduced and/or limited pursuant to the applicable statutory and common laws of Texas regarding limitations of awards, caps on recovery and set-offs.

8.    Plaintiff's alleged damages, if any, were the direct result of pre-existing medical conditions or occurred by operation of nature, all of which are unrelated to any conduct of, or product marketed or distributed by, Defendant.

9.    Defendant made no express or implied warranties to Plaintiff and, if Defendant did make such warranties, the Plaintiff failed to give timely notice of any breach.

10.    Plaintiff's warranty claims are barred by a lack of privity.

11.    Plaintiff's claims are barred by the learned intermediary doctrine.

-2-

12.    The causes of action alleged in Plaintiff's petition are preempted by the federal statutes and regulations that exclusively regulate Rezulin®. Granting the relief requested in the petition would impermissibly infringe upon and/or conflict with federal laws, regulations, and policies in violation of the Supremacy Clause of the United States Constitution.

13.    Defendant is entitled to the benefit of all defenses and presumptions which may arise because the designing, manufacturing, inspecting, packaging, issuing of warnings and instructions and/or labeling of Rezulin® were in conformity with the generally recognized, reasonably available state-of-the-art and prevailing standards in the industry at the time Rezulin® was manufactured and marketed.

14.    Defendant denies that anyone acting in the manner alleged by the Plaintiff was an agent or servant of Defendant.

15.    Plaintiff's claims are barred by the applicable statutes of limitations and/or statute of repose.

16.    In the event the jury is allowed to consider the issue of punitive damages, Defendant asserts the right to a bifurcated trial on the issue of punitive damages in accordance with the Texas Supreme Court's decision in *Transportation Insurance Company v. Moriel*, 879 S.W.2d 10 (Tex. 1994).

17.    Any award of punitive damages is barred unless the trial is bifurcated and all punitive damage issues are tried only after liability on the merits has been found.

18.    Punitive damages are barred under common law and public policies of the State of Texas.

19.    Any award of punitive damages in this case would violate the due process clause of

-3-

the Fourteenth Amendment to the United States Constitution and similar provisions of the Constitution, law and public policy of this State.

20.　　No punitive damages can be awarded in this case under the due process clause of the Fourteenth Amendment to the United States Constitution and the Constitution, law and public policy of this State, insofar as made by a jury that: (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award; (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part on the basis of invidiously discriminatory characteristics, including without limitation the residence, wealth, and corporate status of Defendant; (4) is permitted to award punitive damages under a vague or arbitrary standard, such as one that does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) is not properly instructed regarding Plaintiff's burden of proof with respect to each and every element of a claim for punitive damages; and/or (6) is not subject to trial court and appellate judicial review on the basis of constitutionally adequate and objective standards.

21.　　No punitive damages can be awarded in this case under the due process clause of the Fourteenth Amendment to the United States Constitution and the Constitution, law and public policy of this State that: (1) exceed what is reasonably required to vindicate this State's legitimate interests in punishment and deterrence, or seek to punish or deter conduct occurring outside this State, or seek to punish or deter conduct causing harm outside this State; or (2) would result in multiple punitive damages awards for the same course of conduct.

-4-

22.    No punitive damages can be awarded in this case under the due process clause of the Fourteenth Amendment to the United States Constitution and the Constitution, law and public policy of this State that are not subject to a predetermined limit on the amount that can be imposed, such as a maximum multiple of compensatory damages or a maximum amount, and/or limits to ensure against multiple awards for the same course of conduct.

23.    No punitive damages can be awarded in this case under the due process clause of the Fourteenth Amendment to the United States Constitution and the Constitution, law and public policy of this State because laws regarding the standards for determining liability for punitive damages fail to give Defendants prior notice of the conduct for which punitive damages may be imposed, and therefore are void for vagueness.

24.    No punitive damages can be awarded in this case under the due process clause of the Fourteenth Amendment to the United States Constitution and the Constitution, law and public policy of this State, insofar because any award of punitive damages is penal in nature without according to Defendant the same protections that are accorded to criminal defendants.

25.    No punitive damages can be awarded in this case under the due process clause of the Fourteenth Amendment to the United States Constitution and the Constitution, law and public policy of this State, insofar as such award results in whole or in part from improper or unfair argument by Plaintiff including without limitation as to Defendant's wealth, corporate status or out of state citizenship, or from otherwise unfair or improper proceedings.

26.    While Defendant denies that it is liable for any damages in this case, Defendant states that any damage award to Plaintiff that utilizes the Texas joint and several liability scheme would be unconstitutional, as this scheme is violative of Defendant's due process and equal protection

guarantees under the United States and Texas Constitutions, because no legitimate state interest supports said statute, and, furthermore, no rational relationship exists between a legitimate state interest and the promotion of the Texas joint and several liability scheme. Additionally, the Texas system of assessing joint and several liability violates Defendant's equal protection guarantees because it operates to create arbitrary classifications of individuals, and to treat similarly situated individuals dissimilarly under the law.    The joint and several liability scheme is also unconstitutionally void for vagueness under the United States and Texas Constitutions and should not be applied in this action.

27.    Plaintiff's claims are barred under the Restatement (Third) of Torts: Products Liability § 4 *et seq.*

28.    Plaintiff's claims are barred under the Restatement (Second) of Torts: Products Liability § 402A, comments J and K.

29.    Plaintiff's claims are barred by her failure to mitigate damages.

30.    In the unlikely event that Defendant is found liable to the Plaintiff, Defendant affirmatively pleads that it is entitled to a credit or offset for any and all sums that the Plaintiff have received or may hereafter receive by way of any and all settlements arising from Plaintiff's claims and causes of action. Defendant alternatively asserts its right to a proportionate reduction of any damages based upon the percentage of negligence attributable to any settling tortfeasor under Texas law. TEX. CIV. PRAC. & REM. CODE §§33.014-15.

31.    In the unlikely event that Defendant is found liable to the Plaintiff, and only in that event, Defendant affirmatively pleads that it is entitled to contribution from other defendants and third parties in accordance with Texas Civil Practices and Remedies Code §§33.15-16. Defendant

also states that its is entitled to common law indemnity against such other defendants or third parties in accordance with the principles established by the Texas Supreme Court in *Bonniwell v. Beech Aircraft Corp.,* 663 S.W.2d 816, 819-20 (Tex. 1984).

32.    Plaintiff's claims are barred by Section 6(c) and (d) of the Restatement (Third) of Torts: Products Liability. Reasonable physicians knowing of the reasonably foreseeable risks and therapeutic benefits associated with Rezulin® would have prescribed and did prescribe Rezulin® for classes of patients. In addition, Warner-Lambert provided reasonable instructions or warnings to prescribing physicians.

33.    Plaintiff's complaint is equitably barred because of the Plaintiff's failure to join all indispensable parties precludes the Court from granting complete relief to those who are parties to the action and will result in prejudice to Defendant.

34.    Notwithstanding the claims and contentions in the petition, Plaintiff received all or substantially all of the benefit from Rezulin® that the Plaintiff hoped and intended that she would receive, and to that extent any damages and/or restitution that the Plaintiff might be entitled to recover from Defendant must be correspondingly reduced.

35.    Plaintiff's claims are barred by the lost chance doctrine.

36.    The acts or omissions of a separate and independent agency, not reasonably foreseeable, destroyed the causal connection, if any, between the alleged acts or omissions of Defendant and the Plaintiff's alleged injuries.

36.    The statutory caps upon punitive damages contained in Tex. Civ. Prac. & Rem. Code § 41.008 apply to all punitive damages sought in this case.

-7-

37.    Defendant alleges that Plaintiff's damages and injuries alleged in her petition were solely caused by the act or omission of a person or entity not a party to this suit.

38.    Defendant alleges that Plaintiff's alleged injuries and damages are the result of Plaintiff's pre-existing medical conditions and/or disease.

39.    Defendant asserts that it is not vicariously liable under the doctrine of *respondeat superior* for exemplary damages allegedly arising from the conduct of its employees, agents, and/or servants.

40.    Sankyo Pharma is not and cannot be liable for any of the injuries alleged in Plaintiff's Original Petition or any amendments thereto, because Sankyo Pharma did not manufacture, sell, distribute or promote Rezulin.

### III. Amendment and/or Supplementation

Sankyo Pharma Inc. reserves the right to amend and/or supplement this answer.

WHEREFORE, PREMISES CONSIDERED, Defendant Sankyo Pharma Inc. prays that Plaintiff take nothing against it by reason of its suit, but that Defendant Sankyo Pharma Inc. have judgment, for costs of suit and for general relief.

Respectfully submitted,

**HARTLINE, DACUS, BARGER,
DREYER & KERN, L.L.P.**
One Shoreline Plaza
800 N. Shoreline Blvd., Suite 2000 - N. Tower
Corpus Christi, Texas  78401
Telephone:  (361) 866-8000
Facsimile:   (361) 866-8039

By:    _____
Darrell L. Barger
State Bar No. 01733800

-8-

Ann Hennis
State Bar No. 09473550
Kristina Fernandez
State Bar No. 24010021

**ATTORNEYS FOR DEFENDANT
SANKYO PHARMA INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent as indicated below, to all counsel of record on this the _/5/_ day of August, 2003.

**VIA CERTIFIED MAIL RRR**
Michael T. Gallagher, Esq.
John H. Kim, Esq.
Gallagher, Lewis, Downey & Kim
700 Louisiana, 40th Floor
Houston, Texas 77002

**VIA US REGULAR MAIL**
Jack E. Urquhart, Esq.
Maria Jorik Courtois, Esq.
BEIRNE, MAYNARD & PARSONS, L.L.P.
1300 Post Oak Blvd., Suite 2500
Houston, Texas 77056-3000

Ann Hennis

-9-

## HARTLINE, DACUS, BARGER, DREYER & KERN, L.L.P.

ATTORNEYS AND COUNSELORS

800 NORTH SHORELINE BLVD., SUITE 2000, NORTH TOWER
CORPUS CHRISTI, TEXAS 78401
(361) 866-8000

TELECOPIER (361) 866-8039

August 1, 2003



**Via FedEx**
Gilbert Lozano
Willacy County District Clerk
2nd Floor, Courthouse
546 W. Hidalgo Ave.
Raymondville, Texas 78580

RE:    Cause No. 03-159; <u>Irma De Leon, et al v. Parke-Davis, a Division of the Warner-Lambert Company, et al</u>; In the 138th District Court of Willacy County, Texas

Dear Mr. Lozano:

Enclosed for filing in the above-referenced cause please find the original and one copy of the following document: **Defendant Sankyo Pharma Inc.'s Original Answer.**

Please file stamp the enclosed copy of the document and return it in the enclosed self-addressed, stamped envelope.

By copy hereof, all counsel of record are being provided with a copy of the same.

Sincerely yours,

Ann Hennis

AH:lg
Enclosure

xc:    **VIA CM #7001 2510 0004 0011 1027, RRR**
       Michael T. Gallagher (w/Enc.)
       John H. Kim
       **GALLAGHER, LEWIS, DOWNEY & KIM**
       700 Louisiana, 40th Floor
       Houston, Texas 77002

DALLAS OFFICE • 6688 N. CENTRAL EXPRESSWAY • SUITE 1000 • DALLAS, TEXAS 75206 • (214) 369-2100 • TELECOPIER (214) 369-2118

District Clerk
August 1, 2003
Page 2


xc:    **<u>Via Regular Mail</u>**
       Maria Jorik Courtois (w/Enc.)
       Jack E. Urquhart
       BEIRNE, MAYNARD & PARSONS, L.L.P.
       1300 Post Oak Blvd., Suite 2500
       Houston, Texas 77056-3000

CAUSE NO. 03-159

| | | |
|---|---|---|
| IRMA DELEON and | § | IN THE DISTRICT COURT OF |
| ROSEMARY LARA | § | |
| | § | |
| vs. | § | WILLACY COUNTY, TEXAS |
| | § | |
| PARKE-DAVIS, A DIVISION OF THE | § | |
| WARNER-LAMBERT COMPANY; | § | |
| WARNER-LAMBERT COMPANY; | § | |
| PFIZER, INC.; SANKYO PHARMA, | § | |
| INC.; SANKYO PARKE-DAVIS; | § | |
| ALBERT SMITH, M.D. and | § | |
| JOHN W. KRISTENSEN, M.D. | § | 138TH JUDICIAL DISTRICT |

## ORIGINAL ANSWER OF WARNER-LAMBERT COMPANY LLC

Defendant Warner-Lambert Company LLC (formerly known as Warner-Lambert Company), on its own behalf and on behalf of its unincorporated division, Parke-Davis, (hereinafter collectively referred to as "Warner-Lambert" or "Defendant"), subject to the stated defenses and affirmative defenses and without waiving the same, responds to the allegations contained in Plaintiffs' petition as follows:

### I.

### General Denial

Subject to such stipulations as may hereafter be made, Warner-Lambert asserts a general denial to Plaintiffs' petition as is authorized by Rule 92 of the Texas Rules of Civil Procedure and respectfully requests that the Plaintiffs be required to prove their charges and allegations against Warner-Lambert by a preponderance of the evidence as required by the Constitution and the laws of the State of Texas.



F I L E D
1:00
AUG 4 2003
Gilbert Lozano, Dist. Clerk, Willacy Co.
By _____, Deputy

## II.

## Affirmative Defenses and Defensive Pleadings

In addition to the foregoing and without waiving the same, Warner-Lambert asserts the following affirmative defenses and defensive pleadings to the allegations made in the Plaintiffs' petition:

1.      Plaintiffs' petition fails to state a claim upon which relief may be granted.

2.      Plaintiffs' alleged injuries were proximately caused by the negligence and/or fault of Plaintiffs and/or entities other than Defendant and this comparatively reduces or bars the negligence and/or fault alleged to be attributable to Defendant.

3.      Plaintiffs' alleged injuries were proximately caused by the misuse of Rezulin® tablets (hereinafter "Rezulin®").

4.      Plaintiffs had full knowledge of, accepted and assumed any and all risks and possible adverse effects related to the use of Rezulin®. Accordingly, Plaintiffs' claims are barred or should be reduced under the principles of assumption of the risk and/or informed consent.

5.      Plaintiffs' claims are barred by the doctrines of waiver, estoppel, unclean hands, ratification or laches.

6.      Defendant's liability, if any, must be offset by the amount of remuneration and/or compensation the Plaintiffs may receive from any collateral source such as insurance, social security, worker's compensation or employee benefit programs.

7.      Plaintiffs' claims are barred, reduced and/or limited pursuant to the applicable statutory and common laws of Texas regarding limitations of awards, caps on recovery and set-offs.

8.      Plaintiffs' alleged damages, if any, were the direct result of pre-existing medical conditions or occurred by operation of nature, all of which are unrelated to any conduct of, or product marketed or distributed by, Defendant.

9.      Defendant made no implied warranties to Plaintiffs and, if Defendant did make such warranties, the Plaintiffs failed to give timely notice of any breach.

10.     Plaintiffs' warranty claims are barred by a lack of privity.

11.     Plaintiffs' claims are barred by the learned intermediary doctrine.

12.     The causes of action alleged in Plaintiffs' petition are preempted by the federal statutes and regulations that exclusively regulate Rezulin®.  Granting the relief requested in the petition would impermissibly infringe upon and/or conflict with federal laws, regulations, and policies in violation of the Supremacy Clause of the United States Constitution.

13.     Defendant is entitled to the benefit of all defenses and presumptions which may arise because the designing, manufacturing, inspecting, packaging, issuing of warnings and instructions and/or labeling of Rezulin® were in conformity with the generally recognized, reasonably available state-of-the-art and prevailing standards in the industry at the time Rezulin® was manufactured and marketed.

14.     Defendant denies that anyone acting in the manner alleged by the Plaintiffs was an agent or servant of Defendant.

15.     Plaintiffs' claims are barred by the applicable statutes of limitations and/or statute of repose.

16.    In the event the jury is allowed to consider the issue of punitive damages, Defendant asserts

the right to a bifurcated trial on the issue of punitive damages in accordance with the Texas Supreme

Court's decision in *Transportation Insurance Company v. Moriel*, 879 S.W.2d 10 (Tex. 1994).

17.    Any award of punitive damages is barred unless the trial is bifurcated and all punitive

damage issues are tried only after liability on the merits has been found.

18.    Punitive damages are barred under common law and public policies of the State of Texas.

19.    Any award of punitive damages in this case would violate the due process clause of the

Fourteenth Amendment to the United States Constitution and similar provisions of the Constitution, law and

public policy of this State.

20.    No punitive damages can be awarded in this case under the due process clause of the

Fourteenth Amendment to the United States Constitution and the Constitution, law and public policy of this

State, insofar as made by a jury that: (1) is not provided constitutionally adequate standards of sufficient

clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award;

(2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of

deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages, or determining

the amount of an award of punitive damages, in whole or in part on the basis of invidiously discriminatory

characteristics, including without limitation the residence, wealth, and corporate status of Defendant; (4)

is permitted to award punitive damages under a vague or arbitrary standard, such as one that does not

define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) is not

properly instructed regarding Plaintiffs' burden of proof with respect to each and every element of a claim

for punitive damages; and/or (6) is not subject to trial court and appellate judicial review on the basis of constitutionally adequate and objective standards.

21.     No punitive damages can be awarded in this case under the due process clause of the Fourteenth Amendment to the United States Constitution and the Constitution, law and public policy of this State that: (1) exceed what is reasonably required to vindicate this State's legitimate interests in punishment and deterrence, or seek to punish or deter conduct occurring outside this State, or seek to punish or deter conduct causing harm outside this State; or (2) would result in multiple punitive damages awards for the same course of conduct.

22.     No punitive damages can be awarded in this case under the due process clause of the Fourteenth Amendment to the United States Constitution and the Constitution, law and public policy of this State that are not subject to a predetermined limit on the amount that can be imposed, such as a maximum multiple of compensatory damages or a maximum amount, and/or limits to ensure against multiple awards for the same course of conduct.

23.     No punitive damages can be awarded in this case under the due process clause of the Fourteenth Amendment to the United States Constitution and the Constitution, law and public policy of this State because laws regarding the standards for determining liability for punitive damages fail to give Defendants prior notice of the conduct for which punitive damages may be imposed, and therefore are void for vagueness.

24.     No punitive damages can be awarded in this case under the due process clause of the Fourteenth Amendment to the United States Constitution and the Constitution, law and public policy of this

State, insofar because any award of punitive damages is penal in nature without according to Defendant the same protections that are accorded to criminal defendants.

25.     No punitive damages can be awarded in this case under the due process clause of the Fourteenth Amendment to the United States Constitution and the Constitution, law and public policy of this State, insofar as such award results in whole or in part from improper or unfair argument by Plaintiffs including without limitation as to Defendant's wealth, corporate status or out of state citizenship, or from otherwise unfair or improper proceedings.

26.     While Defendant denies that it is liable for any damages in this case, Defendant states that any damage award to Plaintiffs that utilizes the Texas joint and several liability scheme would be unconstitutional, as this scheme is violative of Defendant's due process and equal protection guarantees under the United States and Texas Constitutions, because no legitimate state interest supports said statute, and, furthermore, no rational relationship exists between a legitimate state interest and the promotion of the Texas joint and several liability scheme. Additionally, the Texas system of assessing joint and several liability violates Defendant's equal protection guarantees because it operates to create arbitrary classifications of individuals, and to treat similarly situated individuals dissimilarly under the law. The joint and several liability scheme is also unconstitutionally void for vagueness under the United States and Texas Constitutions and should not be applied in this action.

27.     Plaintiffs' claims are barred under the Restatement (Third) of Torts: Products Liability § 4 *et seq.*

28.     Plaintiffs' claims are barred under the Restatement (Second) of Torts: Products Liability § 402A, comments J and K.

29.     Plaintiffs' claims are barred by their failure to mitigate damages.

30.     In the unlikely event that Defendant is found liable to the Plaintiffs, Defendant affirmatively pleads that it is entitled to a credit or offset for any and all sums that the Plaintiffs have received or may hereafter receive by way of any and all settlements arising from Plaintiffs' claims and causes of action. Defendant alternatively asserts its right to a proportionate reduction of any damages based upon the percentage of negligence attributable to any settling tortfeasor under Texas law. TEX. CIV. PRAC. & REM. CODE §§33.014-15.

31.     In the unlikely event that Defendant is found liable to the Plaintiffs, and only in that event, Defendant affirmatively pleads that it is entitled to contribution from other defendants and third parties in accordance with Texas Civil Practices and Remedies Code §§33.15-16. Defendant also states that its is entitled to common law indemnity against such other defendants or third parties in accordance with the principles established by the Texas Supreme Court in *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 819-20 (Tex. 1984).

32.     Plaintiffs' claims are barred by Section 6(c) and (d) of the Restatement (Third) of Torts: Products Liability. Reasonable physicians knowing of the reasonably foreseeable risks and therapeutic benefits associated with Rezulin® would have prescribed and did prescribe Rezulin® for classes of patients. In addition, Warner-Lambert provided reasonable instructions or warnings to prescribing physicians.

33.    Plaintiffs' complaint is equitably barred because of the Plaintiffs' failure to join all indispensable parties precludes the Court from granting complete relief to those who are parties to the action and will result in prejudice to Defendant.

34.    Notwithstanding the claims and contentions in the petition, Plaintiffs received all or substantially all of the benefit from Rezulin® that the Plaintiffs hoped and intended that they would receive, and to that extent any damages and/or restitution that the Plaintiffs might be entitled to recover from Defendant must be correspondingly reduced.

35.    Plaintiffs' claims are barred by the lost chance doctrine.

36.    The acts or omissions of a separate and independent agency, not reasonably foreseeable, destroyed the causal connection, if any, between the alleged acts or omissions of Defendant and the Plaintiffs' alleged injuries.

36.    The statutory caps upon punitive damages contained in Tex. Civ. Prac. & Rem. Code § 41.008 apply to all punitive damages sought in this case.

37.    Defendant alleges that Plaintiffs' damages and injuries alleged in their petition were solely caused by the act or omission of a person or entity not a party to this suit.

38.    Defendant alleges that Plaintiffs' alleged injuries and damages are the result of Plaintiffs' pre-existing medical conditions and/or disease.

39.    Defendant asserts that it is not vicariously liable under the doctrine of *respondeat superior* for exemplary damages allegedly arising from the conduct of its employees, agents, and/or servants.

## III.

### Amendment and/or Supplementation

Warner-Lambert reserves the right to amend and/or supplement this answer.

WHEREFORE, Defendant Warner-Lambert Company LLC (formerly known as Warner-Lambert Company), on its own behalf and on behalf of its unincorporated division, Parke-Davis, prays that the Plaintiffs take nothing by their suit, that Defendant recover its costs expended, and that Defendant have such other and further relief to which it is justly entitled.

Respectfully submitted,

**BEIRNE, MAYNARD & PARSONS, L.L.P.**

By:  *Jack E. Urquhart*  *by permission*
*IA Poulson*

**JACK E. URQUHART**
State Bar No.20415600
1300 Post Oak Blvd., Suite 2500
Houston, Texas 77056-3000
Telephone: (713) 623-0887
Facsimile: (713) 960-1527

**DAVID C. GARZA**
State Bar No. 07731400
GARZA & GARZA, L.L.P.
680 East St. Charles, Suite 300
Brownsville, TX 78522
Telephone: (956) 541-4914
Facsimile: (956) 542-7403

**ATTORNEYS FOR DEFENDANT
WARNER-LAMBERT COMPANY LLC
AND ITS UNINCORPORATED
PARKE-DAVIS DIVISION**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record, via certified mail, return receipt requested, in accordance with the Texas Rules of Civil Procedure, on this 1st day of August, 2003.

Michael T. Gallagher, Esq.
John H. Kim, Esq.
Gallagher, Lewis, Downey & Kim
700 Louisiana Street, 40th Floor
Houston, Texas 77002

MARIA JORIK COURTOIS

BEIRNE, MAYNARD & PARSONS, L.L.P.

1300 POST OAK BOULEVARD

SUITE 2500

HOUSTON, TEXAS 77056-3000

(713) 623-0887

FAX. (713) 960-1527

Maria Jorik Courtois
Direct Dial: (713) 960-7341
E-mail: mcourtois@bmpllp.com

August 1, 2003

Mr. Gilbert Lozano                                     *Via Federal Express*
Willacy County District Clerk
Courthouse, 2nd Floor
546 W. Hidalgo Avenue
Raymondville, Texas 78580

Re:    Cause No. 03-159; *Irma DeLeon and Rosemary Lara v. Parke-Davis, A Division of*
       *the Warner-Lambert Company; Warner-Lambert Company; Pfizer Inc.; Sankyo-*
       *Pharma, Inc.; Sankyo Parke-Davis; Albert Smith, M.D. and John W. Kristensen,*
       *M.D.*; In the 138th Judicial District Court of Willacy County, Texas

Dear Mr. Lozano:

Enclosed please find an original and one copy of the following document for filing in the
above-referenced matter:

1.     Original Answer of Warner-Lambert Company LLC;
2.     Original Answer of Pfizer Inc.; and
3.     Original Answer of Sankyo Parke-Davis

Please file stamp and return the extra copy of this document in the self-addressed stamped
envelope provided. By copy of this letter with enclosures, all known counsel of record and other
required parties are being notified of this filing.

Sincerely,

Maria Jorik Courtois

MJC/csm
Enclosures
451627



1:00

FILED

AUG 4 2003

Gilbert Lozano, Dist. Clerk, Willacy Co.
By _____, Deputy

Mr. Gilbert Lozano
Willacy County District Clerk
August 1, 2003
Page 2

cc:　Michael T. Gallagher, Esq.　　　　　　　　　　　　*Via Certified Mail*
　　　John H. Kim, Esq.　　　　　　　　　　　*Return Receipt Requested*
　　　Gallagher, Lewis, Downey & Kim
　　　700 Louisiana, 40th Floor
　　　Houston, Texas 77002

　　　David Garza, Esq.　　　　　　　　　　　　*Via First-Class Mail*
　　　Garza & Garza, L.L.P.
　　　680 East St. Charles, Suite 300
　　　Brownsville, Texas 78522

CAUSE NO. 03-159

| | | |
|---|---|---|
| IRMA DELEON and | § | IN THE DISTRICT COURT OF |
| ROSEMARY LARA | § | |
| | § | |
| vs. | § | WILLACY COUNTY, TEXAS |
| | § | |
| PARKE-DAVIS, A DIVISION OF THE | § | |
| WARNER-LAMBERT COMPANY; | § | |
| WARNER-LAMBERT COMPANY; | § | |
| PFIZER, INC.; SANKYO PHARMA, | § | |
| INC.; SANKYO PARKE-DAVIS; | § | |
| ALBERT SMITH, M.D. and | § | |
| JOHN W. KRISTENSEN, M.D. | § | 138TH JUDICIAL DISTRICT |

## ORIGINAL ANSWER OF PFIZER INC.

Defendant Pfizer Inc., incorrectly named herein as "Pfizer, Inc." (hereinafter referred to as "Pfizer" or "Defendant"), subject to the stated defenses and affirmative defenses and without waiving the same, responds to the allegations contained in Plaintiffs' petition as follows:

### I.

### General Denial

Subject to such stipulations as may hereafter be made, Pfizer asserts a general denial to Plaintiffs' petition as is authorized by Rule 92 of the Texas Rules of Civil Procedure and respectfully requests that the Plaintiffs be required to prove their charges and allegations against Pfizer by a preponderance of the evidence as required by the Constitution and the laws of the State of Texas.

### II.

### Verified Denials

Defendant further makes the following verified denials pursuant to Rule 93 of the Texas Rules of Civil Procedure:

F I L E D
1:00
AUG 4 2003
Gilbert Lozano, Dist. Clerk, Willacy Co.
By_____ Deputy

1.    Pfizer is not liable in the capacity in which it has been sued.

2.    Pfizer was never merged with Warner-Lambert Company.

### III.

### Affirmative Defenses and Defensive Pleadings

In addition to the foregoing and without waiving the same, Pfizer asserts the following affirmative defenses and defensive pleadings to the allegations made in the Plaintiffs' petition:

1.    Plaintiffs' petition fails to state a claim upon which relief may be granted.

2.    Plaintiffs' alleged injuries were proximately caused by the negligence and/or fault of Plaintiffs and/or entities other than Defendant and this comparatively reduces or bars the negligence and/or fault alleged to be attributable to Defendant.

3.    Plaintiffs' alleged injuries were proximately caused by the misuse of Rezulin® tablets (hereinafter "Rezulin®").

4.    Plaintiffs had full knowledge of, accepted and assumed any and all risks and possible adverse effects related to the use of Rezulin®. Accordingly, Plaintiffs' claims are barred or should be reduced under the principles of assumption of the risk and/or informed consent.

5.    Plaintiffs' claims are barred by the doctrines of waiver, estoppel, unclean hands, ratification or laches.

6.    Defendant's liability, if any, must be offset by the amount of remuneration and/or compensation the Plaintiffs may receive from any collateral source such as insurance, social security, worker's compensation or employee benefit programs.

---

7.      Plaintiffs' claims are barred, reduced and/or limited pursuant to the applicable statutory and common laws of Texas regarding limitations of awards, caps on recovery and set-offs.

8.      Plaintiffs' alleged damages, if any, were the direct result of pre-existing medical conditions or occurred by operation of nature, all of which are unrelated to any conduct of, or product marketed or distributed by, Defendant.

9.      Defendant made no implied warranties to Plaintiffs and, if Defendant did make such warranties, the Plaintiffs failed to give timely notice of any breach.

10.     Plaintiffs' warranty claims are barred by a lack of privity.

11.     Plaintiffs' claims are barred by the learned intermediary doctrine.

12.     The causes of action alleged in Plaintiffs' petition are preempted by the federal statutes and regulations that exclusively regulate Rezulin®.  Granting the relief requested in the petition would impermissibly infringe upon and/or conflict with federal laws, regulations, and policies in violation of the Supremacy Clause of the United States Constitution.

13.     Defendant is entitled to the benefit of all defenses and presumptions which may arise because the designing, manufacturing, inspecting, packaging, issuing of warnings and instructions and/or labeling of Rezulin® were in conformity with the generally recognized, reasonably available state-of-the-art and prevailing standards in the industry at the time Rezulin® was manufactured and marketed.

14.     Defendant denies that anyone acting in the manner alleged by the Plaintiffs was an agent or servant of Defendant.

15.     Plaintiffs' claims are barred by the applicable statutes of limitations and/or statute of repose.

16.     In the event the jury is allowed to consider the issue of punitive damages, Defendant asserts the right to a bifurcated trial on the issue of punitive damages in accordance with the Texas Supreme Court's decision in *Transportation Insurance Company v. Moriel*, 879 S.W.2d 10 (Tex. 1994).

17.     Any award of punitive damages is barred unless the trial is bifurcated and all punitive damage issues are tried only after liability on the merits has been found.

18.     Punitive damages are barred under common law and public policies of the State of Texas.

19.     Any award of punitive damages in this case would violate the due process clause of the Fourteenth Amendment to the United States Constitution and similar provisions of the Constitution, law and public policy of this State.

20.     No punitive damages can be awarded in this case under the due process clause of the Fourteenth Amendment to the United States Constitution and the Constitution, law and public policy of this State, insofar as made by a jury that: (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award; (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part on the basis of invidiously discriminatory characteristics, including without limitation the residence, wealth, and corporate status of Defendant; (4) is permitted to award punitive damages under a vague or arbitrary standard, such as one that does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) is not properly instructed regarding Plaintiffs' burden of proof with respect to each and every element of a claim

for punitive damages; and/or (6) is not subject to trial court and appellate judicial review on the basis of constitutionally adequate and objective standards.

21.    No punitive damages can be awarded in this case under the due process clause of the Fourteenth Amendment to the United States Constitution and the Constitution, law and public policy of this State that: (1) exceed what is reasonably required to vindicate this State's legitimate interests in punishment and deterrence, or seek to punish or deter conduct occurring outside this State, or seek to punish or deter conduct causing harm outside this State; or (2) would result in multiple punitive damages awards for the same course of conduct.

22.    No punitive damages can be awarded in this case under the due process clause of the Fourteenth Amendment to the United States Constitution and the Constitution, law and public policy of this State that are not subject to a predetermined limit on the amount that can be imposed, such as a maximum multiple of compensatory damages or a maximum amount, and/or limits to ensure against multiple awards for the same course of conduct.

23.    No punitive damages can be awarded in this case under the due process clause of the Fourteenth Amendment to the United States Constitution and the Constitution, law and public policy of this State because laws regarding the standards for determining liability for punitive damages fail to give Defendants prior notice of the conduct for which punitive damages may be imposed, and therefore are void for vagueness.

24.    No punitive damages can be awarded in this case under the due process clause of the Fourteenth Amendment to the United States Constitution and the Constitution, law and public policy of this

State, insofar because any award of punitive damages is penal in nature without according to Defendant the same protections that are accorded to criminal defendants.

25.    No punitive damages can be awarded in this case under the due process clause of the Fourteenth Amendment to the United States Constitution and the Constitution, law and public policy of this State, insofar as such award results in whole or in part from improper or unfair argument by Plaintiffs including without limitation as to Defendant's wealth, corporate status or out of state citizenship, or from otherwise unfair or improper proceedings.

26.    While Defendant denies that it is liable for any damages in this case, Defendant states that any damage award to Plaintiffs that utilizes the Texas joint and several liability scheme would be unconstitutional, as this scheme is violative of Defendant's due process and equal protection guarantees under the United States and Texas Constitutions, because no legitimate state interest supports said statute, and, furthermore, no rational relationship exists between a legitimate state interest and the promotion of the Texas joint and several liability scheme. Additionally, the Texas system of assessing joint and several liability violates Defendant's equal protection guarantees because it operates to create arbitrary classifications of individuals, and to treat similarly situated individuals dissimilarly under the law. The joint and several liability scheme is also unconstitutionally void for vagueness under the United States and Texas Constitutions and should not be applied in this action.

27.    Plaintiffs' claims are barred under the Restatement (Third) of Torts: Products Liability § 4 *et seq*.

28.     Plaintiffs' claims are barred under the Restatement (Second) of Torts: Products Liability § 402A, comments J and K.

29.     Plaintiffs' claims are barred by their failure to mitigate damages.

30.     In the unlikely event that Defendant is found liable to the Plaintiffs, Defendant affirmatively pleads that it is entitled to a credit or offset for any and all sums that the Plaintiffs have received or may hereafter receive by way of any and all settlements arising from Plaintiffs' claims and causes of action. Defendant alternatively asserts its right to a proportionate reduction of any damages based upon the percentage of negligence attributable to any settling tortfeasor under Texas law. TEX. CIV. PRAC. & REM. CODE §§33.014-15.

31.     In the unlikely event that Defendant is found liable to the Plaintiffs, and only in that event, Defendant affirmatively pleads that it is entitled to contribution from other defendants and third parties in accordance with Texas Civil Practices and Remedies Code §§33.15-16. Defendant also states that its is entitled to common law indemnity against such other defendants or third parties in accordance with the principles established by the Texas Supreme Court in *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 819-20 (Tex. 1984).

32.     Plaintiffs' claims are barred by Section 6(c) and (d) of the Restatement (Third) of Torts: Products Liability.  Reasonable physicians knowing of the reasonably foreseeable risks and therapeutic benefits associated with Rezulin® would have prescribed and did prescribe Rezulin® for classes of patients.  In addition, Warner-Lambert provided reasonable instructions or warnings to prescribing physicians.

33.     Plaintiffs' complaint is equitably barred because of the Plaintiffs' failure to join all indispensable parties precludes the Court from granting complete relief to those who are parties to the action and will result in prejudice to Defendant.

34.     Notwithstanding the claims and contentions in the petition, Plaintiffs received all or substantially all of the benefit from Rezulin® that the Plaintiffs hoped and intended that they would receive, and to that extent any damages and/or restitution that the Plaintiffs might be entitled to recover from Defendant must be correspondingly reduced.

35.     Plaintiffs' claims are barred by the lost chance doctrine.

36.     The acts or omissions of a separate and independent agency, not reasonably foreseeable, destroyed the causal connection, if any, between the alleged acts or omissions of Defendant and the Plaintiffs' alleged injuries.

36.     The statutory caps upon punitive damages contained in Tex. Civ. Prac. & Rem. Code § 41.008 apply to all punitive damages sought in this case.

37.     Defendant alleges that Plaintiffs' damages and injuries alleged in their petition were solely caused by the act or omission of a person or entity not a party to this suit.

38.     Defendant alleges that Plaintiffs' alleged injuries and damages are the result of Plaintiffs' pre-existing medical conditions and/or disease.

39.     Defendant asserts that it is not vicariously liable under the doctrine of *respondeat superior* for exemplary damages allegedly arising from the conduct of its employees, agents, and/or servants.

## IV.

### Amendment and/or Supplementation

Pfizer reserves the right to amend and/or supplement this answer.

WHEREFORE, Defendant Pfizer Inc. prays that the Plaintiffs take nothing by their suit, that Defendant recover its costs expended, and that Defendant have such other and further relief to which it is justly entitled.

Respectfully submitted,

**BEIRNE, MAYNARD & PARSONS, L.L.P.**

By: _Jack E. Urquhart_

**JACK E. URQUHART**
State Bar No.20415600
1300 Post Oak Blvd., Suite 2500
Houston, Texas 77056-3000
Telephone: (713) 623-0887
Facsimile: (713) 960-1527

**DAVID C. GARZA**
State Bar No. 07731400
GARZA & GARZA, L.L.P.
680 East St. Charles, Suite 300
Brownsville, TX 78522
Telephone: (956) 541-4914
Facsimile: (956) 542-7403

**ATTORNEYS FOR DEFENDANT
PFIZER INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record, via certified mail, return receipt requested, in accordance with the Texas Rules of Civil Procedure, on this /ST day of August, 2003.

Michael T. Gallagher, Esq.
John H. Kim, Esq.
Gallagher, Lewis, Downey & Kim
700 Louisiana Street, 40th Floor
Houston, Texas 77002

MARIA JORK COURTOIS

CAUSE NO. 03-159

| | | |
|---|---|---|
| IRMA DELEON and | § | IN THE DISTRICT COURT OF |
| ROSEMARY LARA | § | |
| | § | |
| vs. | § | WILLACY COUNTY, TEXAS |
| | § | |
| PARKE-DAVIS, A DIVISION OF THE | § | |
| WARNER-LAMBERT COMPANY; | § | |
| WARNER-LAMBERT COMPANY; | § | |
| PFIZER, INC.; SANKYO PHARMA, | § | |
| INC.; SANKYO PARKE-DAVIS; | § | |
| ALBERT SMITH, M.D. and | § | |
| JOHN W. KRISTENSEN, M.D. | § | 138TH JUDICIAL DISTRICT |

## VERIFICATION

| | |
|---|---|
| State of New York | § |
| | § |
| County of New York | § |

I, Susan Grant, being first duly sworn, depose and state as follows:

1.    I am an Assistant Secretary of Pfizer Inc.

2.    In the matter of Cause No.03-159, *Irma DeLeon, et al. vs. Parke-Davis, et al.*, in the 138th Judicial District Court of Willacy County, Texas, I have reviewed the Original Answer of Defendant Pfizer Inc.

3.    Based on my personal knowledge, the information in Section II, Paragraphs 1 & 2 of Pfizer Inc.'s Original Answer is true and correct.

SIGNED: _____

Signed and sworn to before me on this 31st day of July 2003.

Katia Mastantuono

Notary Public in and for
The State of New York

July 25, 2006

Date Commission Expires

KATIA MASTANTUONO
Notary Public, State of New York
No. 01MA6041281
Qualified in Queens County
Commission Expires July 25, 2006

CAUSE NO. 03-159

| | | |
|---|---|---|
| IRMA DELEON and | § | IN THE DISTRICT COURT OF |
| ROSEMARY LARA | § | |
| | § | |
| vs. | § | WILLACY COUNTY, TEXAS |
| | § | |
| PARKE-DAVIS, A DIVISION OF THE | § | |
| WARNER-LAMBERT COMPANY; | § | |
| WARNER-LAMBERT COMPANY; | § | |
| PFIZER, INC.; SANKYO PHARMA, | § | |
| INC.; SANKYO PARKE-DAVIS; | § | |
| ALBERT SMITH, M.D. and | § | |
| JOHN W. KRISTENSEN, M.D. | § | 138TH JUDICIAL DISTRICT |

### ORIGINAL ANSWER OF SANKYO PARKE-DAVIS

Defendant Sankyo Parke-Davis, (hereinafter referred to as "Sankyo P-D" or "Defendant"), subject

to the stated defenses and affirmative defenses and without waiving the same, responds to the allegations

contained in Plaintiffs' petition as follows:

**I.**

### General Denial

Subject to such stipulations as may hereafter be made, Sankyo P-D asserts a general denial to

Plaintiffs' petition as is authorized by Rule 92 of the Texas Rules of Civil Procedure and respectfully

requests that the Plaintiffs be required to prove their charges and allegations against Sankyo P-D by a

preponderance of the evidence as required by the Constitution and the laws of the State of Texas.

**II.**

### Affirmative Defenses and Defensive Pleadings

In addition to the foregoing and without waiving the same, Sankyo P-D asserts the following

affirmative defenses and defensive pleadings to the allegations made in the Plaintiffs' petition:

1.    Plaintiffs' petition fails to state a claim upon which relief may be granted.

2.    Plaintiffs' alleged injuries were proximately caused by the negligence and/or fault of Plaintiffs and/or entities other than Defendant and this comparatively reduces or bars the negligence and/or fault alleged to be attributable to Defendant.

3.    Plaintiffs' alleged injuries were proximately caused by the misuse of Rezulin® tablets (hereinafter "Rezulin®").

4.    Plaintiffs had full knowledge of, accepted and assumed any and all risks and possible adverse effects related to the use of Rezulin®. Accordingly, Plaintiffs' claims are barred or should be reduced under the principles of assumption of the risk and/or informed consent.

5.    Plaintiffs' claims are barred by the doctrines of waiver, estoppel, unclean hands, ratification or laches.

6.    Defendant's liability, if any, must be offset by the amount of remuneration and/or compensation the Plaintiffs may receive from any collateral source such as insurance, social security, worker's compensation or employee benefit programs.

7.    Plaintiffs' claims are barred, reduced and/or limited pursuant to the applicable statutory and common laws of Texas regarding limitations of awards, caps on recovery and set-offs.

8.    Plaintiffs' alleged damages, if any, were the direct result of pre-existing medical conditions or occurred by operation of nature, all of which are unrelated to any conduct of, or product marketed or distributed by, Defendant.

9.     Defendant made no implied warranties to Plaintiffs and, if Defendant did make such warranties, the Plaintiffs failed to give timely notice of any breach.

10.     Plaintiffs' warranty claims are barred by a lack of privity.

11.     Plaintiffs' claims are barred by the learned intermediary doctrine.

12.     The causes of action alleged in Plaintiffs' petition are preempted by the federal statutes and regulations that exclusively regulate Rezulin®. Granting the relief requested in the petition would impermissibly infringe upon and/or conflict with federal laws, regulations, and policies in violation of the Supremacy Clause of the United States Constitution.

13.     Defendant is entitled to the benefit of all defenses and presumptions which may arise because the designing, manufacturing, inspecting, packaging, issuing of warnings and instructions and/or labeling of Rezulin® were in conformity with the generally recognized, reasonably available state-of-the-art and prevailing standards in the industry at the time Rezulin® was manufactured and marketed.

14.     Defendant denies that anyone acting in the manner alleged by the Plaintiffs was an agent or servant of Defendant.

15.     Plaintiffs' claims are barred by the applicable statutes of limitations and/or statute of repose.

16.     In the event the jury is allowed to consider the issue of punitive damages, Defendant asserts the right to a bifurcated trial on the issue of punitive damages in accordance with the Texas Supreme Court's decision in *Transportation Insurance Company v. Moriel*, 879 S.W.2d 10 (Tex. 1994).

17.     Any award of punitive damages is barred unless the trial is bifurcated and all punitive damage issues are tried only after liability on the merits has been found.

18.     Punitive damages are barred under common law and public policies of the State of Texas.

19.     Any award of punitive damages in this case would violate the due process clause of the Fourteenth Amendment to the United States Constitution and similar provisions of the Constitution, law and public policy of this State.

20.     No punitive damages can be awarded in this case under the due process clause of the Fourteenth Amendment to the United States Constitution and the Constitution, law and public policy of this State, insofar as made by a jury that: (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award; (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part on the basis of invidiously discriminatory characteristics, including without limitation the residence, wealth, and corporate status of Defendant; (4) is permitted to award punitive damages under a vague or arbitrary standard, such as one that does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) is not properly instructed regarding Plaintiffs' burden of proof with respect to each and every element of a claim for punitive damages; and/or (6) is not subject to trial court and appellate judicial review on the basis of constitutionally adequate and objective standards.

21.     No punitive damages can be awarded in this case under the due process clause of the Fourteenth Amendment to the United States Constitution and the Constitution, law and public policy of this State that: (1) exceed what is reasonably required to vindicate this State's legitimate interests in punishment

and deterrence, or seek to punish or deter conduct occurring outside this State, or seek to punish or deter conduct causing harm outside this State; or (2) would result in multiple punitive damages awards for the same course of conduct.

22.     No punitive damages can be awarded in this case under the due process clause of the Fourteenth Amendment to the United States Constitution and the Constitution, law and public policy of this State that are not subject to a predetermined limit on the amount that can be imposed, such as a maximum multiple of compensatory damages or a maximum amount, and/or limits to ensure against multiple awards for the same course of conduct.

23.     No punitive damages can be awarded in this case under the due process clause of the Fourteenth Amendment to the United States Constitution and the Constitution, law and public policy of this State because laws regarding the standards for determining liability for punitive damages fail to give Defendants prior notice of the conduct for which punitive damages may be imposed, and therefore are void for vagueness.

24.     No punitive damages can be awarded in this case under the due process clause of the Fourteenth Amendment to the United States Constitution and the Constitution, law and public policy of this State, insofar because any award of punitive damages is penal in nature without according to Defendant the same protections that are accorded to criminal defendants.

25.     No punitive damages can be awarded in this case under the due process clause of the Fourteenth Amendment to the United States Constitution and the Constitution, law and public policy of this State, insofar as such award results in whole or in part from improper or unfair argument by Plaintiffs

including without limitation as to Defendant's wealth, corporate status or out of state citizenship, or from otherwise unfair or improper proceedings.

26.    While Defendant denies that it is liable for any damages in this case, Defendant states that any damage award to Plaintiffs that utilizes the Texas joint and several liability scheme would be unconstitutional, as this scheme is violative of Defendant's due process and equal protection guarantees under the United States and Texas Constitutions, because no legitimate state interest supports said statute, and, furthermore, no rational relationship exists between a legitimate state interest and the promotion of the Texas joint and several liability scheme. Additionally, the Texas system of assessing joint and several liability violates Defendant's equal protection guarantees because it operates to create arbitrary classifications of individuals, and to treat similarly situated individuals dissimilarly under the law. The joint and several liability scheme is also unconstitutionally void for vagueness under the United States and Texas Constitutions and should not be applied in this action.

27.    Plaintiffs' claims are barred under the Restatement (Third) of Torts: Products Liability § 4 *et seq.*

28.    Plaintiffs' claims are barred under the Restatement (Second) of Torts: Products Liability § 402A, comments J and K.

29.    Plaintiffs' claims are barred by their failure to mitigate damages.

30.    In the unlikely event that Defendant is found liable to the Plaintiffs, Defendant affirmatively pleads that it is entitled to a credit or offset for any and all sums that the Plaintiffs have received or may hereafter receive by way of any and all settlements arising from Plaintiffs' claims and causes of action.

Defendant alternatively asserts its right to a proportionate reduction of any damages based upon the percentage of negligence attributable to any settling tortfeasor under Texas law. TEX. CIV. PRAC. & REM. CODE §§33.014-15.

31.     In the unlikely event that Defendant is found liable to the Plaintiffs, and only in that event, Defendant affirmatively pleads that it is entitled to contribution from other defendants and third parties in accordance with Texas Civil Practices and Remedies Code §§33.15-16. Defendant also states that its is entitled to common law indemnity against such other defendants or third parties in accordance with the principles established by the Texas Supreme Court in *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 819-20 (Tex. 1984).

32.     Plaintiffs' claims are barred by Section 6(c) and (d) of the Restatement (Third) of Torts: Products Liability. Reasonable physicians knowing of the reasonably foreseeable risks and therapeutic benefits associated with Rezulin® would have prescribed and did prescribe Rezulin® for classes of patients. In addition, Warner-Lambert provided reasonable instructions or warnings to prescribing physicians.

33.     Plaintiffs' complaint is equitably barred because of the Plaintiffs' failure to join all indispensable parties precludes the Court from granting complete relief to those who are parties to the action and will result in prejudice to Defendant.

34.     Notwithstanding the claims and contentions in the petition, Plaintiffs received all or substantially all of the benefit from Rezulin® that the Plaintiffs hoped and intended that they would receive,

and to that extent any damages and/or restitution that the Plaintiffs might be entitled to recover from Defendant must be correspondingly reduced.

35.    Plaintiffs' claims are barred by the lost chance doctrine.

36.    The acts or omissions of a separate and independent agency, not reasonably foreseeable, destroyed the causal connection, if any, between the alleged acts or omissions of Defendant and the Plaintiffs' alleged injuries.

36.    The statutory caps upon punitive damages contained in Tex. Civ. Prac. & Rem. Code § 41.008 apply to all punitive damages sought in this case.

37.    Defendant alleges that Plaintiffs' damages and injuries alleged in their petition were solely caused by the act or omission of a person or entity not a party to this suit.

38.    Defendant alleges that Plaintiffs' alleged injuries and damages are the result of Plaintiffs' pre-existing medical conditions and/or disease.

39.    Defendant asserts that it is not vicariously liable under the doctrine of *respondeat superior* for exemplary damages allegedly arising from the conduct of its employees, agents, and/or servants.

## III.

### Amendment and/or Supplementation

Sankyo P-D reserves the right to amend and/or supplement this answer.

WHEREFORE, Defendant Sankyo Parke-Davis prays that the Plaintiffs take nothing by their suit, that Defendant recover its costs expended, and that Defendant have such other and further relief to which it is justly entitled.

Respectfully submitted,

BEIRNE, MAYNARD & PARSONS, L.L.P.

By: _____

JACK E. URQUHART    *by permission R Peart[?]*

State Bar No. 20415600

1300 Post Oak Blvd., Suite 2500

Houston, Texas 77056-3000

Telephone: (713) 623-0887

Facsimile: (713) 960-1527

**DAVID C. GARZA**

State Bar No. 07731400

GARZA & GARZA, L.L.P.

680 East St. Charles, Suite 300

Brownsville, TX 78522

Telephone: (956) 541-4914

Facsimile: (956) 542-7403

**ATTORNEYS FOR DEFENDANT
SANKYO PARKE-DAVIS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record, via certified mail, return receipt requested, in accordance with the Texas Rules of Civil Procedure, on this __1st__ day of August, 2003.

Michael T. Gallagher, Esq.
John H. Kim, Esq.
Gallagher, Lewis, Downey & Kim
700 Louisiana Street, 40th Floor
Houston, Texas 77002

MARIA JORIK COURTOIS

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

IRMA DELEON and,                           §
ROSEMARY LARA,                             §
        Plaintiffs,            §
                                        §        Civil Action No. **B-03-138**
vs.                                         §
                                        §        **(Removed from the**
                                        §        138th **Judicial District Court**
PARKE-DAVIS, A DIVISION OF THE             §        **of Willacy County)**
WARNER-LAMBERT COMPANY;                     §
WARNER-LAMBERTCOMPANY;                      §
PFIZER, INC.; SANKYO PHARMA,               §
INC.; SANKYO PARKE-DAVIS;                  §        **Jury Demanded**
ALBERT SMITH, M.D. and                     §
JOHN W. KRISTENSEN, M.D.                    §
        Defendants.            §

## EXHIBIT G

## ALL ORDERS SIGNED BY THE STATE JUDGE

No orders signed by the state judge were on file.

# CIVIL DOCKET

CASE NO. ___03-159___

| NUMBER OF CASE | NAMES OF PARTIES | ATTORNEYS | | Kind of Action and Party Demanding Jury | DATE OF FILING | | |
|---|---|---|---|---|---|---|---|
| | | | | | Mo. | Day | Year |
| 03-159 | Irma De Leon & Rosemary Lara | Gallagher, Lewis, Downey & Kim | | | 05 | 29 | 03 |
| | | 700 Louisiana, 40th Floor | | | Jury Fee. | | |
| **FEE BOOK** | vs. | Houston, TX. 77002 | | | Paid by | | |
| Vol. | Page | | | | | | |
| | | Warner Lambert, et al; | Dft. | | Jury No. | | |
| | | Willacy County Texas | | | | | |

| DATE OF ORDERS | | | Was Stenographer Used? | ORDERS OF COURT | MINUTE BOOK | | PROCESS |
|---|---|---|---|---|---|---|---|
| Month | Day | Year | | | Vol. | Page | |
| | | | | | | | Plaintiffs Original Petition filed 5-29-03 |
| | | | | | | | Citations Issued 7/03/03 |
| | | | | | | | John Kristenson Serv 07-08-03 filed 07/09/03 |
| | | | | | | | Albert Smith Serv.07/08/03 filed 07/09/03 |
| | | | | | | | Pfizer, Inc. Serv   filed |
| | | | | | | | Sankyo Pharma, Inc Serv.   fil |
| | | | | | | | Warner-Lambert CompanyServ. filed |
| | | | | | | | Park Davis   Served   filed |
| | | | | | | | Defendant Albert Smith,M.D.'s Special Exceptions and Original Answer Filed 07/16/03 |
| | | | | | | | Defendant John W. Kristensen, M.D's Special Exceptions and Original Answer, Filed 07/16/03 |
| | | | | | | | Defendant Sankyo Pharma INC's Original Answer Filed 8/4/03 |
| | | | | | | | Original Answer of Warner-Lambert Company LLC Filed 8/4/03 |
| | | | | | | | Original Answer of Pfizer Inc. Filed 8/4/03 |
| | | | | | | | Original Answer of Sankyo Parke-Davis Filed 8/4/03 |
| | | | | | | | |
| | | | | | | | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

IRMA DELEON and,       §
ROSEMARY LARA,       §
      **Plaintiffs,**       §
      §
vs.       §
      §
      §
PARKE-DAVIS, A DIVISION OF THE       §
WARNER-LAMBERT COMPANY;       §
WARNER-LAMBERTCOMPANY;       §
PFIZER, INC.; SANKYO PHARMA,       §
INC.; SANKYO PARKE-DAVIS;       §
ALBERT SMITH, M.D. and       §
JOHN W. KRISTENSEN, M.D.       §
      **Defendants.**       §

Civil Action No. **B-03-138**

(Removed from the
138th Judicial District Court
of Willacy County)

Jury Demanded

## EXHIBIT I

## INDEX OF MATTERS BEING FILED

*Louis v. Wyeth-Ayerst Pharmaceuticals,* No. 5:00CV102LN
    (W.D.Miss. Sept. 25, 2000) ........................................ Exhibit A

State Court Notification ................................................ Exhibit B

Consent to Removal of Sankyo Pharma Inc. ................................. Exhibit C

Consent to Removal of Sankyo Parke-Davis ................................. Exhibit D

All Executed Process on File ............................................. Exhibit E

All Pleadings Asserting Causes of Action and
    All Answers to Such Pleadings ....................................... Exhibit F

All Orders Signed by the State Judge ..................................... Exhibit G

State Court Docket Sheet ................................................ Exhibit H

Index of Matters Being Filed ............................................ Exhibit I

List of All Counsel of Record ........................................... Exhibit J

Order Establishing the Judicial Panel on Multi-District Litigation (MDL 1348) ...... Exhibit K

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IRMA DELEON and, | § | |
| ROSEMARY LARA, | § | |
|       Plaintiffs, | § | |
| | § | |
| vs. | § | Civil Action No. **B-03-138** |
| | § | |
| | § | (Removed from the |
| PARKE-DAVIS, A DIVISION OF THE | § | 138th Judicial District Court |
| WARNER-LAMBERT COMPANY; | § | of Willacy County) |
| WARNER-LAMBERTCOMPANY; | § | |
| PFIZER, INC.; SANKYO PHARMA, | § | |
| INC.; SANKYO PARKE-DAVIS; | § | Jury Demanded |
| ALBERT SMITH, M.D. and | § | |
| JOHN W. KRISTENSEN, M.D. | § | |
|       Defendants. | § | |

## EXHIBIT J

### LIST OF ALL COUNSEL OF RECORD

1.    **Counsel for Plaintiffs Irma DeLeon and Rosemary Lara:**

      Michael T. Gallagher, Esq.
      State Bar No. 07586000
      John H. Kim, Esq.
      State Bar No. 00784393
      GALLAGHER, LEWIS, DOWNEY & KIM
      700 Louisiana Street, 40th Floor
      Houston, TX 77002
      Telephone: (713) 222-8080
      Facsimile: (713) 222-0066

2.    **Counsel for Defendants Warner-Lambert Company LLC, on its own behalf and on behalf of its unincorporated Parke-Davis division, Pfizer Inc. and Sankyo Parke-Davis:**

Jack E. Urquhart
Federal I.D. No. 2082
State Bar No 20415600
BEIRNE, MAYNARD & PARSONS, L.L.P.
1300 Post Oak Blvd., Suite 2400
Houston, TX 77056
Telephone (713) 623-0887
Facsimile (713) 960-1527

David C. Garza
Federal I.D. No. 3778
State Bar No. 07731400
GARZA & GARZA, L.L.P.
680 East St. Charles, Suite 300
Brownsville, TX 78522
Telephone  (956) 541-4914
Facsimile  (956) 542-7403

3.    **Counsel for Defendant Sankyo Pharma Inc.:**

Darrell L. Barger
Federal I.D. No. 646
State Bar No. 01733800
Ann Hennis
Federal I.D. No. 5911
State Bar No. 09473550
Kristina Fernandez
Federal I.D. No. 23651
State Bar No. 24010021
HARTLINE, DACUS, BARGER, DREYER & KERN, L.L.P.
800 North Shoreline Boulevard, Suite 200--North Tower
Corpus Christi, TX 78401
Telephone (361) 866-8000
Facsimile (361) 866-8039

4.    **Counsel for Defendants Albert Smith, M.D. and John W. Kristensen, M.D.:**

Philipa M. Remington, Esq.
State Bar No. 16766100
Russell G. Thornton, Esq.
State Bar No. 19982850
Thomas P. Sullivan, Esq.

State Bar No. 19497500
STINNETT THIEBAUD & REMINGTON, L.L.P.
4800 Fountain Place
1445 Ross Avenue
Dallas, Texas 75202
Telephone (214) 954-2200
Facsimile (214) 754-0999

JUDICIAL PANEL
MULTIDISTRIC
LITIGATIO

JUN -9  2.0

FILED
CLERK'S OFFI

## DOCKET NO. 1348

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE REZULIN PRODUCTS LIABILITY LITIGATION

## BEFORE JOHN F. NANGLE, CHAIRMAN, WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER, JOHN F. GRADY, BAREFOOT SANDERS, LOUIS C. BECHTLE AND JOHN F. KEENAN, JUDGES OF THE PANEL

## TRANSFER ORDER

This litigation presently consists of nineteen actions pending in the following federal districts: six actions in the Central District of California; two actions in the Southern District of Ohio; and one action each in the Northern District of Alabama, District of the District of Columbia, Northern District of Iowa, Southern District of Iowa, Eastern District of Louisiana, District of Massachusetts, District of New Jersey, Northern District of Ohio, Eastern District of Pennsylvania, Western District of Pennsylvania, and District of South Carolina.[1] Before the Panel are the following two motions: plaintiff in a Central California action seeks centralization of actions in this litigation, pursuant to 28 U.S.C. §1407, in either that district or the Southern District of Ohio; and plaintiffs in the Northern District of Ohio and Northern District of Alabama actions seek centralization in either of those two districts. Most responding plaintiffs support centralization, although they disagree regarding the most appropriate transferee district for this litigation. Defendant Warner-Lambert & Co. (Warner-Lambert) and plaintiffs in three tag-along actions oppose Section 1407 centralization. If the Panel deems centralization appropriate, Warner-Lambert suggests the Eastern District of Michigan as transferee district. In addition to these five suggested transferee

---

[1] Five of the Central California actions, one of the Southern District of Ohio actions, and the District of Columbia, Northern District of Iowa, Southern District of Iowa, Eastern District of Louisiana, District of Massachusetts, Eastern District of Pennsylvania, Western District of Pennsylvania and District of South Carolina actions were not included in the Section 1407 motions in this docket, but are now included in our transfer order, because all parties to these actions have stated in writing their respective positions and had the opportunity to present oral argument at the Panel's May 19, 2000, hearing in this matter.

The Panel has also been notified that 29 additional potentially related actions are pending as follows: nine actions in the Southern District of Mississippi; four actions in the District of New Jersey; two actions each in the Northern District of Alabama and Central District of California; and one action each in the District of Idaho, District of Kansas, Middle District of Louisiana, District of Massachusetts, Eastern District of Michigan, Western District of Missouri, Northern District of Mississippi, Eastern District of New York, Southern District of New York, Northern District of Ohio, District of Puerto Rico, and Northern District of Texas. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 181 F.R.D. 1, 10-11 (1998).

- 2 -

districts, seven others have been proposed by various plaintiffs, usually in the district where each plaintiff filed an action.

On the basis of the papers filed and the hearing held, the Panel finds that the actions in this litigation involve common questions of fact and that centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Common factual questions arise because all actions focus on alleged adverse effects of Rezulin, a drug used to treat type 2 diabetes, and the conduct of defendant Warner-Lambert (and its subsidiary Parke-Davis Corp.) concerning Rezulin's manufacture, testing and marketing. Earlier this year, Warner-Lambert withdrew Rezulin from the market because the Food and Drug Administration concluded that Rezulin posed too high a risk of severe liver toxicity. In addition, many of the actions are brought on behalf of purported nationwide classes of Rezulin users. Centralization under Section 1407 is thus necessary in order to avoid duplication of discovery, prevent inconsistent or repetitive pretrial rulings (such as those regarding class certification), and conserve the resources of the parties, their counsel and the judiciary.

Warner-Lambert acknowledged during oral argument before the Panel that Section 1407 coordination would produce efficiencies. Nevertheless, Warner-Lambert worries about the potential filing of relatively weak claims. We commend Warner-Lambert's acknowledgment of the practical benefits of Section 1407 transfer. We are confident, however, that the transferee judge can streamline the entire pretrial proceedings, while concomitantly directing the appropriate resolution of all claims.

Opponents of transfer argue that the presence of individual questions of fact militate against 1407 transfer. We are unpersuaded by this argument. Indeed, we point out that transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: 1) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues, *In re Multi-Piece Rim Products Liability Litigation*, 464 F.Supp. 969, 974 (J.P.M.L. 1979); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. It may be, on further refinement of the issues and close scrutiny by the transferee judge, that some claims or actions can be remanded to their transferor districts for trial in advance of the other actions in the transferee district. But we are unwilling, on the basis of the record before us, to make such a determination at this time. Should the transferee judge deem remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 181 F.R.D. 1, 11-13 (1998).

Given the geographic dispersal of constituent actions and potential tag-along actions, no district stands out as the geographic focal point for this nationwide docket. Thus we have searched for a transferee judge with the time and experience to steer this complex litigation on prudent course. By centralizing this litigation in the Southern District of New York before Judge Kevin Thomas Duffy, an experienced transferee judge for multidistrict litigation, we are assigning this litigation to a seasoned jurist with a low caseload.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the

JUN-09-2000   12:2                 WDS                                          P.04

- 3 -

attached Schedule A be, and the same hereby are, transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Kevin Thomas Duffy for coordinated or consolidated pretrial proceedings.

FOR THE PANEL:

John F. Nangle
Chairman

P..
JUDICIAL
MULTIDISTRIC
LITIGATIO

JUN -9

FILED
CLERK'S OFFI

*DOCKET NO. 1348*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE REZULIN PRODUCTS LIABILITY LITIGATION*

*BEFORE JOHN F. NANGLE, CHAIRMAN, WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER, JOHN F. GRADY, BAREFOOT SANDERS, LOUIS C. BECHTLE AND JOHN F. KEENAN, JUDGES OF THE PANEL*

*TRANSFER ORDER*

This litigation presently consists of nineteen actions pending in the following federal districts: six actions in the Central District of California; two actions in the Southern District of Ohio; and one action each in the Northern District of Alabama, District of the District of Columbia, Northern District of Iowa, Southern District of Iowa, Eastern District of Louisiana, District of Massachusetts, District of New Jersey, Northern District of Ohio, Eastern District of Pennsylvania, Western District of Pennsylvania, and District of South Carolina.[1]  Before the Panel are the following two motions: plaintiff in a Central California action seeks centralization of actions in this litigation, pursuant to 28 U.S.C. §1407, in either that district or the Southern District of Ohio; and plaintiffs in the Northern District of Ohio and Northern District of Alabama actions seek centralization in either of those two districts. Most responding plaintiffs support centralization, although they disagree regarding the most appropriate transferee district for this litigation. Defendant Warner-Lambert & Co. (Warner-Lambert) and plaintiffs in three tag-along actions oppose Section 1407 centralization. If the Panel deems centralization appropriate, Warner-Lambert suggests the Eastern District of Michigan as transferee district. In addition to these five suggested transferee

---

[1] Five of the Central California actions, one of the Southern District of Ohio actions, and the District of Columbia, Northern District of Iowa, Southern District of Iowa, Eastern District of Louisiana, District of Massachusetts, Eastern District of Pennsylvania, Western District of Pennsylvania and District of South Carolina actions were not included in the Section 1407 motions in this docket, but are now included in our transfer order, because all parties to these actions have stated in writing their respective positions and had the opportunity to present oral argument at the Panel's May 19, 2000, hearing in this matter.

The Panel has also been notified that 29 additional potentially related actions are pending as follows: nine actions in the Southern District of Mississippi; four actions in the District of New Jersey; two actions each in the Northern District of Alabama and Central District of California; and one action each in the District of Idaho, District of Kansas, Middle District of Louisiana, District of Massachusetts, Eastern District of Michigan, Western District of Missouri, Northern District of Mississippi, Eastern District of New York, Southern District of New York, Northern District of Ohio, District of Puerto Rico, and Northern District of Texas. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 181 F.R.D. 1, 10-11 (1998).

- 2 -

districts, seven others have been proposed by various plaintiffs, usually in the district where each plaintiff filed an action.

On the basis of the papers filed and the hearing held, the Panel finds that the actions in this litigation involve common questions of fact and that centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Common factual questions arise because all actions focus on alleged adverse effects of Rezulin, a drug used to treat type 2 diabetes, and the conduct of defendant Warner-Lambert (and its subsidiary Parke-Davis Corp.) concerning Rezulin's manufacture, testing and marketing. Earlier this year, Warner-Lambert withdrew Rezulin from the market because the Food and Drug Administration concluded that Rezulin posed too high a risk of severe liver toxicity. In addition, many of the actions are brought on behalf of purported nationwide classes of Rezulin users. Centralization under Section 1407 is thus necessary in order to avoid duplication of discovery, prevent inconsistent or repetitive pretrial rulings (such as those regarding class certification), and conserve the resources of the parties, their counsel and the judiciary.

Warner-Lambert acknowledged during oral argument before the Panel that Section 1407 coordination would produce efficiencies. Nevertheless, Warner-Lambert worries about the potential filing of relatively weak claims. We commend Warner-Lambert's acknowledgment of the practical benefits of Section 1407 transfer. We are confident, however, that the transferee judge can streamline the entire pretrial proceedings, while concomitantly directing the appropriate resolution of all claims.

Opponents of transfer argue that the presence of individual questions of fact militate against 1407 transfer. We are unpersuaded by this argument. Indeed, we point out that transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that:  1) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues, *In re Multi-Piece Rim Products Liability Litigation*, 464 F.Supp. 969, 974 (J.P.M.L. 1979); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. It may be, on further refinement of the issues and close scrutiny by the transferee judge, that some claims or actions can be remanded to their transferor districts for trial in advance of the other actions in the transferee district. But we are unwilling, on the basis of the record before us, to make such a determination at this time. Should the transferee judge deem remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 181 F.R.D. 1, 11-13 (1998).

Given the geographic dispersal of constituent actions and potential tag-along actions, no district stands out as the geographic focal point for this nationwide docket. Thus we have searched for a transferee judge with the time and experience to steer this complex litigation on prudent course. By centralizing this litigation in the Southern District of New York before Judge Kevin Thomas Duffy, an experienced transferee judge for multidistrict litigation, we are assigning this litigation to a seasoned jurist with a low caseload.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the

- 3 -

attached Schedule A be, and the same hereby are, transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Kevin Thomas Duffy for coordinated or consolidated pretrial proceedings.

FOR THE PANEL:

John F. Nangle
Chairman